UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES W. LUCE, <br><br> Plaintiff, <br><br> v. <br><br> ULLICO INC. PENSION PLAN AND TRUST et al. <br> Defendants. | Civil Action No. 1:05-cv-01996(RJL) |

**MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

Defendants the ULLICO Inc. Pension Plan and Trust ("the Qualified Plan"), the ULLICO Inc. Employee Benefit Plan Administration Committee ("the Committee") and Marcellus Ducket, Peter Haley, Joseph L. Linehan, James Paul and Mark E. Singleton in their capacities as members of the Committee ("the Committee Members") have filed a Motion to Dismiss the Amended Complaint in this Action, and submit the following Memorandum of Points and Authorities in support thereof.

**INTRODUCTION AND SUMMARY OF ARGUMENT**

This action should be dismissed in its entirety for two reasons. First, it was filed in direct violation of this Court's Consolidation and Scheduling Order in the actions styled *In re ULLICO Inc. Litigation*, No. 1:03CV01556 (RJL) (the "Consolidated Litigation"), which required the Plaintiff to bring the claims he now brings here in that litigation if at all.[1] Second, since the

---

[1] As the Court is aware, the Consolidated Litigation consists of four separately-filed actions which have been consolidated for the purposes of discovery: (1) *Carabillo v. ULLICO Inc.*, Case No. 1:03cv1556-RJL ("*Carabillo I*"); (2) *Luce v. Union Labor Life Auxiliary Retirement Benefits Plan, et al.*,

(footnote continued on next page)

claims in the instant action are mirror images of counterclaims asserted in the Consolidated Litigation, they should be dismissed under the compulsory counterclaim rule. Moreover, the Amended Complaint must also be dismissed as to the Committee and Committee Members because none of the counts of the Amended Complaint state a claim upon which relief can be granted against those Defendants.

## FACTS

On July 18, 2003, ULLICO's former Chief Legal Officer Joseph Carabillo filed *Carabillo I* in this Court. The *Carabillo I* Complaint contained three counts related to ULLICO's decision to deny Carabillo retirement benefits. *Carabillo I* Compl. ¶¶ 16-23. Count I alleged a violation of ERISA, and Counts II and III were common law claims for breach of contract and wrongful termination. *Id.*

On August 8, 2003, James Luce filed *Luce I* in United States District Court for the Eastern District of Virginia seeking recovery under ERISA of benefits from the Union Labor Life Auxiliary Retirement Benefits Plan (the "Auxiliary Plan") and a Declaratory Judgment regarding Luce's entitlement to future benefits under the Auxiliary Plan. On October 6, 2003, Luce filed an Amended Complaint repeating his original claims regarding the Auxiliary Plan, and adding counts related to the ULLICO Inc. Nonqualified Deferred Compensation Plan. *See Luce I* Am. Compl. ¶¶ 62-101.

On October 17, 2003, ULLICO filed an Answer and Counterclaim in *Carabillo I* which named Carabillo, Luce, ULLICO's former Chairman Robert Georgine, and ULLICO's former

---

(footnote continued from previous page)
Case No. 1:04-cv-00118-RJL ("*Luce I*"); (3) *Carabillo v. ULLICO Inc. Pension Plan and Trust, et al.*, Case No. 1:04-cv-00776-RJL ("*Carabillo II*"); and (4) *ULLICO Inc. v. Luce*, Case No. 1:04-cv-1830-RJL ("*Luce II*"). In keeping with this nomenclature, we will refer to the instant action as "*Luce III*."

Chief Financial Officer John Grelle as Counterclaim Defendants. On November 3, 2003, ULLICO filed an Amended Answer and Counterclaim in *Carabillo I* which sought, among other things, a declaratory judgment that Carabillo, Luce, Georgine and Grelle, acting in their capacity as the ULLICO Inc. Benefits Committee, lacked authority to amend the Qualified Plan, and, that, consequently, an amendment to the Qualified Plan adopted by the Benefits Committee on October 20, 1999 purportedly changing the definition of "compensation" to include incentive pay (and thereby significantly increasing the benefit amounts otherwise payable to the former officers) was void and unenforceable by the former officers and constituted a breach of their fiduciary duties to ULLICO Inc. *See Carabillo I* Am. Answer and Countercl. ¶¶ 68-71, 122-29.

