

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 30 2004
Clerk, U.S. District Court
District of Columbia

| | |
|---|---|
| JOSEPH A. CARABILLO, ) | |
| Plaintiff, ) | |
| v. ) | Civ. No. 03-1556 (RJL) |
| ULLICO, INC., ) | |
| Defendant. ) | |
| ULLICO INC., et al., ) | |
| Counterclaim Plaintiffs, ) | |
| v. ) | |
| JOSEPH A. CARABILLO, et al., ) | |
| Counterclaim Defendants. ) | |

### MEMORANDUM ORDER AND OPINION
(September 30, 2004) [#35, 36]

Before the Court is the motion to dismiss of counterclaim defendant James W. Luce ("Luce"), the former Executive Vice President of the defendant / counterclaim plaintiff corporation, ULLICO. Luce moves to dismiss the counterclaims asserted against him by ULLICO (Counts IV, VI, and VII of the Amended Answer and Counterclaim). He moves for dismissal of Count IV on the grounds that he was not properly joined in the claim and the Court lacks subject matter jurisdiction because the claim should have been asserted as a compulsory counterclaim in a related action. Luce also moves for dismissal

of Counts VI and VII of ULLICO's Amended Answer and Counterclaims for lack of subject matter jurisdiction. For the following reasons, the Court GRANTS Luce's motion with regard to Count IV, and DENIES the motion with regard to the remaining counterclaims. Count IV is thus dismissed.

## BACKGROUND

The claims in this case relate to retirement benefits offered to ULLICO employees under an "Early Retirement Program." On July 18, 2003, Joseph A. Carabillo ("Carabillo"), the former Chief Legal Officer of ULLICO and the original plaintiff in this action, filed a complaint asserting that ULLICO had wrongfully withheld his retirement benefits and had terminated him for that precise purpose, in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1140, and state common law. Among the retirement benefits to which former employees such as Luce and Carabillo are allegedly entitled are those provided under "the Auxiliary Retirement Benefits Plan" ("Auxiliary Plan"),[1] established on January 1, 1983, and "the Non-qualified Deferred Compensation Plan" ("Deferred Compensation Plan"),[2] established on

---

[1] In its Amended Answer and Counterclaim and other pleadings, ULLICO indicates that the Auxiliary Plan is a "top hat" plan established to provide retirement benefits to its employees and their beneficiaries. Def. Opp. 8-9; Amend. Answer and Counterclaim ¶¶ 68-69 ("Amend. Countercl."). ULLICO alleges that on or about October 20, 1999, the counterclaim defendant officers, who constituted four of the five members of a benefits committee created in 1997, amended this plan to include "regularly established annual incentive compensation with no maximum, effective January 1, 2000." Id. at ¶¶ 68-69.

[2] According to ULLICO, under the Deferred Compensation Plan (also described as a "top hat" plan), the counterclaim defendant officers were allowed to defer up to 25% of their base

2

August 1, 1998. On August 8, 2003, Luce, the former Executive Vice President of ULLICO, filed an action similar to Carabillo's against ULLICO in the United States District Court for the Eastern District of Virginia, asserting violations of ERISA and seeking a declaratory judgment and recovery of benefits wrongfully withheld (hereinafter "the *Luce* action"). The *Luce* action was subsequently transferred to this Court as a related case on January 23, 2004.

On November 3, 2003, ULLICO filed its Amended Answer and Counterclaims in the current action, asserting thirteen counterclaims against Carabillo and six other counterclaim defendants: Luce, John K. Grelle ("Grelle") (former Chief Financial Officer of ULLICO), Robert A. Georgine ("Georgine") (former Chief Executive Officer of ULLICO), Pacific Life Insurance Company, the Robert and Mary Rita Georgine Trust, and its trustee, Ann O'Brien. Many of these claims relate to a series of stock repurchase programs that were allegedly authorized by ULLICO's Executive Committee, of which Carabillo and Georgine were members, from 1998 through 2001 ("Stock Repurchase Programs").[3] Amend. Countercl. ¶¶ 36-49, 50-54. It is ULLICO's contention that as a

---

salary and up to 100% of their bonuses (avoiding current income tax on such amounts). Amend. Countercl. ¶ 63. One of the investment alternatives for plan participants was ULLICO stock, valued each year. Id.

