

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JAMES W. LUCE
10712 Milkweed Drive
Great Falls, VA 22066

    Plaintiff,

v.

THE UNION LABOR LIFE AUXILIARY
RETIREMENT BENEFITS PLAN,
an unincorporated association
Serve:
Secretary of the Commonwealth
 of Virginia

and

UNION LABOR LIFE INSURANCE
COMPANY, a Maryland corporation
Serve: James F. M. McNulty
    10002 Highill Place
    Great Falls, Virginia 22066
    Registered Agent

    Defendants.

AUG - 8 2003

Civil Action No. O3CV1014

## COMPLAINT

### Parties

1. The Plaintiff James W. Luce ("Luce") is a resident of the Commonwealth of Virginia. On May 31, 2003 Luce retired as Executive Vice President of ULLICO Inc. and Union Labor Life Insurance Company ("ULLICO"), Maryland corporations.

2. The Defendant, the Union Labor Life Auxiliary Retirement Benefits Plan ("Auxiliary Retirement Plan"), is an employee benefits plan, established by ULLICO effective as of January 1, 1983.

3. The Defendant Union Labor Life Insurance Company ("ULLICO") is a Maryland corporation, that created the Auxiliary Retirement Plan, retains the right to amend or terminate the Auxiliary Retirement Plan, is responsible for payment of benefits under the Auxiliary Retirement Plan, and is the Administrator of the Plan. As a result, the Plan and ULLICO are closely intertwined.

4. Luce is a participant in and beneficiary of the Auxiliary Retirement Plan.

### Subject Matter Jurisdiction

5. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 1132(a)(1) because Luce is a participant and beneficiary of the Auxiliary Retirement Plan and because in this action he seeks to recover benefits due to him under the terms of the Auxiliary Retirement Plan, to enforce his rights under the terms of the Auxiliary Retirement Plan, and to clarify his rights to future benefits under the Auxiliary Retirement Plan.

### Venue

6. This action is properly brought in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) because the breach asserted in this action took place in this district and the Auxiliary Retirement Plan may be found here because it is subject to personal jurisdiction in this district.

## Personal Jurisdiction

7.  The Auxiliary Retirement Plan has contracted to supply retirement benefits to Luce in this Commonwealth and has otherwise transacted business in Virginia, directly and through its agents. The cause of action asserted in this case arises out of the contract to supply retirement benefits to Luce in this Commonwealth and the Auxiliary Retirement Plan's transaction of business in this Commonwealth. As a result, personal jurisdiction over the Auxiliary Retirement Plan is proper pursuant to Va. Code Ann. § 8.01-328.1.A.

8.  The Auxiliary Retirement Plan has created continuing contractual relationships with citizens of the Commonwealth of Virginia including but not limited to Luce, Joseph A. Caribillo, ULLICO's former Chief Legal Officer, and Rosemary O'Sullivan, the widow of the former Chairman and CEO of ULLICO who are participants in and beneficiaries of the Auxiliary Retirement Plan and who reside in this Commonwealth and this judicial district.

9.  As a result of the contractual relationships entered into by the Auxiliary Retirement Plan, it is obligated to pay retirement benefits to Luce and several other Plan beneficiaries in the Commonwealth of Virginia.

10. The Auxiliary Retirement Plan has failed and refused to pay Luce substantial retirement benefits in which he is vested, thereby causing substantial injury to him in this Commonwealth and this judicial district.

11. ULLICO is qualified to do business in Virginia and has appointed a registered agent for service of process in Virginia.

## Factual Background

12. ULLICO established the Auxiliary Retirement Plan as of January 1, 1983 to provide benefits to employees and beneficiaries of employees whose benefits under the ULLICO qualified retirement plan might be reduced because of limitations contained in Section 415 of the Internal Revenue Code. A copy of the original Auxiliary Retirement Plan is attached as Exhibit 1.

13. Effective as of January 1, 1989, the Plan was amended to provide that recipients of benefits under the ULLICO qualified retirement plan whose benefits are reduced because of the application of Section 401(a)(17) of the Internal Revenue Code are automatically Plan participants and that the benefits payable by the Plan include any benefit that would have been payable under the qualified retirement plan had that plan not been subject to the limitations of Section 401(a)(17) of the Internal Revenue Code. The resolution amending the Plan effective January 1, 1989 is attached as Exhibit 2.

14. As a result of the amendment of the Auxiliary Retirement Plan effective January 1, 1989, the Plan ceased to be created and maintained for the sole purpose of providing benefits in excess of the limitations imposed by Section 415 of the Internal Revenue Code and therefore was no longer exempt from ERISA coverage as an unfunded "excess benefit plan". 29 U.S.C. § 1003(b)(5).

15. The Auxiliary Retirement Plan is a "top hat" plan subject to enforcement provisions of the Employment Retirement Income Security Act ("ERISA"), but exempt from ERISA's substantive provisions including, vesting, funding and fiduciary requirements.

16. The Auxiliary Retirement Plan provides for payment of benefits which would otherwise be payable under the qualified retirement plan available to all ULLICO employees which cannot be paid as a result of certain limitations set forth in the Internal Revenue Code. Consequently, the definition of compensation and the calculations of benefits under the Auxiliary Retirement Plan are made by reference to the terms of the qualified retirement plan. A copy of the ULLICO, Inc. Pension Plan Trust as Amended and Restated effective as of February 28, 2002 (the "Qualified Plan") is attached hereto and incorporated by reference as Exhibit 3.

17. Prior to January 1, 2000, the Qualified Plan definition of "Sponsoring Employer ULLICO Group Compensation" did not include incentive compensation paid to a "Sponsoring Employer ULLICO Group Employee" by the Sponsor Employer ULLICO Group for personal services rendered during the Plan year. See definition of "Sponsoring Employer ULLICO Group Compensation", Section 2.61, Qualified Plan.

18. However, on October 20, 1999, the Benefits Committee of ULLICO, Inc., resolved to amend the definition of compensation in the Qualified Plan to include "regularly established annual incentive compensation with no maximum, effective January 1, 2000". A copy of the minutes of the Meeting of the Benefits Committee of ULLICO, Inc. held October 20, 1999 is attached as Exhibit 4.

19. The Benefits Committee of ULLICO, Inc. was created and was delegated the authority to effect changes in the ULLICO Qualified Plan by action of the Executive Committee of the Board of Directors of ULLICO, Inc. taken on May 5, 1997. On that date, the Executive Committee also authorized "the appropriate officers of the

5

Corporation to acknowledge, execute and deliver any and all actions or documents, which may be necessary or desirable to effectuate the foregoing resolutions, and <u>their acts and deeds in so doing shall be conclusively presumed to be the acts and deeds of the Corporation</u>." (Emphasis added). A copy of the minutes of that meeting are attached as Exhibit 5.

20. For each Plan Year after January 1, 2000, Luce received incentive compensation payments for services rendered to ULLICO.

21. Thereafter, Luce's incentive compensation for the years 2000, 2001, and 2003 was included in the computation of "Sponsoring Employer ULLICO Group Compensation" for purposes of reporting ULLICO's obligation to fund the retirement benefits Luce was entitled to receive upon retirement.

22. The Board of Directors of ULLICO adopted an Early Retirement Program by resolution dated April 16, 2002. The Board authorized, among other things, the amendment of the Qualified Retirement Plan to allow an individual to be qualified to receive his "Sponsoring Employer ULLICO Group Benefit" upon the attainment of age 55 and completion of 15 or more years of service. See Qualified Plan, Section 4.3(a). A draft of the Board resolution adopting the Early Retirement Plan and authorizing its implementation through the amendment of the Qualified Plan is Exhibit 6.

23. Luce is over the age of 55 years of age and completed over 20 years of service with ULLICO. Consequently, Luce was eligible for early retirement under the Early Retirement Plan.

24. On May 5, 2003, Luce wrote a memo to Louis J. Hejl, the Director of Corporate Benefits for ULLICO requesting confirmation of the pension benefits to which he would be entitled if he accepted the offer of early retirement.

25. On May 6, 2003, Hejl wrote a memorandum to Luce assuring him that in the event he elected to accept the June 1, 2003 Early Retirement Program offer, he would receive a monthly pension benefit payable beginning June 1, 2003 of approximately $18,333.00 from the ULLICO, Inc. Auxiliary Retirement Benefits Plan based upon a 50% Joint and Survivor election. Exhibit 7.

26. After receiving assurances from the Plan and Officers of ULLICO that he would receive the entire auxiliary pension benefit under the early retirement program and the amendments to the Qualified Plan authorized by the Board of Directors, Luce elected to retire as Executive Vice President of ULLICO as of May 31, 2003. On that date, his right to benefits under the Auxiliary Retirement Plan became vested.

27. On June 13, 2003, Luce received his first post-retirement payment from ULLICO along with a "Pay Statement Detail" reflecting that ULLICO had valued his Supplemental Retirement Benefits under the Auxiliary Retirement Plan for Medicare Tax calculations at $1,529,089.00 and, therefore, withheld over $20,000.00 in Medicare Taxes.

28. Luce later received a Statement of Benefits from ULLICO containing a calculation of his Supplemental Retirement Benefit under the Auxiliary Retirement Plan at $2,521,224.00 based on its Present Value as of June 1, 2003.

29. However, ULLICO did not pay the auxiliary retirement benefit due to Luce on June 1, July 1 or August 1 of 2003.

30. On June 26, 2003, Damon Silvers, Acting Special Counsel to the Chairman of ULLICO left a voicemail message on Luce's telephone purporting to explain: "why the non-qualified portion of your ordinary staff retirement pension has been frozen". Silver said that the October 20, 1999 decision made by the Benefits Committee to include regular incentive compensation in the definition of Compensation under the Qualified Plan "was subject to question as to whether it was valid." Silver stated that the matter was being reviewed by "plan counsel" and that until the matter was resolved, Luce would not receive any payments of the non-qualified portion of his retirement benefits, that is, the payments from the Auxiliary Retirement Plan.

31. On July 8, 2003, Luce met with Ed Grebow, the Acting President of ULLICO and Damon Silvers, to discuss the failure of the Auxiliary Retirement Plan to pay him the monthly benefits to which he was entitled beginning on June 1, 2003. During that meeting, Silvers told Luce that all Auxiliary Retirement Plan payments to former senior officers were frozen pending a review by "plan counsel" and submission of recommendations to the Board of Directors of ULLICO.

32. During the July 8, 2003 conversation, Damon Silvers stated that the Board of Directors of ULLICO, based upon advice of "Plan counsel," would make the decision whether or not the amendment of the Qualified Plan to include incentive compensation effective January 1, 2000 was a valid Plan amendment.

33. On July 28, 2003 Luce wrote to Terrence M. O'Sullivan, requesting more information about the Plan's basis for refusing to pay him his vested retirement benefits. To date, the Plan and ULLICO have failed to respond.

34. Upon information and belief, the Plan has paid and is continuing to pay Auxiliary Retirement Plan benefits, including benefits based on compensation which included all regularly established incentive compensation to other ULLICO retirees.

35. The validity of the October 20, 1999 Qualified Plan amendment amending the definition of Compensation to include regularly established incentive compensation is a legal issue not a Plan administration or interpretation decision. The Board of Directors of ULLICO has no authority to decide whether prior amendments to the Qualified Plan are valid and enforceable against the Plan by Luce.

36. The proper resolution of the conflict between Luce and the Auxiliary Retirement Plan regarding the validity of the October 20, 1999 Qualified Plan Amendment must be made by this Court sitting in its plenary capacity and Luce's proper recourse is to apply to the Court for a declaratory judgment.

37. An actual antagonistic and justiciable assertion and denial of rights exists between Luce and the Auxiliary Retirement Plan.

**Count I**
**(For Declaratory Judgment and Clarification of Future Benefits**
**Under the Terms of the Auxiliary Retirement Plan)**

38. The allegations of fact of paragraphs 1 through 37 are incorporated herein by reference as if set forth in full.

39. The October 20, 1999 Resolution of the Benefits Committee that amended the definition of compensation in the Qualified Plan, effective January 1, 2000, to include regularly established incentive compensation, was a valid plan amendment.

40. The October 20, 1999 valid plan amendment also amended the Auxiliary Retirement Plan which incorporates the definition of compensation contained in the Qualified Plan by reference.

41. The acts and documents executed by the officers of ULLICO that implemented the October 20, 1999 Resolutions adopted by the Benefits Committee were expressly authorized by the Executive Committee of ULLICO pursuant to a resolution of the Executive Committed dated May 5, 1997.

42. The acts of ULLICO officers, including the revision, execution and filing of the amended Qualified Plan with the Internal Revenue Service and the preparation and dissemination of new summary plan descriptions containing the amendments duly adopted are conclusively presumed to be the acts and deeds of ULLICO and cannot be challenged by the Auxiliary Retirement Plan in this action.

43. Article 7 of the Auxiliary Retirement Plan provides that ULLICO's written decisions with respect to the "meaning or application of the provisions of the Plan" shall be binding and conclusive in the event of a dispute between a participant and ULLICO.

44. The dispute at issue in this case does not relate to the "meaning or application of the provisions of the Plan."

45. The dispute in this case is over what the provisions of the Auxiliary Retirement Plan are. Specifically, the parties dispute whether the October 20, 1999 amendment to the definition of compensation is a proper Plan amendment.

46. Article 7 of the Auxiliary Retirement Plan does not give ULLICO the power to decide the validity of amendments to the Auxiliary Retirement Plan.

47. Article 9 of the Auxiliary Retirement Plan reserved to ULLICO the right to amend or terminate the Plan at any time without the consent of any participant. However, any such amendment or termination cannot "affect adversely" the benefits (i) of any participant receiving benefits under the Plan at or prior to the amendment or termination or (ii) to the extent such benefits are attributable to service prior to the date of such amendment or termination.

48. Luce is a participant receiving benefits under the Plan and those benefits are attributable to service prior to his retirement date of May 31, 2003.

49. Therefore, no amendment of the Auxiliary Retirement Plan by ULLICO made hereafter, may "affect adversely" the Auxiliary Retirement Benefits to which Luce is entitled.

50. Upon information and belief, ULLICO and the Qualified Plan intend to adopt an amendment to the Qualified Plan that would delete incentive compensation from the definition of compensation in the Qualified Plan.

51. Upon information and belief, the principal purpose for adopting an amendment to the Qualified Plan is to deny Luce and other former executives of ULLICO benefits under the Auxiliary Retirement Plan.

52. Further, upon information and belief, the Plan intends to rely on the proposed amendment to the Qualified Plan to deny benefits to Luce under the Auxiliary Retirement Plan in violation of Article 9 of the Auxiliary Retirement Plan.

53. This Court has jurisdiction pursuant to 29 U.S.C. § 1132(a)(1)(B) to enforce Luce's rights under the terms of the Auxiliary Retirement Plan and to enter a declaratory judgment clarifying his rights to future benefits under the terms of the Auxiliary Retirement Plan.

WHEREFORE, James M. Luce demands a declaratory judgment against the Union Labor Life Auxiliary Retirement Benefits Plan declaring:

(a) That the October 20, 1999 Resolution of the Benefits Committee effected a valid Plan amendment of the Auxiliary Benefits Plan;

(b) That the acts and documents executed by the officers of ULLICO that implemented the October 20, 1999 Resolution of the Benefits Committee to amend the Qualified Plan are conclusively presumed to be the acts and deeds of ULLICO and cannot be challenged by the Auxiliary Retirement Plan in this action;

(c) That Article 7 of the Auxiliary Retirement Plan does not give ULLICO the power to determine the validity of amendments to the Auxiliary Retirement Plan;

(d) That any decision by ULLICO regarding the validity of amendments to the Auxiliary Retirement Plan is of no force and effect and entitled to no judicial deference;

(e)   That James M. Luce is a participant eligible to receive benefits under the Auxiliary Retirement Plan and that such benefits are attributable to service in the Plan prior to May 31, 2003 and, therefore, no future amendment of the Auxiliary Retirement Plan may be given any force or effect which would in any way reduce or otherwise adversely affect the payment of future benefits to Luce under the terms of the Auxiliary Retirement Plan.

James M. Luce also demands judgment against the Union Labor Life Auxiliary Retirement Benefits Plan for a reasonable attorneys' fee and costs of the action in the discretion of the District Court pursuant to 29 U.S.C. § 1132(g).

## Count II
### (Recovery of Benefits Due Under the Terms of the Auxiliary Retirement Plan)

54.   The allegations of fact in paragraphs 1 through 37 are incorporated herein by reference as if set forth in full.

55.   Luce has a vested right to receive a monthly annuity payment of his retirement benefits under the Auxiliary Retirement Plan in the amount of $18,333.00.

56.   Luce was entitled to receive his monthly pension benefits from the Auxiliary Retirement Plan beginning on June 1, 2003.

57.   The Auxiliary Retirement Plan and ULLICO have failed and refused to pay Luce's monthly retirement benefit as and when payable on June 1, 2003, July 1, 2003 and August 1, 2003.

58. Consequently, Luce is entitled to recover from The Auxiliary Retirement Plan and ULLICO the benefits due to him under the terms of the Auxiliary Retirement Plan in the amount of at least $54,999.00 as of the date of this Complaint.

59. Additional and further retirement benefits will accrue on a monthly basis during the pendency of this action.

60. This Court has the jurisdiction to award recovery of benefits due to Luce pursuant to 29 U.S.C. § 1132(a)(1)(B).

WHEREFORE, James M. Luce demands judgment against the Union Labor Life Auxiliary Retirement Benefits Plan and Union Labor Life Insurance Company, jointly and severally, in the sum of at least $54,999.00 due as of the date of filing of this Complaint and for the further sum of at least $18,333.00 per month to the extent such obligations accrue and are not paid when due during the pendency of this action. James M. Luce further demands judgment against the Union Labor Life Auxiliary Retirement Benefits Plan and Union Labor Life Insurance Company for a reasonable attorneys' fee and the costs of this action in the Court's discretion pursuant to 29 U.S.C. § 1132(j).

JAMES W. LUCE
By Counsel

_____
Robert E. Scully, Jr.
Virginia State Bar No.: 19218
REES, BROOME & DIAZ, P.C.
8133 Leesburg Pike, Ninth Floor
Vienna, Virginia  22182
(703) 790-1911
Fax No. (703) 848-2530
Counsel for James W. Luce


## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Complaint in this action was served upon the Secretary of the Department of Labor, Elaine L. Chao, 200 Constitution Avenue, N.W., Washington, DC 20210, and the Secretary of the Treasury, John W. Snow, 1500 Pennsylvania Avenue, N.W., Washington, DC 20220 by certified mail pursuant to 29 U.S.C. § 1132(h) this 6TH day of August, 2003.

_____
Robert E. Scully, Jr.

K:\12\12410\00003\PLDNGS\030806 Complaint.doc

15