UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAR 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| JOSEPH A. CARABILLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 03-1556 (RJL) |
| ) | |
| ULLICO, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ULLICO INC., et al., ) | |
| ) | |
| Counterclaim Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| JOSEPH A. CARABILLO, et al., ) | |
| ) | |
| Counterclaim Defendants. ) | |

MEMORANDUM OPINION AND ORDER
(March 29, 2005) [#59, 65, 66, 85, 100]

Presently before the Court are the following motions: (1) the motion to dismiss of counterclaim defendant Robert A. Georgine ("Georgine") [#59]; (2) the motion to dismiss, joinder or, in the alternative, sever of plaintiff/counterclaim defendant Joseph A. Carabillo ("Carabillo") [#65, #66]; and (3) Carabillo's motion for partial judgment on the pleadings [#85]. Upon consideration of these motions, the parties' oppositions and replies thereto, and the entire record herein, Georgine and Carabillo's respective motions to dismiss are

1

GRANTED in part and DENIED in part. Carabillo's motion for partial judgment on the pleadings is DENIED.

## Standards of Review

The Court will only dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Upon a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), it is the plaintiff's burden of persuasion to establish the existence of subject matter jurisdiction by a preponderance of the evidence. *Thompson v. Capitol Police Bd.*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000).

## Robert A. Georgine's Motions

Georgine contends that the Court lacks subject matter jurisdiction over Counts I,[1] V,[2] XII,[3] and XIII[4] of ULLICO's Amended Answer and Counterclaim ("Amended Answer") because: (1) each Count is a state law claim; (2) there is no jurisdiction based upon diversity of citizenship; and (3) the Court should not exercise its supplemental jurisdiction under 28

---

[1] Count I is for "Breach of Fiduciary Duty; Aiding and Abetting Breaches of Fiduciary Duty and Unjust Enrichment." Amended Answer and Counterclaim ("Amended Answer") ¶¶ 84-95.

[2] Count V is for "Breach of Employment Agreement." *Id.* ¶¶ 113-20.

[3] Count XII is for "Declaratory Judgment: Stock Purchase and Credit Agreement." *Id.* ¶¶ 163-67.

[4] Count XIII is for "Breach of Fiduciary Duty: P&I Loans." *Id.* ¶¶ 168-72.

2

U.S.C. § 1367. *See* Georgine's Mot. To Dismiss at 4. Because ULLICO does not contend that this Court has either federal question or diversity jurisdiction, *see* Def./Counterclaim Pl.'s Opp'n to Georgine's Mot. To Dismiss ("ULLICO Opp'n") at 11-17, the only question before the Court is whether exercising supplemental jurisdiction over these claims is appropriate under the circumstances. *See Edmonson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1266 (D.C. Cir. 1995) (noting that exercise of supplemental jurisdiction is within district court's sound discretion). The Court concludes that it is not.

In *Carabillo v. ULLICO, Inc.*, 2004 WL 3168112 (D.D.C. Sept. 30, 2004) (hereinafter "the *Luce* opinion"), this Court first enunciated what it believes to be the appropriate scope of the instant litigation. On that occasion, the Court considered whether Counts VI and VII of ULLICO's Amended Answer properly fall within its supplemental jurisdiction. *Id.* at *7. The Court concluded that these counts (seeking a declaratory judgment regarding the Auxiliary Plan and Deferred Compensation Plan, respectively) were within the scope of the litigation because they appear to bear upon whether the counterclaim defendants can properly claim the retirement benefits to which they believe they are entitled under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1140. *Id.*

Unlike Counts VI and VII, however, Counts I, V, XII, and XIII are essentially state law claims with little bearing, if any, on whether Carabillo and other counterclaim defendants can properly claim the retirement benefits to which they believe they are entitled. As a result, the Court concludes that these Counts fall outside the scope of this litigation, and that--based

3

upon the facts, circumstances and posture of this action--adjudication of these claims at this time is not in the interest of judicial economy. *See* 28 U.S.C. § 1367(c)(1)-(3) (permitting district court to decline to exercise its supplemental jurisdiction where claims raise novel or complex issues of state law, or where those state law issues "substantially predominate" over the claims for which the court has original jurisdiction). Georgine's motion to dismiss Counts I, V, XII, and XIII is therefore GRANTED. In all other respects, Georgine's motion is DENIED.[5]

### Joseph A. Carabillo's Motions

In his motion to dismiss, Carabillo contends that Counts I, II,[6] VI,[7] VIII,[8] and IX[9] of ULLICO's counterclaims should be dismissed for lack of subject matter jurisdiction. *See* Carabillo's Mot. To Dismiss at 5-6. ULLICO contends that the Court has federal question jurisdiction over Counts VI, VIII, and IX on grounds that those counts state claims under the

---

[5] In his motion, Georgine also seeks dismissal of Counts VI-XI of ULLICO's counterclaim for failure to state a claim under federal rule of civil procedure 12(b)(6), Georgine's Mot. To Dismiss at 8-19. However, after consideration of Georgine's arguments, ULLICO's opposition, and the entire record herein, the Court is not persuaded and therefore denies his motion to dismiss with regards to these counts.

[6] Count II is for "Professional Negligence." Amended Answer ¶¶ 96-100.

[7] Count VI is for "Declaratory Judgment: Auxiliary Retirement Benefits Plan." *Id.* ¶¶ 121-129.

[8] Count VIII is for "Breach of Fiduciary Duty and Return of Profits: Deferred Compensation Plan." *Id.* ¶¶ 142-45.

[9] Count IX is for "Breach of Fiduciary Duty and Return of Profits: Deferred Compensation Plan." *Id.* ¶¶ 146-49.

federal common law of ERISA. *See* Def./Counterclaim Pl.'s Opp'n to Carabillo's Mot. To Dismiss ("Pl.'s Opp'n to Carabillo's Mot. To Dismiss") at 4. ULLICO further argues that the Court has supplemental jurisdiction over all of its counterclaims against Carabillo under § 1367. *Id.* However, having concluded that Count I is outside the scope of this litigation in the preceding section, and having previously decided to exercise supplemental jurisdiction over Count VI in the *Luce* opinion, the only issue is whether the Court has jurisdiction over Counts II, VIII, and IX. For the following reasons, the Court concludes that it has subject matter jurisdiction over Counts VIII and IX, but not Count II. Accordingly, Count II will also be dismissed.

In Count II--a claim for "professional negligence" asserted only against Carabillo-- ULLICO seeks money damages for an alleged breach of the standard of professional care while employed as the company's chief legal counsel. Amended Answer ¶¶ 96-100. The Court finds, however, that this claim is essentially a state law claim with little, or no, factual nexus to Carabillo's ERISA claim. As a result, it is beyond the scope of this litigation and, for the reasons previously discussed with regards to Counts I, V, XII, and XIII, *supra*, not within the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(1)-(3).

In contrast to Count II, Counts VIII and IX properly fall within this Court's supplemental jurisdiction.[10] Counts VIII and IX seek, *inter alia*, disgorgement of certain

---

[10] The Court notes that although ULLICO argues that an independent basis for subject matter jurisdiction exists to support these claims, *see, e.g.*, Pl.'s Opp'n to Georgine's Mot. To Dismiss at 9-11, an analysis of an independent basis is unnecessary here because the Court concludes that jurisdiction is appropriate under its supplemental jurisdiction.

5

allegedly improper distributions and/or compensation received by Carabillo and other counterclaim defendants under the deferred compensation plan. Amended Answer ¶¶ 142-49. ULLICO asserts that the receipt of these distributions and/or compensation was in breach of Carabillo's fiduciary duty. *See id.* Although these claims are essentially state law claims in that they are premised upon a breach of fiduciary duty, the Court finds that the misconduct alleged bears upon Carabillo's claims. Accordingly, the Court concludes that it has supplemental jurisdiction over these Counts. Thus, Carabillo's motion to dismiss as to Counts VI, VIII, and IX is denied.[11]

---

[11] In his motion, Carabillo has joined in Georgine's argument that any of ULLICO's counterclaims alleging a breach of fiduciary duties relating to ERISA plans must be dismissed because they are expressly preempted by ERISA. *See* Carabillo's Mot. To Dismiss at 4-5; Georgine's Mot. To Dismiss at 8-11. This Court has previously noted in the *Luce* opinion that, notwithstanding its supplemental jurisdiction over state law claims that form part of the same "case or controversy," ERISA preempts any state law claims that "relate to any employee benefit plan" covered by the statute. *See Carabillo*, 2004 WL 3168112, n.7. As the Court stated in the *Luce* opinion, however, "[e]ven assuming that the ... Deferred Compensation Plans are plans covered by ERISA, the Court believes that Counts VI and VII, based on allegations of breaches of fiduciary duty to ULLICO, derive from the counterclaim defendants' obligations and responsibilities as officers of the corporation under state corporate law, rather than their relationship to the plans as beneficiaries." *Id.* (citing *Krooth & Altman v. N. Am. Life Assurance Co.*, 134 F. Supp. 2d 96, 101 (D.D.C. 2001)). The Court concludes that this reasoning applies with equal force to the counts now in dispute (Counts VIII and IX) and therefore they are not preempted by ERISA.

6

## ORDER

For the reasons set forth above, it is, this 25th day of March, 2005, hereby

ORDERED that counterclaim defendant Robert Georgine's Motion to Dismiss [#59] is GRANTED in part and DENIED in part; and it is further

ORDERED that Counts I, V, XII, and XIII of the defendant/counterclaim plaintiff ULLICO's Amended Answer and Counterclaim are dismissed without prejudice; and it is further

ORDERED that plaintiff/counterclaim defendant Joseph Carabillo's Motion for Joinder [#66] is GRANTED; and it is further

ORDERED that plaintiff/counterclaim defendant Joseph Carabillo's Motion to Sever [#66] is DENIED; and it is further

ORDERED that plaintiff/counterclaim defendant Joseph Carabillo's Motion to Dismiss [#65] is GRANTED in part and DENIED in part; and it is further

ORDERED that Counts I and II of the defendant/counterclaim plaintiff ULLICO's Amended Answer and Counterclaim are dismissed without prejudice; and it is further

ORDERED that plaintiff/counterclaim defendant Joseph Carabillo's Motion for Partial Judgment on the Pleadings [#85] is DENIED; and it is further

ORDERED that defendant/counterclaim plaintiffs' Motion for Joint Status Conference [#100] is GRANTED; and it is further

ORDERED that a Joint Status Conference shall be held in this matter and the related

7

actions styled *Luce v. Union Labor Life Auxiliary Retirement Benefits Plan*, Civ. No. 04-118 (RJL); *Carabillo v. ULLICO Inc. Pension Plan and Trust*, Civ. No. 04-776 (RJL); and *ULLICO Inc. v. Luce*, Civ. No. 04-1830 (RJL) in courtroom #7 on **April 25, 2005** at **2:30** pm.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge