UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

JUL 2 6 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JOSEPH A. CARABILLO,                                    )
                                                        )
                    Plaintiff,                          )
                                                        )        CASE NUMBER:  1:04CV00776(RJL)
            v.                                          )
                                                        )        DECK TYPE:  Labor/ERISA (non-employment)
ULLICO INC. PENSION PLAN                                )
AND TRUST, ADMINISTRATOR                                )
OF THE ULLICO INC. PENSION                              )
PLAN AND TRUST, PLAN                                    )
ADMINISTRATION COMMITTEE                                )
OF THE ULLICO INC. PENSION                              )
PLAN AND TRUST, JOHN DOES                               )
NOS. 1-20 in their capacities as                        )
members or former members of the                        )
PLAN ADMINISTRATION                                     )
COMMITTEE OF THE ULLICO                                 )
INC. PENSION PLAN AND                                   )
TRUST, ULLICO INC.                                      )
EMPLOYEES' LIFE AND HEALTH                              )
WELFARE PLAN,                                           )
ADMINISTRATOR OF THE                                    )
ULLICO INC. EMPLOYEES' LIFE                             )
AND HEALTH WELFARE PLAN,                                )
THE UNION LABOR LIFE                                    )
AUXILIARY RETIREMENT                                    )
BENEFITS PLAN, and                                      )
ADMINISTRATOR OF THE                                    )
UNION LABOR LIFE AUXILIARY                              )
RETIREMENT BENEFITS PLAN,                               )
                                                        )
                    Defendants,                         )
                                                        )
                                                        )
ULLICO INC.,THE ULLICO INC.                             )
NON-QUALIFIED DEFERRED                                  )
COMPENSATION PLAN,                                      )
ULLICO INC.                                             )
EMPLOYEES' LIFE AND HEALTH                              )
WELFARE PLAN, THE UNION                                 )
LABOR LIFE AUXILIARY                                    )

RETIREMENT BENEFITS PLAN    )
and MARK SINGLETON,    )
in his capacity as a member of the    )
Employee Benefit Plans    )
Administrative Committee,    )
    )
    Counterclaim Plaintiffs,    )
    )
    v.    )
    )
JOSEPH A. CARABILLO,    )
    )
ROBERT A. GEORGINE    )
301 Valley Brook Drive    )
Silver Spring, MD 20904,    )
    )
 JOHN K. GRELLE,    )
2256 Bridge Hill Lane    )
Oakton, VA 22124    )
    )
and JAMES W. LUCE,    )
10712 Milkwood Drive    )
Great Falls, VA 22066    )
    )
    Counterclaim Defendants.    )
_____ )

## ANSWER AND COUNTERCLAIMS

In response to the Complaint filed herein, Defendants and counterclaim plaintiffs file this Answer and Counterclaim.

## ANSWER

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

2

## THIRD DEFENSE

Plaintiff has failed to join all necessary parties.

## FOURTH DEFENSE

Plaintiff materially breached his duties and obligations to the ULLICO Inc. Pension Plan and Trust (the "Qualified Plan"), The ULLICO Inc. Employee's Life and Health Welfare Plan (the "Welfare Plan"), The Union Labor Life Auxiliary Retirement Benefits Plan (the "Auxiliary Plan") (collectively "the Plans"), and ULLICO Inc. (which is responsible for funding all benefits under the Welfare and Auxiliary Plans) and therefore has forfeited all or part of any benefits he would otherwise be entitled to receive under the Plans.

## FIFTH DEFENSE

Plaintiff materially breached his duties and obligations to the Plans and ULLICO Inc. and Defendants are therefore entitled to set-off and recoup from any benefits due Plaintiff under the Plans any damages caused to the Plans as a result of Plaintiff's breach of his duties and obligations.

## SIXTH DEFENSE

Plaintiff does not qualify, under the terms of the Plans, for the benefits claimed.

## SEVENTH DEFENSE

Responding to the specific allegations of the Complaint, defendants:

1.     Affirmatively aver that the allegations of paragraph 1 are legal conclusions to which no response is necessary, but to the extent that there are any allegations of wrongdoing, improper conduct or causation such allegations are denied.

3

2.    Admit that this Court has jurisdiction over this dispute, and otherwise affirmatively aver that the allegations of paragraph 2 are legal conclusions to which no response is necessary.

3.    Affirmatively aver that the allegations of paragraph 3 are legal conclusions to which no response is necessary; and deny the allegations of paragraph 3 to the extent it alleges any right to the affirmative relief sought.

4.    Admit that venue is proper in this Court, and otherwise affirmatively aver that the allegations of paragraph 4 are legal conclusions to which no response is necessary.

5.    Admit the allegations of paragraph 5.

6.    Admit the allegations of paragraph 6.

7.    Affirmatively aver that the Qualified Plan is administered by a Plan Administrator, and that the Plan Administrator is the Employee Benefit Plans Administrative Committee ( the "Benefits Committee") appointed by ULLICO Inc., the Plan Sponsor, that members of the Benefits Committee serve as fiduciaries of the Qualified Plan as defined by ERISA §3(21)(A), and deny the remaining allegations of paragraph 7.

8.    Affirmatively aver that the Qualified Plan is administered by a Plan Administrator, and that the Plan Administrator of the Qualified Plan is a Benefits Committee appointed by ULLICO Inc., the Plan Sponsor, and that members of the Benefits Committee serve as fiduciaries of the Qualified Plan as defined by ERISA §3(21)(A), and deny the remaining allegations of paragraph 8.

9.    Do not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10.    Admit that the Welfare Plan is an employee benefit plan within the meaning of ERISA §3(3), and a welfare benefit plan within the meaning of ERISA §3(1); affirmatively aver that the Welfare Plan maintains insurance policies that, *inter alia*, provide medical and life insurance coverage to Welfare Plan participants, and further aver that all premiums for said policies are paid by and from the general accounts of the Welfare Plan Sponsor, ULLICO Inc. Admit that the Welfare Plan is administered in the District of Columbia; and deny the remaining allegations of paragraph 10.

11.    Affirmatively aver that the Welfare Plan is administered by a Benefits Committee appointed by ULLICO Inc., the Plan Sponsor, and that the Benefits Committee is an administrator of the Welfare Plan as defined by ERISA § 3(16)(A); and members of the Benefits Committee serve as fiduciaries of the Welfare Plan as defined by ERISA §3(21)(A), and deny the remaining allegations of paragraph 11.

12.    Affirmatively aver that any amounts due under the Auxiliary Plan are paid from the general accounts of the Plan Sponsor, ULLICO Inc; and admit the allegations of paragraph 12.

13.    Affirmatively aver that the Auxiliary Plan is administered by a Benefits Committee appointed by ULLICO Inc., the Plan Sponsor, and that the Benefits Committee is an administrator of the Auxiliary Plan as defined by ERISA §3(16)(A); and deny the remaining allegations of paragraph 13.

14.    Admit that ULLICO Inc. is a corporation formed under Maryland law with its principal place of business in the District of Columbia; that ULLICO Inc. is the Plan Sponsor for the Qualified Plan, Auxiliary Plan and Welfare Plan within the meaning of 29 U.S.C.

§ 1002(16)(b)(i); and affirmatively aver that, as a plan sponsor of the Plans, ULLICO Inc. is a necessary party to these proceedings.

15.   Admit that Plaintiff was employed by ULLICO from March 1987, until May 30, 2003; and that during the term of his employment plaintiff was a participant in the Qualified Plan, Auxiliary Plan, and Welfare Plan; deny that Plaintiff is currently entitled to benefits under those plans; and affirmatively aver that, by virtue of Plaintiff's breach of fiduciary duty to the plans and Plan Sponsor ULLICO Inc., Plaintiff is not entitled to and has otherwise forfeited his rights to any benefits under the plans, and deny the remaining allegations of paragraph 15.

16.   Admit the allegations of paragraph 16, and affirmatively aver that the "June 1, 2003 Early Retirement Program" is also referred to as the "Special Early Retirement Program."

17.   Admit that to be eligible to participate in the Special Early Retirement Program a person, among other things, had to be a participant in the Qualified Plan, either 55 with 15 years of service or 65 with 5 years of service by June 1, 2003, elect retirement by June 1, 2003, and execute an Election and Release Form approved by the Plan Sponsor; affirmatively aver that, in addition to these requirements, to be eligible to participate in the Special Early Retirement Program a person had to actually voluntarily terminate employment and in fact retire on June 1, 2003, and deny the remaining allegations of paragraph 17.

18.   Deny the allegations of paragraph 18.

19.   Admit the allegations of paragraph 19.

20.   Do not have knowledge or information sufficient to form a belief with respect to all participants as to the truth of the allegation that "[t]he Early Retirement Program therefore provided a distinct advantage over the Qualified Plan's regular early retirement benefit"; admit that, under the normal early retirement provisions of the Qualified Plan, participants who retire

before age sixty have their benefits calculated by determining the participant's benefit had he retired at the Normal Retirement Age, and then reducing that amount by 0.3% for each month prior to age 65 that benefits commence; and deny the remaining allegations of paragraph 20.

21.    Affirmatively aver that paragraph 21 is a legal conclusion to which no response is required.

22.    Admit the allegations of paragraph 22.

23.    Affirmatively aver that Plaintiff by virtue of his breach of fiduciary duties to defendants and ULLICO Inc. is not, under any circumstances, entitled to benefits under the Auxiliary Plan; and admit the allegations of paragraph 23

24.    Admit that the Early Retirement Program, as defined in the Complaint and hereinafter referring to the June 1, 2003 Special Early Retirement Program, resulted in eligible participants receiving as part of that program those benefits under the Welfare Plan that would have been payable as part of their normal retirement under the Qualified Plan; and deny remaining allegations of paragraph 24.

25.    Admit that ULLICO sent Carabillo a letter dated April 17, 2003; that the letter was addressed from Louis Hejl; that the letter discussed ULLICO Inc.'s Early Retirement Program; that ULLICO sent a letter to Plaintiff on April 21, 2003, which was addressed from Louis Hejl; that the April 21, 2003, letter also enclosed an "Election and Release Form" related to the Early Retirement program; affirmatively aver that the alleged letters and forms speak for themselves, the substance of which are not completely alleged and deny the remaining allegation of paragraph 25.

26.    Admit the allegations of paragraph 26.

27.    Do not have knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation as to when Plaintiff signed and dated the Election and Release form; admit that the executed form was faxed to Lou Hejl on May 7, 2003; that Mr. Hejl informed Plaintiff that he needed to forward the original executed copy of the Election and Release form; that Plaintiff delivered the original form on May 8, 2003, to, and was given a copy of the executed form by, Mr. Hejl; that Mr. Hejl signed and dated the Election and Release form and provided a copy to Plaintiff; and deny the remaining allegations of paragraph 27.

28.    Affirmatively allege that the Election and Release Form speaks for itself, that the contents of the Form is not completely stated and taken out of context; admit that the Form contains the alleged language and deny the remaining allegations of paragraph 28.

29.    Admit the allegations of paragraph 29.

30.    Affirmatively allege that the alleged letter speaks for itself and that its contents are not quoted in its entirety; admit that defendants sent plaintiff a letter dated May 22, 2003, addressed from Jennifer Shea, the Health & Life Benefits Administrator, and Christine Bellotti, the Retirement Benefits Administrator; and that the letter contains the quoted language; and deny the remaining allegations of paragraph 30.

31.    Admit that it appears that $1 was deposited to Plaintiff's checking account at First Union Bank on or about May 27, 2003, and do not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

32.    Affirmatively aver that the alleged letter speaks for itself and that the contents of that letter is not quoted in its entirety or accurately; admit that Edward Grebow executed a letter dated May 30, 2003, informing plaintiff that he was being terminated for cause; and that the letter contains the quoted language; affirmatively aver that this letter was sent via overnight

delivery service to Plaintiff at 37437 Quanbeck Lane, Middleburg, Virginia 20117, his address of record and last known address; and deny the remaining allegations of paragraph 32.

33.    Admit that on June 16, 2003 Louis Hejl received an email purporting to be from plaintiff; that the email stated, *inter alia*, that plaintiff had not yet received retirement benefits; and do not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33.

34.    Admit that the email received by Louis Hejl on June 16, 2003, requested that, under certain circumstances, it be considered "an appeal under the plan"; and deny the remaining allegations of paragraph 34.

35.    Affirmatively aver that the alleged letter speaks for itself and that the contents are not quoted in its entirety; admit that a letter dated August 13, 2003, was sent to plaintiff, that the letter was addressed from Louis Hejl and that the letter contains the quoted language and deny the remaining allegations of paragraph 35.

36.    Affirmatively aver that  the August 13, 2003, letter was sent on or about August 13, 2003, to plaintiff's last known address and that the letter was subsequently provided to UPS on August 29, 2003, for delivery to Plaintiff, after Plaintiff's then current mailing address was learned; and deny the remaining allegations of paragraph 36.

37.    Deny the allegations of paragraph 37.

38.    Affirmatively aver that the provisions of the Qualified Plan, and Section 9.1 thereof, speak for themselves; admit that Article 9.1 states that any determination as to benefits under the Plan is to be made by the Plan Administrator and that Article 9.2 of the Qualified Plan states that the denial of benefits under the Qualified Plan is to be provided to a participant in

writing by the Plan Administrator within a reasonable time; and deny the remaining allegations of paragraph 38.

39.    Admit that Section 9.3 contains the quoted language; and deny the remaining allegations of paragraph 39.

40.    Deny the allegations of paragraph 40.

41.    Deny the allegations of paragraph 41.

42.    Deny the allegations of paragraph 42.

43.    Deny the allegations of paragraph 43.

44.    Deny, as framed, the allegations of paragraph 44.

45.    Deny the allegations of paragraph 45.

46.    Affirmatively aver that the allegations of paragraph 46 are a legal conclusion to which no response is required; but to the extent a response is required, deny the allegations of paragraph 46.

47.    Deny the allegations of paragraph 47.

48.    Deny the allegations of paragraph 48.

49.    Affirmatively aver that the allegations of paragraph 49 are a legal conclusion to which no response is required; admit that the alleged section contains the quoted language and deny the remaining allegations of paragraph 49.

50.    Deny the allegations of paragraph 50.

**As to First Claim for Relief – Benefits Under the Terms of the Qualified Plan:**

51.    Defendants incorporate herein and make a part hereof their responses to paragraphs 1-50 in response to the allegations of paragraph 51.

10

52.    Affirmatively aver that the definition of "retirement" set forth in Section 2.49 does not apply to the Early Retirement Program; and deny the allegations of paragraph 52.

53.    Admit that Plaintiff was terminated "for cause" on May 30, 2003, and affirmatively aver that Plaintiff had been on "administrative leave" since March 28, 2003, and had not been regularly present at defendants' office since that time; and deny the remaining allegations of paragraph 53.

54.    Deny the allegations of paragraph 54.

55.    Deny the allegations of paragraph 55.

56.    Deny the allegations of paragraph 56.

57.    Admit that plaintiff executed an Election and Release Form relating to the Special Early Retirement Program; and deny the remaining allegations of paragraph 57.

**As to Second Claim for Relief – Interest on Retroactive Benefits Under the Terms of the Qualified Plan:**

58.    Defendants incorporate herein and make a part hereof their responses to paragraphs 1-57 in response to the allegations of paragraph 58.

59.    Deny the allegations of paragraph 59.

**As to Third Claim for Relief – Benefits from the Welfare Plan:**

60.    Defendants incorporate herein and make a part hereof their responses to paragraphs 1-59 in response to the allegations of paragraph 60.

61.    Deny the allegations of paragraph 61.

**As to Fourth Claim for Relief – Refund of all COBRA Payments Made for Continued Coverage Under the Welfare Plan with Interest:**

62.    Defendants incorporate herein and make a part hereof their responses to paragraphs 1-61 in response to the allegations of paragraph 62.

63.   Admit that Plaintiff was denied benefits under the Early Retirement Program, and was not provided with retiree benefits under the Welfare Plan; affirmatively aver that Plaintiff is not eligible to receive benefits under either the Early Retirement Program or the Welfare Plan; and deny the remaining allegation of paragraph 63.

64.   Do not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64.

65.   Deny the allegations of paragraph 65.

**As to Fifth Claim for Relief – Benefits under the Terms of the Auxiliary Plan:**

66.   Defendants incorporate herein and make a part hereof their responses to paragraphs 1-65 in response to the allegations of paragraph 66.

67.   Deny the allegations of paragraph 67.

**As to Sixth Claim for Relief – Interest on Retroactive Benefits from the Auxiliary Plan:**

68.   Defendants incorporate herein and make a part hereof their responses to paragraphs1-67 in response to the allegations of paragraph 68.

69.   Deny the allegations of paragraph 69.

**As to Seventh Claim for Relief – Attorney's Fees and Costs:**

70.   Defendants incorporate herein and make a part hereof their responses to paragraphs1-69 in response to the allegations of paragraph 70.

71.   Affirmatively aver that the allegations of paragraph 71 are a legal conclusion to which no response is required; but to the extent that there is allegation that plaintiff is entitled to recover legal fees or expenses, deny the allegations of paragraph 71.

**EIGHTH DEFENSE**

Plaintiff is not entitled to the relief sought.

## COUNTERCLAIM
(Breach of Fiduciary Duty, Breach of Contract,
Declaratory Judgment)

1.     This counterclaim seeks compensatory and equitable relief in connection with counterclaim defendants Joseph Carabillo ("Carabillo"), Robert A. Georgine ("Georgine"), John K. Grelle ("Grelle") and James A. Luce's ("Luce") breaches of fiduciary duties to Counterclaim Plaintiffs.

### Jurisdiction and Venue

2.     This Court has jurisdiction pursuant to Fed. R. Civ. P 13, 19 and 20, 28 U.S.C. § 1331 (federal questions), 28 U.S.C. § 1332 (diversity of citizenship), 29 U.S.C. § 1132(a)(3) (ERISA), 28 U.S.C. § 1367 (supplemental jurisdiction), 28 U.S.C. § 2201 (Declaratory Judgment) and also under the doctrines of pendent and ancillary jurisdiction.  The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and 29 U.S.C. § 1132(e)(2).  This Court has personal jurisdiction over the counterclaim defendants pursuant to Fed. R. Civ. P. 4(e) and (k) and 13, and D.C. Code §13-423.

## Parties

3.      Counterclaim Plaintiff ULLICO Inc. ("ULLICO") is a corporation formed under the laws of the state of Maryland, with its principal place of business in the District of Columbia. ULLICO was created in 1987 as a holding company in order to raise capital for its various subsidiaries that provide insurance, pension, health and management and lending services to unions, union members and their families, and benefit funds. Its subsidiaries include counterclaim plaintiff The Union Labor Life Insurance Company, formed in 1925, to provide life insurance to union members in high-risk jobs. ULLICO's Board of Directors has historically consisted primarily of present or former officers of unions affiliated with the AFL-CIO and their affiliated Taft-Hartley funds, who are major ULLICO shareholders.

4.      Counterclaim Plaintiff The ULLICO Inc. Pension Plan and Trust (the "Qualified Plan") is a qualified pension and retirement plan. The Qualified Plan is sponsored by ULLICO.

5.      Counterclaim Plaintiff ULLICO Inc. Employees' Life and Health Welfare Plan (the "Welfare Plan"), is an employee benefit plan and an employee welfare plan. The Welfare Plan is sponsored by ULLICO.

6.      Counterclaim Plaintiff Union Labor Life Auxiliary Retirement Benefits Plan (the "Auxiliary Plan") is an employee benefits plan, sponsored by ULLICO. The Qualified Plan, Welfare Plan and Auxiliary Plan are referred to collectively as "the Plans."

7.      Counterclaim Plaintiff Mark Singleton is the Chief Financial Officer of ULLICO, serves as a member of the Employee Benefit Plans Administrative Committee (the "Benefits Committee"), the Plan Administrator for the Qualified Plan, Welfare Plan, and Auxiliary Plan, and joins as a counterclaim plaintiff solely in his capacity as a Plan Administrator.

8.    Counterclaim Defendant Robert Georgine ("Georgine") is a citizen of the State of Maryland and served as Chairman of the Board of Directors of ULLICO and its Executive Committee. He was employed by ULLICO as its Chairman beginning on December 5, 1990, and as President and Chief Executive Officer beginning on May 6, 1997, until May 8, 2003, when he ceased to serve as Chairman and CEO and resigned as President under the imminent threat of dismissal for cause. At all material times herein, Georgine served as a member of the Benefits Committee that served as Plan Administrator of the Qualified Plan, the Welfare Plan and the Auxiliary Plan (hereinafter referred to collectively as "the Plans").

9.    Counterclaim Defendant Joseph Carabillo ("Carabillo") is a citizen of the Commonwealth of Virginia and was employed by ULLICO as the Company's Chief Legal Officer from March 2, 1987 until he was terminated for cause on May 30, 2003. At all material times herein, Carabillo served as a member of the Benefits Committee that served as Plan Administrator for the Plans.

10.    Counterclaim Defendant John K. Grelle ("Grelle") is a citizen of the Commonwealth of Virginia and was employed by ULLICO as a Senior Vice President and Chief Financial Officer of the Company from January 2, 1996, until his resignation on February 25, 2003. At all material times herein, Grelle served as a member of the Benefits Committee that served as Plan Administrator for the Plans.

11.    Counterclaim Defendant James W. Luce ("Luce") is a citizen of the Commonwealth of Virginia and was employed by ULLICO as an Executive Vice President of the Company from February 14, 1983, until his retirement, effective June 1, 2003. At all material times herein, Luce served as a member of the Benefits Committee that served as Plan Administrator for the Plans. For the purposes of the counterclaim, counterclaim defendants

Georgine, Carabillo, Grelle and Luce are collectively referred to as the "counterclaim defendants."

### Count I -- Breach of Fiduciary Duty to the Qualified Plan

12.    ULLICO incorporates herein by reference and makes a part hereof the allegations of paragraphs 1 through 11.

13.    By Resolution on May 5, 1997, the Executive Committee of the Board of Directors of ULLICO Inc. authorized the creation of a Benefits Committee consisting of the senior officers of ULLICO Inc., including counterclaim defendants (the "May 5, 1997 Resolution").

14.    Under the May 5, 1997 Resolution, the Benefits Committee was "… authorized, directed and empowered to act as fiduciaries to all plans created or to be created for the benefit and welfare of the corporation's employees and any employees of each of its subsidiaries and affiliates in which the corporation or its subsidiaries owns more than 80% or more of the outstanding stock and was to have full authority for the administration of all such plans and also delegated authority for the administration of all such plans."

15.    At all material times herein, counterclaim defendants, as members of the Benefits Committee, served as "fiduciaries" to the Qualified Plan and Welfare Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and the Plan Administrator of the Auxiliary Plan.

16.    At all material times herein, counterclaim defendants were under an obligation and duty in performing their duties and responsibilities to the Plans to, *inter alia,* (a) act solely in the interest of the Plans' participants and beneficiaries; (b) act with the care, skill, prudence and

16

diligence under the circumstances then prevailing that a prudent person skilled and expert in the professions of investment management or administration would use; (c) make appropriate disclosures of material information , including without limitation, appropriate disclosures to each other; and (d) act in accordance with the documents and instruments governing the Plans.

17.    On or about October 20, 1999, counterclaim defendants, as members of the Benefits Committee, purported to amend the definition of "Sponsoring Employer ULLICO Group Compensation", as set forth in the ULLICO Inc. Qualified Pension Plan and Trust, as amended and restated, to include "regularly established annual incentive compensation with no maximum, effective January 1, 2000" (the "Amendment").

18.    On or about July 24, 2001, counterclaim defendants, as members of the Benefits Committee, purported to amend the terms of the Qualified Plan by increasing the percentage of a participant's average salary used to determine his normal retirement benefit from 2 to 2 1/2 percent, a 25% increase, applicable to any participant that retires effective on or after January 1, 2002, including counterclaim defendants.

19.    As a result of their conduct as aforesaid, counterclaim defendants engaged in a settlor function without authority and breached their fiduciary duties to the Qualified Plan by purporting to enact the Amendment contrary to the terms of the Qualified Plan and without appropriate disclosures to the Board or Board approval or authorization.

20.    Despite their obligations to the Qualified Plan as aforesaid, counterclaim defendants engaged in a course of conduct that dealt with the Qualified Plan and the Qualified Plan assets for their own benefit, in violation of the terms of the Qualified Plan, and the requirements of ERISA, and otherwise failed to discharge their duties and obligations to the Qualified Plan and its participants, and to each other, and to act to obtain the protections and

benefits to which the Qualified Plan was entitled to receive by virtue of the assets that it owned or controlled.

21.    As a direct and proximate result of their conduct as aforesaid, counterclaim defendant acted *ultra vires* and otherwise breached their fiduciary duties to the Qualified Plan, including, without limitation, their duty of care and to act in accordance with the Plan documents, and therefore acted with and in furtherance of personal interests and objectives in conflict with their positions as fiduciaries.

22.    At all material times herein, each counterclaim defendant was a "co-fiduciary" and therefore jointly liable, pursuant to Section 405 of ERISA, 29 U.S.C. § 1105 and otherwise, for all fiduciary breaches to the Qualified Plan committed by the other counterclaim defendants.

23.    As a direct and proximate cause of their breach of fiduciary duty to the Qualified Plan, the Qualified Plan was damaged and counterclaim defendants are not entitled to receive benefits as a result of the invalid Plan amendments they purported to adopt.

24.    Counterclaim defendant officers Luce and Georgine are currently receiving benefits under the Qualified Plan.

25.    Counterclaim defendant Carabillo has claimed certain special early retirement benefits under the Qualified Plan and may seek regular early retirement benefits or regular retirement benefits under the Qualified Plan in the future.

26.    Counterclaim defendant Grelle has not yet elected benefits under the Qualified Plans, but is expected to do so in the future.

27.    As a result of their breaches of fiduciary duty to the Qualified Plan as aforesaid, counterclaim defendant officers have forfeited all or part of their rights to benefits under the Qualified Plan.

28.    As a direct and proximate result of their breaches of duty as aforesaid, the Qualified Plan is entitled to set off and recoup any damage sustained by the Qualified Plan as a result of counterclaim defendants' wrongful conduct.

29.    There is an actual, justiciable controversy between the parties, ripe for adjudication.

30.    Pursuant to Section 409 of ERISA, 29 U.S.C. § 1109, the Qualified Plan is entitled to a declaration that the amendments to the Qualified Plan purportedly adopted on about October 20, 1999 and July 24, 2001 are invalid as to counterclaim defendants and that counterclaim defendants are not entitled to receive benefits thereunder, that each counterclaim defendant is jointly and severally liable for all loses sustained by the Qualified Plan and is not entitled to any benefits that they have or may receive as a result of their breaches of duty and obligations to the Qualified Plan and order that each of them indemnify the Qualified Plan for all losses incurred by the Qualified Plan as a result of their violations and disgorge to the Qualified Plan an amount equal to the benefits they received in violation of their fiduciary duties owed to the Qualified Plan.

## COUNT II – Breach of Fiduciary Duty to the Welfare Plan

31.    ULLICO incorporates herein by reference and makes a part hereof the allegations of paragraphs 1 through 27.

32.    The Welfare Plan is an "unfunded" plan in that it holds no assets other than the insurance policies that provide benefits to Welfare Plan participants, and, as a result relies upon the plan sponsor, ULLICO Inc., for the payment of all premiums due under the policies held by the Welfare Plan.

19

33.   As a result of the critical role played by ULLICO Inc. with respect to the Welfare Plan, at all material times herein, counterclaim defendants, in their capacity as fiduciaries to the Welfare Plan, were under an obligation not to damage ULLICO Inc.

34.   Despite their obligations and duties as aforesaid, counterclaim defendants engaged in a course of conduct that damaged ULLICO Inc. and thereby threatened to impair, and, in fact, did impair, ULLICO Inc.'s ability to continue its financial support for the Welfare Plan.

35.   As a result of their conduct aforesaid, counterclaim defendants breached their fiduciary duties to the Welfare Plan, and are therefore not entitled to receive benefits under the Welfare Plan.

36.   There is an actual, justiciable controversy between the parties, ripe for adjudication.

37.   Pursuant to Section 409 of ERISA, 29 U.S.C. § 1109, the Welfare Plan is entitled to a declaration that each counterclaim defendant is not entitled to any benefits otherwise payable under the Welfare Plan.

## COUNT III- Breach of Fiduciary Duty with respect to the Auxiliary Plan

38.   ULLICO incorporates herein by reference and makes a part hereof the allegations of paragraphs 1 through 34.

39.   Counterclaim defendants currently seek, or are expected to seek in the future, benefits under the Auxiliary Plan, including increased benefits as a result of the Amendment.

40.   As a result of their conduct as aforesaid, counterclaim defendants engaged in an unauthorized settlor function, and breached their fiduciary duties to the Qualified Plan in enacting the Amendment.

41.   The Auxiliary Plan is an "unfunded" "top-hat" plan, which holds no assets and is funded entirely out of the general accounts of its plan sponsor, ULLICO Inc.

42.   Because the Auxiliary Plan depends entirely upon ULLICO Inc. for funding, counterclaim defendants had a fiduciary obligation to the Auxiliary Plan not to damage or impair the financial capacity of ULLICO Inc.

43.   Despite their obligations and duties as aforesaid, counterclaim defendants engaged in a course of conduct that damaged ULLICO Inc. and thereby threatened to impair, and, in fact, did impair ULLICO Inc.'s ability to continue its financial support for the Auxiliary Plan.

44.   As a result of their conduct aforesaid, counterclaim defendants breached their fiduciary duties with respect to the Auxiliary Plan, and are therefore not entitled to benefits under the plan.

45.   There is an actual, justiciable controversy between the parties, ripe for adjudication.

46.   The Auxiliary Plan is entitled to a declaration that each counterclaim defendant is not entitled to any benefits otherwise payable under the Welfare Plan.

WHEREFORE, counterclaim plaintiffs demand the following relief:

1.   As to Count I, judgment against counterclaim defendants Carabillo, Georgine, Luce and Grelle in an amount to be determined at trial, and a declaration that the

21

amendments purportedly adopted by the Benefits Committee on or about October 20, 1999 and on July 24, 2001 are invalid and unenforceable as to the counterclaim defendants, that counterclaim defendants Carabillo, Georgine, Luce and Grelle breached their fiduciary duties to the Qualified Plan, that such breaches caused losses and damages to the Qualified Plan, in an amount to be determined at trial, that counterclaim defendants are jointly and severally liable for such amounts that such amounts may be set off against any benefits properly payable under the Qualified Plan.

2.      As to Count II, a declaration that counterclaim defendants Carabillo, Georgine, Luce and Grelle are not entitled to benefits under the Welfare Plan;

3.      As to Count III, a declaration that counterclaim defendants Carabillo, Georgine, Luce and Grelle are not entitled to benefits under the Auxiliary Plan;

4.      Such other and equitable relief as the Court may deem appropriate, including set-offs, recoupments, and constructive trusts in favor of counterclaim plaintiffs, and prejudgment interest and the costs of this Action, including reasonable attorneys' fees pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

July 26, 2004                                  MILLER & CHEVALIER CHARTERED

                                      By
                                          James A. Bensfield (DC Bar #189-084)
                                          Anthony J. Trenga (DC Bar #218255)
                                          Mark J. Rochon (DC Bar #376042)
                                          Brian A. Hill (DC Bar #456086)
                                          Matthew T. Reinhard (DC Bar # 474941)
                                          655 Fifteenth Street, N.W., Suite 900
                                          Washington, DC  20005-5701
                                          Tel. (202) 626-5800
                                          Fax. (202) 628-0858
                                          atrenga@milchev.com
                                          Attorneys for Defendants