



Theodore T. Green
Senior Vice President and
General Counsel

**ULLICO Inc.**
1625 Eye Street, NW
Washington, DC 20006
202.962.8466 tel
tgreen@ullico.com

www.ullico.com

March 11, 2005

**VIA CERTIFIED MAIL-RETURN RECEIPT**

James W. Luce
10712 Milkweed Drive
Great Falls VA 22066

Re: ULLICO Inc. Pension Plan and Trust/Adverse Benefit Determination Appeal

Dear Mr. Luce:

This is in response to your letter of February 1, 2005, to me and the Employee Benefits Administrative Committee (the "Committee"), and your letter of February 21, 2005, to ULLICO Inc. Assistant Vice President Lou Hejl.

With respect to your letter of February 1, 2005, pursuant to your request, the Committee will treat your letter as an Appeal of an Adverse Benefit Determination, and pursuant to Section 9.3 of the ULLICO Inc. Pension Plan and Trust, has scheduled the hearing for Wednesday, March 23. You should appear at 11:00 a.m. at 1625 I Street N.W., Room 216.

In both of your letters, you request documents or other information relied upon by the Plan Administrator relevant to its decision to reduce your benefit. Further, in your letter of February 1, 2005, you request identification of all other retirees who received a similar notice of a benefit reduction.

In accordance with Department of Labor Regulation 2560.503-1(h)(2)(iii), you are entitled to obtain, free of charge, reasonable access to, and copies of, all documents, records and other information relevant to your claim for benefits. Department of Labor 2560.503-1(m)(8) provides that a document, record, or other information is considered "relevant" to a claimant's claim if: (1) it was relied upon in making the benefit determination; (2) it was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination; or (3) it demonstrates compliance with the administrative processes and safeguards required in making the benefit determination. Accordingly, I am enclosing a Resolution adopted on September 9, 2004, by the ULLICO Inc. Board of Directors, acting as the Plan Sponsor of the ULLICO Inc. Pension Plan and Trust. This Resolution represents the document relied upon by the Plan Administrator in reducing your benefit, and is therefore attached in response to your requests.

Additionally, you have requested (1) the opportunity to change your benefit election as a result of the reduction of your benefit and (2) that the Company take whatever action necessary with regard to Medicare taxes previously paid based on the present value of your benefit. With regard to your change of benefit election, I have enclosed a form for you to implement such a change should you choose to do so. With respect to the Medicare tax issue, the Company is currently examining this issue.

Mr. James W. Luce
March 11, 2005
Page 2

     Finally, your request for the names of other retirees who received a similar notice of a benefit reduction is not the kind of information required to be provided to a participant by applicable regulation or the terms of the Plan. Therefore, your request for such information is declined.

Sincerely,

*[signature]*

TTG/keb

Enclosures

cc:    ~~Robert E. Scully, Jr., Esq.~~
       Tony Trenga, Esq.

O:\Green\Letters\Luce-Adverse Benefit Determination Appeal.doc

***Whereas***, the Union Labor Life Auxiliary Retirement Benefits Plan (the "Auxiliary Plan") was established January 1, 1983, as a non-qualified deferred compensation plan for certain senior officers whose retirement benefits under the Qualified Plan (defined below) were reduced due to restrictions imposed by the Internal Revenue Code, and provides that ULLICO reserves the right to interpret and amend the Auxiliary Plan;

***Whereas***, the ULLICO Inc. Pension Plan and Trust (the "Qualified Plan") was amended and restated effective February 28, 2002, and pursuant to Article 11, Section 11.1 of such Plan, the Board of Directors (the "Board") has the right to amend the Plan as it deems advisable;

***Whereas***, on May 5, 1997, the Executive Committee of ULLICO Inc. ("ULLICO"), adopted a Resolution creating the Benefits Committee, charging the Benefits Committee members to "act as fiduciaries to all plans created…for the benefit and welfare of the Corporation's employees…" and with the "…full authority for the administration of such Plans;"

***Whereas***, the Executive Committee's May 5, 1997 Resolution did not delegate to the Benefits Committee the authority to amend, modify, or alter the terms of employee benefit plans sponsored by ULLICO or its subsidiaries;

***Whereas***, the Benefits Committee, under the management of former Chairman, Chief Executive Officer, and President Robert A. Georgine ("Georgine"), former Chief Legal Officer Joseph A. Carabillo ("Carabillo"), former Chief Financial Officer John Grelle ("Grelle"), and former Executive Vice President, James Luce ("Luce"), purported to amend the Qualified Plan by increasing certain benefits payable to Plan Participants and their eligible Beneficiaries, and such amendments were not disclosed to, or approved by, the Board or the Executive Committee;

***Whereas***, the benefit increases voted upon by Georgine, Carabillo, Grelle, and Luce, including (i) an increase in the percentage of the average salary used to determine a participant's normal retirement benefit (from 2 percent to 2.5 percent), and (ii) the inclusion of incentive pay in the Qualified Plan's definition of compensation, had the effect of significantly increasing Qualified Plan benefits purportedly owed to them, and increasing the benefits purportedly owed to them under the Auxiliary Plan;

***Whereas***, the Board has concluded that the Benefits Committee exceeded its delegated authority in purportedly amending the Plan;

***Whereas***, the Board retained Governor James R. Thompson to conduct an independent examination of certain stock offerings and stock repurchases that were developed and implemented by Georgine, Carabillo, Grelle, and Luce, and Gov. Thompson concluded that there was a compelling argument that former senior officers failed to satisfy their fiduciary obligations to ULLICO when they orchestrated and participated in stock transactions that yielded millions of dollars in personal windfalls to themselves;

***Whereas***, the Board directed that the Regulatory and Litigation Sub-Committee, chaired by the Honorable Abner Mikva, consider the findings of Gov. Thompson, and recommend to the Board what remedial action, if any, should be pursued;

*Whereas*, on July 22, 2003, the Board adopted the recommendations of the Regulatory and Litigation Sub-Committee, and suspended all payments into or out of benefit plans with respect to Georgine, Carabillo, Grelle, and Luce, including, but not limited to, the Auxiliary Plan, pending further analysis of such former officers' conduct while employed by ULLICO;

*Whereas*, following the Board's additional review of their conduct while employed by ULLICO, it was now

RESOLVED: "That Georgine and Carabillo breached their respective duties of loyalty owed to the Company, and, as such, are not eligible for any Auxiliary Plan benefits to which they would have otherwise been eligible in the absence of such breach." And, it was

FURTHER RESOLVED: "That as Georgine and Carabillo engaged in self-dealing by acting *ultra vires* and voting in favor of purported amendments to the Qualified Plan that had the effect of increasing their benefits under such Plan and the Auxiliary Plan, any benefits under the Qualified Plan for which either Georgine or Carabillo may otherwise be eligible shall be calculated without regard to benefit increases that the Benefits Committee purported to approve during their employment with ULLICO." And, it was

FURTHER RESOLVED: "That as Grelle and Luce engaged in self-dealing by acting *ultra vires* and voting in favor of purported amendments to the Qualified Plan that had the effect of increasing their benefits under such Plan and the Auxiliary Plan, any benefits under the Qualified Plan or Auxiliary Plan for which either Grelle or Luce may otherwise be eligible shall be calculated without regard to benefit increases that the Benefits Committee purported to approve during their employment with ULLICO." And, it was

FURTHER RESOLVED: "That with respect to Georgine and Luce, who are presently receiving payments from the Qualified Plan as retirees, such payments shall be recalculated as of the first payment date following adoption of this Resolution, to reflect that any further payments under the Qualified Plan shall not include the unauthorized benefit increases that the Benefits Committee purported to adopt during their employment with ULLICO." And, it was

FURTHER RESOLVED: "That any amounts paid by the Qualified Plan to Georgine or Luce prior to the date of this Resolution, which are attributable to unauthorized benefit increases that the Benefits Committee purported to adopt during their employment with ULLICO, shall be claimed as amounts owed to the Plan in the existing litigation involving such former officers." And, it was

FURTHER RESOLVED: "That no payments to Grelle or Luce in connection with the Auxiliary Plan shall be made until such time as litigation between such former officers and ULLICO (and its subsidiaries or affiliated plans) is terminated or resolved." And, it was

**FURTHER RESOLVED:** "That notwithstanding anything to the contrary, this Resolution shall not be construed as ratifying any actions of the Benefits Committee with respect its purported amendments to the Qualified Plan, and does not in any way waive, alter, or modify claims that ULLICO, or plans sponsored by ULLICO, may have against Georgine, Carabillo, Grelle, and Luce, including claims with respect to such former officers' benefits under the Auxiliary Plan." And, it was

**FURTHER RESOLVED:** "That the Board of Directors reserves the right, upon further investigation and analysis, to take additional action with respect to the current Pension Benefits being paid to Georgine and Luce, including, but not limited to, a suspension of such benefits."

## UNION LABOR LIFE INSURANCE COMPANY
## REJECTION FORM

ticipant's Name _____

I do not wish to receive my Annuity Fund benefits in the form of a Husband and Wife (50% Joint & Survivor) Annuity Benefit. I do understand that rejecting this form of benefit means, that no benefit will be paid to my spouse by the Annuity Fund after my date of death. My surviving spouse is only entitled to the balance remaining in my Annuity Account. I further understand that this rejection is irrevocable once the Lump Sum Distribution of benefits has been paid.

*Check One*

☐ I hereby swear that I am not legally married at this time.

☐ I hereby swear that I am unable to locate my spouse.

☐ I hereby swear that the person co-signing this document below is my current legal spouse, to whom I have been legally married throughout the last 12 month period.

_____    _____
Date                                                       Participant's Signature

                                                           _____
                                                           Participant's Social Security Number

State of _____                County of _____

On the ____ day of _____, 20____ before me came _____ known to me to be the person in and who executed the foregoing statement and she/he duly acknowledge to me that she/he executed the same.

                                                           _____
                                                           Notary Public

Spouse's Name _____

I swear that I am the legal spouse of the employee described above. I hereby consent to my spouse's rejection of the Husband and Wife (50% Joint & Survivor) Annuity Benefit. I do understand that as a result, I will not be paid a benefit from the Annuity Fund after my spouse's death. I am only entitled to the balance remaining in my spouse's Annuity Account. I further recognize that this rejection is irrevocable once a Lump Sum Distribution of benefits has been made.

_____    _____
Date                                                       Spouse's Signature

                                                           _____
                                                           Spouse's Social Security Number

State of _____                County of _____

On the ____ day of _____, 20____ before me came _____ known to me to be the person in and who executed the foregoing statement and she/he duly acknowledge to me that she/he executed the same.

                                                           _____
                                                           Notary Public