UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re ) <br> ULLICO INC. LITIGATION ) <br> ) <br> ) <br> ) <br> ) <br> RELATED TO: ALL CASES ) <br> ) <br> ) | MASTER DOCKET AND <br> CASE NUMBER: 1:03CV01556(RJL) |

## CONSOLIDATION AND SCHEDULING ORDER

Upon consideration of the reports of the parties under Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3(d) in these related actions, and following consultation with the attorneys for the parties at Joint Status Conferences held on April 25 and May 16, 2005, the Court hereby enters the following Consolidation and Scheduling Order pursuant to Federal Rules of Civil Procedure 16(b) and 42(a).

1. *Pretrial Consolidation.* The related actions styled *Carabillo v. ULLICO Inc.*, Case No. 1:03cv1556-RJL ("*Carabillo I*"), *Luce v. Union Labor Life Auxiliary Retirement Benefits Plan*, Case No. 1:04-cv-00118-RJL ("*Luce I*"), *Carabillo v. ULLICO Inc. Pension Plan and Trust*, Case No. 1:04-cv-00776-RJL ("*Carabillo II*"), and *ULLICO Inc. v. Luce*, Case No. 1:04-cv-1880-RJL ("*Luce II*") are, until further order, consolidated for discovery purposes only. This order does not constitute a determination that these actions should or should not be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure. A copy of this Order shall be filed in each such case.



2. *Filing Papers with the Court.* The purpose of the following instructions is to reduce the time and expense of duplicate filings of documents through the use of a master case file; while at the same time not congesting the master case with miscellaneous pleadings and orders that are of interest only to the parties directly affected by them. It is not intended that a party lose any rights based on a failure to follow these instructions.

   (a) *Master Docket and File.* The clerk will maintain a master docket and case file under the style "*In re* ULLICO INC. LITIGATION," master file number 1:03cv1556-RJL. All orders, pleadings, motions, and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each individual case to the extent applicable.

   (b) *Captions; Separate Filing.* Orders, pleadings, motions, and other documents will bear a caption similar to that of this order. If generally applicable to all consolidated actions, they shall include in their caption the notation that they relate to "ALL CASES" and be filed and docketed only in the master file. Documents intended to apply only to particular cases will indicate in their caption the case number of the case(s) to which they apply, and the clerk shall file and docket such documents both in the master case file and the specified individual case files. Pending motions need not be refiled, and will be ruled on by the Court in due course (unless withdrawn).

   (c) *Discovery Requests and Responses.* Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses will not be filed with the Court except when specifically ordered by the Court or to the extent offered in connection with a motion.

2

3.  *Consolidated Pleadings*

The parties shall file consolidated pleadings in *Carabillo I*, *Luce I*, and *Carabillo II* as set forth below.

a.  <u>Consolidated Complaint</u>. Joseph Carabillo, Robert Georgine, John Grelle and James Luce (hereinafter "the former officers") shall file a Consolidated Complaint on or before 20 days after the date of the entry of this Order in which they shall assert all claims within the scope of the *Carabillo I*, *Luce I*, and *Carabillo II* actions they intend to pursue, including any claims they intend to pursue that have been asserted in the original and amended complaints and claims they have or would assert in reply to the original and amended counterclaims already filed in those actions.

b.  <u>Consolidated Answers and Counterclaims</u>. ULLICO Inc. and any other Defendants to the former officers' Consolidated Complaint (hereinafter "ULLICO") shall file a Consolidated Answer and Counterclaim on or before 20 days after the date the former officers' Consolidated Complaint is filed in which they shall assert all claims within the scope of the *Carabillo I*, *Luce I*, and *Carabillo II* actions they intend to pursue, including any claims they intend to pursue that have been asserted in the original and amended counterclaims already filed in those actions.

c.  <u>Consolidated Reply</u>. The former officers and any other Defendants to ULLICO's Consolidated Counterclaim shall file a Consolidated Reply on or before 20 days after the date ULLICO's Consolidated Counterclaim is filed.

No further Rule 12 Motions shall be filed. The net result of these Consolidated Pleadings shall be a Consolidated Complaint, Answer, Counterclaim and Reply in the *Carabillo I*, *Luce I*, and *Carabillo II* actions, and the original complaint in the *Luce II* action and response thereto.

3

The parties shall plead consistent with the Court's prior rulings on the motions to dismiss filed in *Carabillo I*, and all parties' positions shall be preserved with respect to those rulings for the purposes of appeal.

4. *Discovery*

    (a) *Schedule.* Discovery shall begin upon the entry of this Order.

    (b) *Initial Disclosures.* Initial disclosures under Rule 26(a) shall be made on or before two weeks from the date of the entry of this Order.

    (c) *Fact Discovery.* Fact Discovery shall be completed on all the claims in the consolidated actions on or before nine months from the date of the entry of this Order.

    (d) *General Limitations.* Unless modified below, the limits on discovery in Federal Rules of Civil Procedure 26-37 shall apply.

    (e) *Documents.*

    (1) *Rolling Production.* The parties must produce documents to which they have not raised an objection on a rolling basis rather than waiting until all documents responsive to a request have been gathered. The parties must meet and confer regarding a schedule for the orderly production of different categories of documents.

    (2) *Avoidance of Multiple Requests and Coordination of Document Production with Other Courts.* Counsel shall, to the extent possible, coordinate and consolidate their requests for production and examination of documents to eliminate duplicative requests from the same party in this proceeding or in similar proceedings in other courts. No party shall request documents available to it at a document depository or from its co-Plaintiff or co-Defendant's counsel. Any party can move to compel production based upon a request for production by any other party.

4

(3) *Privilege.* A party who, relying on any privilege or on the work product doctrine, does not produce all relevant or requested documents in response to a request for production of documents or a subpoena must state that it is invoking a privilege and must specify which privilege or doctrine it is invoking. The parties are to confer to determine the format and time for production of privilege logs.

(f) *Interrogatories.* Counsel shall, to the extent possible, combine their interrogatories to any party into a single set of questions. No question shall be asked that has already been answered in response to interrogatories served by another party unless there is reason to believe that a different answer will be given. Any party can move to compel answers to interrogatories based upon interrogatories propounded by any other party. Each party shall serve no more than 50 interrogatories upon any other party without leave of Court. For purposes of this provision, ULLICO shall constitute a single party. Pursuant to Rule 26(e)(2), the parties must promptly amend answers to interrogatories to provide complete additional or corrective information.

(g) *Depositions.* Carabillo and Luce may take up to 12 depositions of fact witnesses as a group without leave of Court, and Carabillo and Luce each has the right to notice up to 6 depositions solely at his discretion. Counterclaim Defendants may take up to 18 depositions of fact witnesses as a group without leave of Court, and each Counterclaim Defendant has the right to notice up to 3 depositions solely at its own discretion. Carabillo and Luce may cede one or more of their depositions to the other as may Counterclaim Defendants. ULLICO may take up to 20 depositions of fact witnesses without leave of Court, and may take the depositions of the former officers for up to three non-consecutive days of seven hours each without leave of Court.

5. *Experts.* Rule 26(a)(2) Expert Disclosures shall be made on all the claims in the consolidated actions 30 days after the completion of fact discovery. Rule 26(a)(2)(C) Rebuttal Expert Disclosures shall be made 30 days after Rule 26(a)(2) Expert Disclosures. Expert Discovery shall be completed 30 days after Rule 26(a)(2)(C) Rebuttal Expert Disclosures. All Summary Judgment and *Daubert* Motions shall be filed no later than 60 days after the completion of Expert Discovery.

6. *Pending Motion for Protective Order.* Upon request of the moving party, Joseph A. Carabillo's previously filed Motion for Protective Order (Docket No. 92 in the 03-1556 matter) is hereby deemed withdrawn.

7. *Trial.* Dates for the final Pretrial Conference(s) and trial(s) shall be set by further order of the Court.

SO ORDERED.

Entered May __, 2005.

Richard J. Leon
United States District Judge

6