Also on November 3, 2003, ULLICO filed its Answer and Counterclaim in *Luce I* which again asserted that the Benefits Committee lacked authority to adopt the October 20, 1999 amendment purportedly changing the definition of "compensation," that the amendment was adopted by the Benefits Committee in breach of Luce's fiduciary duties to ULLICO Inc., and that, as a result, Luce was not entitled to receive any benefits from the Auxiliary Plan based on the amendment. *See Luce I* Answer & Countercl. at 2, 15 ¶¶ 10-21.

On January 9, 2004, Judge Ellis of the United States District Court for the Eastern District of Virginia entered an order transferring *Luce I* to this Court.

On May 13, 2004, Carabillo filed *Carabillo II* in this Court. The *Carabillo II* Complaint asserted ERISA claims for, *inter alia*, benefits under the Qualified and Auxiliary Plans.

On July 26, 2004, ULLICO filed its Answer and Counterclaim in *Carabillo II*. The *Carabillo II* Counterclaim named Carabillo, Georgine, Grelle and Luce as Counterclaim Defendants, and made claims that are mirror images of the claims in this case. Specifically, Count I of the *Carabillo II* Counterclaim sought, among other things, a judicial declaration that

3

the July 24, 2001 amendment to the Qualified Plan that is at issue in this action was "invalid as to counterclaim defendants and that counterclaim defendants are not entitled to receive benefits thereunder" because "counterclaim defendants engaged in a settlor function without authority and breached their fiduciary duties to the Qualified Plan by purporting to enact the Amendment contrary to the terms of the Qualified Plan." *Carabillo II* Answer & Countercl. ¶¶ 19, 30.

On January 14, 2005, ULLICO notified Luce that on a going-forward basis, his benefits under the Qualified Plan would be paid without regard to the 2.5% amendment. *Luce III* Am. Compl. ¶ 55. On February 1, 2005, Luce appealed that decision to the Committee. *Id.* ¶ 57. On May 20, 2005, the Committee denied Luce's appeal. *Id.* ¶ 65.

On June 3, 2005, this Court entered its Consolidation and Scheduling Order which directed Luce and the other former officers to file consolidated pleadings asserting "all claims within the scope of the *Carabillo I*, *Luce I* and *Carabillo II* actions they intend to pursue, including any claims they intend to pursue that have been asserted in the original and amended complaints and claims they have or would assert in reply to the original and amended counterclaims already filed in those actions." Consolidation and Scheduling Order at 3.

On June 23, 2005, pursuant to the Consolidation and Scheduling Order, Luce, Grelle, Georgine and Carabillo filed a Consolidated Complaint consisting of ERISA claims asserted by ULLICO's former officers, but did not include the claims Luce asserts here.

On July 13, 2005, also pursuant to the Consolidation and Scheduling Order, ULLICO filed a Consolidated Answer and Counterclaim where it again sought, *inter alia*, a judicial declaration the October 20, 1999 amendment purporting to change the definition of compensation and the July 24, 2001 amendment increasing the pension formula percentage factor for years of benefit service from 2% to 2.5% were invalid because the Benefits Committee

4

lacked the authority to amend the Qualified Plan and its members breached their fiduciary duties in doing so, and that Luce and the other former officers were not entitled to receive benefits from either the Qualified Plan or the Auxiliary Plan as a consequence of the two amendments. *See* Consolidated Answer & Countercl. ¶¶ 70-74, 95-110, 133-142.

On July 21, 2005, Luce filed this action in the Eastern District of Virginia seeking the benefit of the July 24, 2001 amendment increasing the pension formula percentage factor for years of benefit service from 2% to 2.5%. This action is the mirror image of Count I of ULLICO's Counterclaim in *Carabillo II* as well as Count I of ULLICO's Consolidated Answer and Counterclaim. Specifically, Luce asserted that the Benefits Committee possessed the authority to amend the plan, and that the amendment was therefore validly adopted. *See Luce III* Am. Compl. ¶¶ 158-160.

On September 23, 2005, Judge Hilton of the United States District Court for the Eastern District of Virginia transferred this action to this Court.

On October 13, 2005, Luce filed an Amended Complaint in this Court. The Amended Complaint is substantially similar to Luce's original Complaint except that it adds the individual Committee members as Defendants. Luce initially attempted to serve summons on each individual Committee Member, but eventually agreed to allow undersigned counsel to accept service on their behalf.

## **ARGUMENT**

Luce's Amended Complaint should be dismissed in its entirety for two reasons. First, it contravenes the prior order of this Court requiring Luce to assert the claims brought in this action in the Consolidated Litigation. Second, this action should be dismissed because it is a compulsory counterclaim to ULLICO's Consolidated Counterclaim in the Consolidated

5

Litigation. Alternatively, the Amended Complaint should be dismissed as to the Committee and individual Committee Members because it fails to state a claim upon which relief can be granted against those Defendants.

## I. THE AMENDED COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY

### A. *Luce III* Was Filed in Violation of the Consolidation and Scheduling Order

This Court's Consolidation and Scheduling Order required the former officers, including Luce, to file a consolidated complaint asserting "all claims within the scope of the *Carabillo I, Luce I* and *Carabillo II* actions they intend to pursue, including any claims they intend to pursue that have been asserted in the original and amended complaints and claims they have or would assert in reply to the original and amended counterclaims already filed in those actions." The claims alleged in this action are clearly "within the scope of the *Carabillo I, Luce I* and *Carabillo II* actions." The authority of the Benefits Committee to amend the Qualified Plan is at issue in all three actions, and the validity of the July 24, 2001 2.5% Amendment was expressly challenged by ULLICO in the *Carabillo II* Counterclaim. *See Carabillo I* Am. Answer & Countercl. ¶¶ 68-71, 122-29; *Luce I* Answer & Countercl. at 2, 15 ¶¶ 10-21; *Carabillo II* Answer & Countercl. ¶¶ 19, 30. Indeed, in a telling admission, Luce himself already has propounded discovery in the Consolidated Litigation on the issues of whether the Benefits Committee possessed authority to amend the plan, whether the October 20, 1999 and July 24, 2001 amendments were validly adopted, and whether Luce's benefits appeal was properly denied. *See* Exhibit 1 hereto at Request Nos. 7, 24-26, 29-30.

Since this Court's prior order clearly encompasses the claims Luce has plead here based on the July 24, 2001 Amendment, Luce should have asserted such claims, if at all, in the Consolidated Complaint. In filing this action instead of doing so, Luce initiated a thoroughly

6

duplicative proceeding in direct violation of this Court's order. Accordingly, this lawsuit should be dismissed. *Butler v. Donovan*, 103 F.R.D. 456, 457 (D.D.C. 1984) (dismissal of action appropriate to prevent Plaintiff from profiting from failure to comply with Court orders and as deterrent to disregard of rules of court) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-66) (1980) and *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976)).

### B. *Luce III* Should Also Be Dismissed Because Luce's Claims Are Compulsory Counterclaims to ULLICO's Consolidated Counterclaim

Under Federal Rule of Civil Procedure 13(a), this action is also a compulsory counterclaim to ULLICO's Consolidated Answer and Counterclaim, and therefore should be dismissed. *AT&T Corp. v. American Cash Card Corp.*, 184 F.R.D. 515, 520 (S.D.N.Y. 1999) (court dismissed claims because claims should have been asserted as compulsory counterclaim in earlier-filed action in same court). Rule 13(a) requires a party to assert "as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. . . ." "The term transaction" in Rule 13(a) should be "construed generously to avoid the unnecessary expense inherent in multiplicious litigation." *Columbia Plaza Corp. v. Security Nat'l Bank*, 525 F.2d 620, 625 (D.C. Cir. 1975). In the D.C. Circuit, the test for determining whether a counterclaim is compulsory requires an assessment of the "degree of 'logical relationship' between the two actions." *Id. See also American Cash Card*, 184 F.R.D. at 519 (applying substantially similar test).

The issues of fact and law in this action and ULLICO's Consolidated Answer and Counterclaim are mirror images of one another. In its Counterclaims, ULLICO seeks a declaration that the Benefits Committee lacked the authority to amend the pension plans, that the

7

former officers breached their fiduciary duties in doing so, and that, therefore, the 2.5% amendment implicated in this case is void as to the former officers. Both Counts II and III of the instant action would require the Court to hold that somehow the ULLICO pension plans came to be validly amended, which does not raise any issues of fact or law that are not raised in ULLICO's Consolidated Counterclaims. Indeed, Luce has previously recognized that *Luce III* bears a "logical relationship" to the Consolidated Counterclaim "because both address the validity and consequences of invalidity of the 2.5% contribution rate amendment." *Mem. of Points and Authorities of James W. Luce in Opposition to the Defendants' Motion to Dismiss* at 27 n.4. Accordingly, because there is a "'logical relationship' between the two actions," *Columbia Plaza Corp.*, 525 F.2d at 625, this action should be dismissed as a compulsory counterclaim to ULLICO's Consolidated Answer and Counterclaim, *American Cash Card*, 184 F.R.D. at 520.

## II. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST THE COMMITTEE AND COMMITTEE MEMBERS

### A. Count I Fails to State a Claim Against the Committee or Its Members

Count I asserts a claim for "Denial of Right to Review Pertinent and Relevant Documents and Information" under ERISA § 503(a)(2), *Luce III* Am. Compl. ¶ 154, and seeks an award against the Committee and Committee Members of a $100 per day penalty under ERISA § 502(c)(1)(B), *id.* Prayer for Relief ¶ C. However, Courts have uniformly held that § 502(c) penalties do not apply to information required to be disclosed under § 503 because § 503 imposes duties on the plan, not the plan administrator. *Groves v. Modified Retirement Plan for Hourly Paid Employees of Johns Manville Corp. and Subsidiaries*, 803 F.2d 109, 116 (3d Cir. 1986); *Stuhlreyer v. Armco, Inc.*, 12 F.3d 75, 79 (6th Cir. 1993); *Dade v. Sherwin-Williams Co.*,

128 F.3d 1135, 1142-34 (7th Cir. 1997); *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 405-07 (7th Cir. 1996).

On its face, ERISA § 503 imposes requirements on plans, not plan administrators:

> In accordance with regulations of the Secretary, every employee benefit *plan* shall--
>
> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

ERISA § 503, 29 U.S.C. § 1133 (2005) (emphasis added). The regulation recited by Luce in Count I similarly establishes requirements for the "claims procedures of a *plan*." *See* 29 C.F.R. § 2560.503-1(h)(2) (emphasis added).

On the other hand, § 502(c) refers to the duties of plan administrators, rather than the benefit plan itself:

> Any *administrator* . . . who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) . . . may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal.

ERISA § 502(c); 29 U.S.C. § 1132(c) (emphasis added).

Thus, since § 502(c) "imposes fines against an *administrator*," it "cannot be used to redress a violation of section [503], which imposes a duty on the *plan*." *Dade*, 128 F.3d at 1143 (emphasis added). For that reason, § 502 also does not authorize sanctioning a plan administrator for violating regulations implementing § 503. *Groves*, 803 F.2d at 118. *See also*

9

*Anderson v. Sotheby's Inc. Severance Plan*, No. 04 Civ. 8180, 2005 U.S. Dist. LEXIS 10647, *8-*9 (S.D.N.Y. May 31, 2005). Accordingly, Count I should be dismissed for failure to state a claim against the Committee or the Committee Members.

### B. Counts II and III Fail to State a Claim Against the Committee or Its Members

Counts II and III assert claims for "Denial of Claim for Benefits" and "Violation of ERISA § 204(g), 29 U.S.C. § 1054(g) – Anti-Cutback Rule." *Luce III* Am. Compl. ¶¶ 157-166. No relief is specifically sought against the Committee or Committee Members for these Counts. *See id.* Prayer for Relief ¶¶ A-E.

Although not specified in the Amended Complaint, Counts II and III seek relief under ERISA § 502(a)(1)(B), which, in relevant part, provides:

> A civil action may be brought --
>
> (1) by a participant or beneficiary --
>
> * * *
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]

ERISA § 502(a)(1)(B); 29 U.S.C. § 1132(a)(1)(B). Although there do not appear to be any cases on point in this circuit, several courts outside this circuit have held that plan administrators such as the Committee and Committee Members are not proper defendants to a claim for monetary benefits because such a claim can be pursued only against a Plan as an entity. *See Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir. 1993); *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997); *Jass v. Prudential Health Care Plan*, 88 F.3d 1482, 1490 (7th Cir. 1996); *Gibson v. Prudential Ins. Co. of Am.*, 915 F.2d 414, 417 (9th Cir. 1990); *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323 (9th Cir. 1985). These courts have reached the conclusion that only a plan is a proper defendant to a § 502(a)(1)(B) claim by reading § 502(a)(1)(B), which

allows "a civil action . . . to recover benefits due . . . under the terms of the plan," in conjunction with § 502(d), which provides that "[a]ny money judgment under this title against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this title," ERISA § 502(d)(2); 29 U.S.C. § 1132(d)(2). Accordingly, since the relief Luce seeks here under § 502(a)(1)(B), *i.e.*, an "award of benefits due under the terms of the plan" is "enforceable only against the plan as an entity" under § 502(d)(2), Counts II and III should be dismissed for failure to state a claim against the Committee and Committee Members.

Moreover, even if the Court were not inclined to rule that a plan is the only proper defendant to a claim under § 502(a)(1)(B), Counts II and III should still be dismissed as against the Committee and Committee Members, because "even if a claim for denial of benefits could also be brought against [the Committee and Committee Members], the [Plan's] presence in the case is sufficient for plaintiffs to obtain all possible relief." *Bahnaman v. Lucent Techs., Inc.*, 219 F. Supp. 2d 921, 923 (N.D. Ill. 2002) (dismissing claims against parties other than the plan). *See also Fortman v. Avon Products, Inc.*, No. 97 C 5286, 1999 U.S. Dist. LEXIS 3451, *11 (N.D. Ill. Mar. 3, 1999) (granting summary judgment with respect to employer because plan remained in suit); *Rivera v. Network Health Plan of Wisconsin*, 320 F. Supp. 2d 795, 800 (E.D. Wis. 2004) (when plan is already defendant, claims against other defendants are "render[ed] superfluous") (quoting *Penrose v. Hartford Life Accident Ins. Co.*, No. 02 C 2541, 2003 U.S. Dist. LEXIS 13497, *9-*11 (N.D. Ill. Aug. 4, 2003) (explaining cases)). Accordingly, Counts II and III should be dismissed as to the Committee and Committee Members for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the Amended Complaint should be granted.

Dated: November 3, 2005

                                       MILLER & CHEVALIER CHARTERED

                                       /s/
                              James A. Bensfield (DC Bar #189-084)
                              Anthony J. Trenga (DC Bar #218255)
                              Mark J. Rochon (DC Bar #376042)
                              Brian A. Hill (DC Bar #456086)
                              Matthew T. Reinhard (DC Bar #474941)
                              MILLER & CHEVALIER, CHARTERED
                              655 Fifteenth Street, N.W., Suite 900
                              Washington, DC  20005-5701
                              Telephone: (202) 626-5800
                              Facsimile: (202) 628-0858
                              Email:  atrenga@milchev.com
                              Attorneys for the Defendants