[3] In its Amended Answer and Counterclaim, ULLICO describes in great detail a battery of stock repurchase programs approved by its Executive Committee during the years 1998-2001. *See* Amend. Countercl. ¶ 24 (discussing the "the 1998 and 1999 Stock Offer Programs," "the 1998, 1999, 2000, and 2001 Formal Repurchase Programs," and the "discretionary" repurchase programs in 2000 and 2001). For the purposes of this memorandum opinion, however, the Court does not believe that a summary of these alleged programs and related facts is necessary and will

result of corporate misconduct relating to the Stock Repurchase Programs, the Auxiliary Plan, the Deferred Compensation Plan, and other retirement benefit programs, Carabillo, Georgine, Grelle, Luce, and other officers obtained improper profits and other benefits, to the detriment of the corporation.

Among the thirteen counterclaims asserted by ULLICO are three counterclaims that include Luce as a counterclaim defendant. Count IV, a counterclaim only against Luce, seeks disgorgement of profits and benefits as a result of alleged breaches of his fiduciary duties with regard to the Stock Repurchase Programs, and specifically, the 1998 and 1999 Stock Offer Programs, the Actual 2000 Stock Repurchase Program, the 2001 Repurchase Program, and the discretionary repurchase programs in 2000. Amend. Countercl. ¶ 109. Count IV also alleges that Luce "aided and abetted" breaches of fiduciary duty by others and improperly benefitted from such conduct. Id. at ¶ 110.

Count VI, which asserts claims against Georgine, Carabillo, Grelle, and Luce, seeks a declaratory judgment that these officers, acting as members of ULLICO's Benefits Committee,[4] went beyond the scope of their authority and breached their fiduciary duties to the corporation by amending the Qualified Pension Plan and Trust to

---

thus refer to these programs as "the Stock Repurchase Programs."

[4] ULLICO alleges that the Benefits Committee was created on May 5, 1997 by ULLICO's Executive Committee and was authorized and empowered to act as fiduciary to all plans created for the benefit and welfare of the corporation's employees. Amend. Countercl. ¶ 68. The counterclaim defendant officers served as four of the five members of the Benefits Committee during 1999. Id. at ¶ 69.

4

significantly increase the amount of benefits paid to them under the Auxiliary Plan. Amend. Countercl. ¶¶ 68-69, 121-122. ULLICO thus seeks a declaration that the counterclaim defendants are not entitled to receive any benefits under this plan as a result of this conduct. Id. at ¶ 129.

Finally, Count VII, which asserts claims against Georgine and Luce, seeks a declaratory judgment that these former officers are not entitled to compensation under the Deferred Compensation Plan because the plan was enacted without Board approval and allowed these officers to "exploit[] the ULLICO share valuation system, adopted in connection with the 1997 Repurchase Program" to generate profits by manipulating their Deferred Compensation accounts "in and out of 'deemed investments' in ULLICO stock." Amend. Countercl. ¶¶ 129, 132.

Luce moves for dismissal of all three counterclaims asserted against him by ULLICO. First, he asserts that Count IV should be dismissed because he was not properly joined under Federal Rules of Civil Procedure 13, 19, and 20. Second, he argues that even if ULLICO had properly joined him as a procedural matter, Count IV was an omitted compulsory counterclaim in the *Luce* action, which was not asserted in that case and thus cannot be asserted here. Finally, Luce contends that all three of the counterclaims should be dismissed for lack of subject matter jurisdiction. For the following reasons, the Court GRANTS Luce's motion in part and dismisses Count IV. With regard to the remaining counterclaims, the Court DENIES the motion.

DISCUSSION

*I.     Standards of Review*

The Court will only dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, even if the Court accepts as true all of the factual allegations set forth in the complaint, *Doe v. United States Dept. of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985), and construes the complaint liberally in favor of the plaintiff, *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979), it "need not accept inferences drawn by [the] plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Kowal*, 16 F.3d at 1276.

Upon a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), it is the plaintiff's burden of persuasion to establish the existence of subject matter jurisdiction by a preponderance of the evidence. *Thompson v. Capitol Police Board*, 120 F.Supp.2d 78, 81 (D.D.C. 2000). Where a motion to dismiss presents a dispute over the factual basis of the Court's subject matter jurisdiction, the Court "may not deny the motion to dismiss merely by assuming the truth of the facts alleged by the plaintiff and disputed by the defendant" and therefore "must go beyond the pleadings and resolve any disputed issues

6

of fact the resolution of which is necessary to a ruling upon the motion to dismiss."[5]

*Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000); *In re Swine Flu Immunization Products Liability Litigation*, 880 F.2d 1439, 1442-43 (D.C. Cir. 1989).

## II.    Count IV: Breach of Fiduciary Duty, Aiding and Abetting Breaches of Fiduciary Duty and Unjust Enrichment

As previously noted, Count IV of the Amended Answer and Counterclaim alleges that Luce engaged in breaches of his fiduciary duties, and also aided and abetted others in breaching their fiduciary duties with regard to the Stock Repurchase Plans authorized by the Executive Committee. Luce moves for dismissal of this claim on the grounds that he was never properly joined in the action under Federal Rules of Civil Procedure 13, 19, and 20. Luce Mot. to Dismiss 14-15. The Court agrees, and for the following reasons, dismisses this counterclaim.

Under Rule 13(h) of the Federal Rules of Civil Procedure, "[p]ersons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20." Fed. R. Civ. P. 13(h). As the Court does not believe that Luce is a "necessary party" under Rule 19, ULLICO would have to join Luce in this action under Rule 20(a) permissive joinder, which

---

[5] Rule 12(b) of the Federal Rules of Procedure otherwise requires that a motion to dismiss be considered according to summary judgment standard if the movant submit matters outside of the pleadings that are not excluded by the Court. Fed. R. Civ. P. 12(b), 56; *see also IMS v. Alvarez*, 129 F.3d 618, 619 n.1 (D.C. Cir. 1997).

provides, relevant part:

> All persons...may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction or occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). Whether particular circumstances warrant joinder is left to the sound discretion of the district courts. *American Directory Service Agency, Inc. v. Beam*, 1988 WL 33502, *3 (D.D.C. March 28, 1988).

As an initial matter, ULLICO failed to seek leave of this Court to assert the counterclaim against Luce. *Kaempfer v. Brown*, 1987 U.S. Dist. LEXIS 16025, at *4 (D.D.C. June 2, 1987). Furthermore, even if ULLICO had sought leave to add Luce as a counterclaim defendant, the Court finds that the requirements of Rule 20 are not met. First, ULLICO does not assert Count IV against Luce jointly or severally with respect to Count IV. Second, Count IV is not likely to raise questions of law or fact "common to all defendants." Fed. R. Civ. P. 20(a). As is discussed in further detail below, the Court believes that the only counterclaims that fall within the scope of this litigation are those that relate to whether Carabillo and other former ULLICO officers are entitled to the retirement benefits they claim they are eligible to receive. To the extent that ULLICO's counterclaims against Luce and other former officers share common issues of fact and law with its claims against Carabillo with regard to the retirement benefits, such counterclaims may be properly joined in this action under Rule 20. However, Count IV, a

claim against Luce regarding alleged misconduct relating to the Stock Repurchase Plans, conduct for which ULLICO draws no coherent connection with the retirement benefits at issue, does not fall within the scope of this case. Accordingly, joinder under Rule 20 is not proper.

ULLICO also asserts that joinder is proper under Federal Rule of Civil Procedure 18 because "[o]nce Luce was properly joined as a party in that count under Rule 19 or 20, ULLICO could then properly join any other claims against him (including the improper stock profits claim of Count IV) under Rule 18." Def. Opp. 4. Rule 18(a) states, in relevant part:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternative claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Fed. R. Civ. P. 18(a). However, Rule 18(a) does not purport to convey subject matter jurisdiction over a joined claim. Fed. R. Civ. P. 82 ("These rules shall not be construed to extend or limit the jurisdiction of the United States district courts..."). Thus, even though Rule 18(a) does not require any factual relatedness to be demonstrated for claims to be joined, ULLICO would have to demonstrate a basis for the Court's exercise of subject matter jurisdiction. It has not. ULLICO acknowledges that Count IV is not based on federal law. Def. Opp. 6-7 ("Legally, Count IV involves the common law of fiduciary duty while Luce's ERISA enforceable claims in his Amended Complaint will be governed by federal law."). Furthermore, the Court does not believe that supplemental

jurisdiction under 28 U.S.C. § 1367(a) is available where Count IV shares no common nucleus of fact with the core claims in the case, *i.e.,* claims and counterclaims relating to the retirement benefits of Carabillo and other former ULLICO officers. Accordingly, Count IV cannot be properly joined under Rule 18(a) and will be dismissed. As Count IV will be dismissed for improper joinder, the Court has no need to evaluate whether Count IV should have been asserted as a compulsory counterclaim in the *Luce* action.

### III. Counts VI and VII: Declaratory Judgments regarding the Auxiliary Plan and Deferred Compensation Plan

Luce next moves for dismissal of the remaining two counterclaims asserted against him for lack of subject matter jurisdiction. As previously noted, Count VI seeks a declaratory judgment regarding the ability of Georgine, Carabillo, Grelle, and Luce to recover benefits under the Auxiliary Plan in light of ULLICO's allegation that the Qualified Pension Plan and Trust was improperly amended to increase the benefits paid to these former officers. Amend. Countercl. ¶¶ 124-26. Count VII seeks a declaratory judgment that these four former officers are not entitled to benefits under the Deferred Compensation Plan because the plan, which allowed these officers to make "deemed investments" in ULLICO stock, was "enacted without Board approval and was otherwise administered in violation of the fiduciary duties owed to ULLICO...". Amend. Answer and Countercl. ¶ 131.

Luce asserts that these counterclaims must be dismissed for lack of subject matter jurisdiction because there is no independent basis for subject matter jurisdiction to

10

support these claims. In addition, Luce contends that the Court should not exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) because these claims are not part of the same case or controversy as Carabillo's claims. The Court will address these arguments in turn.

### A. Independent Basis for Subject Matter Jurisdiction

Luce first argues that there is no basis for subject matter jurisdiction under ERISA, 29 U.S.C. § 1132(a)(3), because under this provision only "a participant, beneficiary, or fiduciary" of a qualifying plan can bring suit, and ULLICO has not put forth any facts indicating it is covered by this provision. Luce Mot. to Dismiss 20. Furthermore, Luce asserts that there is no subject matter jurisdiction conferred by the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. Id. at 20; *see Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950); *Grumman Ohio Corp. v. Dole*, 776 F.2d 338, 343 (D.C. Cir. 1985). The Court agrees with Luce on both grounds.

However, ULLICO contends that this Court has federal question jurisdiction under 28 U.S.C. § 1331 over Counts VI and VII because these claims "arise under federal common law." Def. Opp. 8. The Supreme Court first discussed the "federal common law" of ERISA in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 24 n.26 (1983). It stated:

> ERISA's legislative history indicates that, in light of the act's virtually unique preemption provision, see § 514, 28 U.S.C. § 1144, 'a body of Federal substantive law will be developed by the courts to deal with issues involving rights and obligations under private

11

welfare and pension plans.'

Id. (citing the remarks of Senator Javitz, 120 Cong. Rec. 29,942 (1974)). Although there is no question that the federal courts have been delegated a broad authority to create a "federal common law" of ERISA, the courts have not agreed on the precise contours of this body of law. Several circuit courts have set forth specific limits in determining whether a particular claim falls within the "federal common law." *See, e.g., Singer v. Black & Decker Corp.*, 964 F.2d 1449, 1452 (4th Cir. 1992) ("federal common law" is inappropriate where use of the common law (1) would conflict with the statutory provisions of ERISA, (2) discourage employers from implementing plans governed by ERISA, or (3) threaten to override the explicit terms of an established plan); *Nachwalter v. Christie*, 805 F.2d 956, 959-60 (11th Cir. 1986) ("federal common law" may be created where (1) ERISA does not expressly address the issue, and (2) the state law to be incorporated is consistent with the policies of ERISA).

The D.C. Circuit, on the other hand, has proceeded on a case-by-case basis in determining whether a particular claim falls within its "federal common law" jurisdiction. *See Young v. Washington Gas Light Co.*, 206 F.3d 1200, 1204-05 (D.C. Cir. 2000) ("federal common law" did not extend to claim for breach of fiduciary duty against an employer for failure to disclose information unrelated to the plan); *Heller v. Fortis Benefits Insurance Co.*, 142 F.3d 487, 494-95 (D.C. Cir. 1998) (plan fiduciary could seek restitution based on a "federal common law" claim against third parties who wrongly or

12

mistakenly received plan funds).

ULLICO asserts that Counts VI and VII are "federal common law" claims because it seeks recovery of benefits under two "top hat" retirement plans, *i.e.*, pension plans that are unfunded and maintained to provide deferred compensation to management or trained employees. Def. Opp. 9. Luce responds that to recognize Counts VI and VII by creating implied rights of action not specified by Congress would "fl[y] in the face of ...controlling precedents" from the Supreme Court regarding the scope of the "federal common law," especially in light of the fact that ERISA expressly exempts such plans from its fiduciary duty, vesting, and funding provisions, 29 U.S.C. §§ 1051(2), 1081(a)(3), and 1101(a)(1). Luce Mot. to Dismiss 20; Luce Reply 13. The Court agrees and for the following reasons, finds that ULLICO has not established jurisdiction over Counts VI and VII under the "federal common law" of ERISA.

ULLICO presents no authority from this Circuit or any other that supports its broad view of this Court's "federal common law" jurisdiction. Indeed, there is no indication that the either D.C. Circuit or this Court has ever recognized a claim breach of fiduciary duty against the *participant* or *beneficiary* of a plan as a "federal common law" cause of action. Moreover, where the D.C. Circuit has previously recognized a "federal common law" claim for restitution of benefits by an employer, the claim was based on the mistaken payment of benefits to an individual who was ineligible under the terms of the plan. *Heller*, 142 F.3d at 489-90, 494-95. In *Heller*, the D.C. Circuit reasoned that a

13

restitution claim was properly brought under the "federal common law" because such claims "further[] the goal of ERISA to safeguard 'the corpus of funds set aside'" under the plan. Id. at 495 (citing *Luby v. Teamsters Health, Welfare and Pension Trust Funds*, 944 F.2d 1176, 1186 (3d Cir. 1991)). Similarly, the case cited throughout ULLICO's pleadings, *Fasco v. Industries, Inc. v. Mack* ("*Fasco*"), which broadly interprets the federal courts' common law jurisdiction with regard to ERISA, also involved a claim of restitution. 843 F.Supp. 1252 (N.D. Ill. 1994). In that case, the district court stated: "Courts have allowed these federal common law restitution claims because giving employers a remedy for overpayments encourages the establishment of pension funds, thereby furthering ERISA's purposes." Id. at 1255.

In contrast to the claims in *Heller* and *Fasco*, Counts VI and VII are not claims for restitution of benefits paid based on the terms of the Auxiliary and Deferred Compensation Plans. Instead, they seek declaratory relief. There is no allegation under these counts that the counterclaim defendants have wrongly received benefits as a result of a mistake of fact or law regarding the terms of the plans. *Fasco*, 843 F.Supp. at 1255. Moreover, none of the reasons alleged by ULLICO regarding the counterclaim defendants' ineligibility for benefits bears any relation to the interpretation of the terms of the plans. Instead, these claims focus on whether the *establishment and amendment of the plans* constitute a breach of the counterclaim defendants' fiduciary duties to the corporation and thus would result in unjust enrichment if benefits were paid. In essence,

14

ULLICO is asserting that the counterclaim defendant officers should not be permitted to collect benefits because the plans and their terms were unlawfully conceived and implemented. The stated purpose of ERISA is to "protect ... the interests of participants in employee benefit plans and their beneficiaries" by setting out substantive regulatory schema regarding these plans. 29 U.S.C. § 1001(b). As such, the Court finds that claims seeking to invalidate such plans and their terms on the grounds of breaches of fiduciary duty and unjust enrichment are plainly beyond the scope of the "federal common law." Accordingly, because this Court believes, as other courts have held,[6] that only claims consistent with the framework and purpose of ERISA can be recognized under the "federal common law," the Court finds that Counts VI and VII are not supported by subject matter jurisdiction under the "federal common law" of ERISA.

B.    <u>Supplemental Jurisdiction</u>

In the absence of an independent basis for subject matter jurisdiction over Counts VI and VII, ULLICO asserts that this Court should nonetheless exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a). Section 1367(a) provides, in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder

---

[6] *See, e.g., Singer,* 964 F.2d at 1452; *Jamail, Inc. v. Carpenters Dist. Council,* 954 F.2d 299, 304 (5th Cir. 1992); *Davidowitz v. Delta Dental Plan of California, Inc.,* 946 F.2d 1476, 1480 (9th Cir. 1991); *Nachwalter,* 805 F.2d at 959-60.

15

or intervention of additional parties.

28 U.S.C. § 1367(a). The Court may, however, decline to exercise its supplemental jurisdiction where claims raise novel or complex issues of state law, or where those state law issues "substantially predominate" over the claims for which the district court has original jurisdiction. 28 U.S.C. §§ 1367(c)(1)-(2). The Court may also decline such jurisdiction where it has dismissed all claims over which it has original jurisdiction, or where "other compelling reasons" exist. 28 U.S.C. §§ 1367(c)(3)-(4).

Luce contends that the Court should decline supplemental jurisdiction over Counts VI and VII because these claims do not arise out of a "common nucleus of operative fact" with the claims of Carabillo. Luce Reply 18. Luce further argues that even if the counterclaims were factually related enough to the other claims in this action, the Court should decline to exercise its jurisdiction because these state law claims "predominate" over Carabillo's "simple ERISA claim" and would greatly increase the number of factual issues in the case. Id. at 19. The Court should also decline to exercise its supplemental jurisdiction, Luce asserts, because the counterclaims present novel and complex issues of Maryland state corporate law. Id. at 20.

In contrast to Count IV, which this Court earlier held was not part of the same "case and controversy" as the other claims in this action, Counts VI and VII properly fall within its supplemental jurisdiction. Although the Court does not believe that these counterclaims can be asserted under "federal common law," the Court does find that there

is a factual nexus between Carabillo's ERISA claim and ULLICO's counterclaims that benefits cannot be paid under the Auxiliary and Deferred Compensation Plans because such plans were improperly established, amended, or implemented. The misconduct alleged in Counts VI and VII, unlike the conduct alleged in several other of ULLICO's counterclaims, appears to bear upon whether Carabillo, Luce, and the other counterclaim defendants can properly claim the retirement benefits to which they believe they are entitled. While the Court will not now evaluate whether the misconduct alleged renders Carabillo, Luce, and the other counterclaim defendant officers ineligible to receive retirement benefits, it does find that for the purpose of evaluating jurisdiction, these claims are part of the same "case or controversy" as Carabillo's claims.[7]

---

[7] Although Luce does not raise the issue in his motion to dismiss, the Court notes that, notwithstanding its supplemental jurisdiction over state law claims that form part of the same "case or controversy," ERISA preempts any state law claims that "relate to any employee benefit plan" covered by the statute. 29 U.S.C. § 1144(a). The Supreme Court has interpreted this provision of ERISA broadly, see, e.g., FMC Corp. v. Holliday, 498 U.S. 52, 58 (1990); Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983), and it is clear that preemption extends to judicially-created common law causes of action. Board of Trustees of the Hotel and Restaurant Employees Local 25 v. Madison Hotel, 97 F.3d 1479, 1486 (D.C. Cir. 1996). However, the Supreme Court has also acknowledged that "'run-of-the-mill' state law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan" are not subject to ERISA preemption. Mackey v. Lanier Collection Agency & Service, Inc., 486 U.S. 825, 833 (1988). With regard to laws of general application, "[s]ome state actions may affect employee benefit plans in too tenuous, remote or peripheral a manner to warrant a finding that the law 'relates to' the plan." Shaw, 463 U.S. at 100 n.21.

In this case, although Luce has not raised the issue, the Court clearly may *sua sponte* evaluate whether ULLICO's claims are preempted because they "relate to" ERISA plans. However, based on ULLICO's stated allegations and the record as it currently stands, the Court cannot find that Counts VI and VII are preempted by ERISA. Even assuming that the Auxiliary and Deferred Compensation Plans are plans covered by ERISA, the Court believes that Counts VI and VII, based on allegations of breaches of fiduciary duty to ULLICO, derive from the

17

Furthermore, the Court believes that its stated focus with regard to the scope of this litigation, *i.e.*, including only claims and counterclaims that relate to the claims of Carabillo and the other officers for benefits under the retirement plans, will alleviate some of the Luce's concerns regarding the complexity and breadth of factual and legal issues in this case. *See, e.g.* Luce Reply 19-21. Accordingly, the Court denies Luce's motion to dismiss Counts VI and VII for lack of subject matter jurisdiction.

---

counterclaim defendants' obligations and responsibilities as officers of the corporation under state corporate law, rather than their relationship to the plans as beneficiaries. *See, e.g., Krooth & Altman v. North American Life Assurance Co.*, 134 F.Supp.2d 96, 101 (D.D.C. 2001) ("A court may find that the state law relates to a benefit plan 'if it affects relations among the principal ERISA entities -- the employer, the plan, the fiduciaries, and the beneficiaries."); *see also Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enters.*, 793 F.2d 1456, 1470 (5th Cir. 1986) (finding that the state common law of fiduciary duty "is a law of general application; it imposes a duty on all corporate directors, whether or not they are plan fiduciaries, and it runs in favor of all shareholders, including benefit plans.").

18

## ORDER

For the reasons set forth above, it is this **30th** of September, 2004, hereby

**ORDERED** that counterclaim defendant Luce's Motion to Dismiss [#35, 36] is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Count IV of the defendant / counterclaim plaintiff ULLICO's Amended Answer and Counterclaim is dismissed without prejudice.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge