IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES W. LUCE, | : |
| | : |
|     Plaintiff, | : |
| | : Case No. 1:05-cv-01996(RJL) |
| v. | : Deck Type: Labor/ERISA |
| | : (Non-Employment) |
| ULLICO INC. PENSION PLAN | : |
| AND TRUST, *et al.*, | : |
| | : |
|     Defendants. | : |

**CONFERENCE REPORT AND DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 16(C), JAMES W. LUCE ("Luce"), Plaintiff, and Defendants, ULLICO INC. PENSION PLAN AND TRUST, ULLICO INC. EMPLOYEE BENEFIT PLANS ADMINISTRATIVE COMMITTEE, MARCELLUS DUCKETT, PETER HALEY, JOSEPH L. LINEHAN, JAMES PAUL, and MARK E. SINGLETON (collectively, the "ULLICO Qualified Plan"), respectfully submit the following Joint Conference Report and Discovery Plan.

**SUMMARY OF THE FACTS OF THE CASE**

Luce served ULLICO and subsequently, ULLICO INC. for over twenty years rising to the position of Executive Vice President of ULLICO INC. in 1985. In May, 2003, he accepted ULLICO INC.'s offer of an early retirement pursuant to an Early Retirement Program adopted by the ULLICO INC. Board of Directors on April 16, 2003.

The ULLICO Qualified Plan paid Luce's qualified retirement benefits from July, 2003 through January, 2005.  However, in January, 2005, ULLICO INC.'s General Counsel, Theodore Green, ordered the ULLICO Qualified Plan to reduce Luce's monthly retirement benefit on the grounds that it had been computed based on an "invalid and unauthorized" Plan Amendment adopted by the Benefits Committee of ULLICO INC., of which Luce was a member, on July 24, 2001.  Luce contends that decision was clearly wrong.  Luce filed an appeal of the reduction of his benefits with the Plan Administrator of the ULLICO Qualified Plan.  On March 31, 2005, the ULLICO Qualified Plan afforded Luce a hearing on his appeal.  The Administrative Committee's hearing subcommittee denied Luce's appeal by written opinion on May 20, 2005.

On July 21, 2005, Luce filed this action against the ULLICO Qualified Plan and the ULLICO INC. Employee Benefit Plan Administrative Committee ("Administrative Committee") for denial of his right to review documents pertinent to the Committee's adverse benefit determination; as an appeal from the administrative decision denying his claim for benefits; and for violations of the anti-cutback provisions of ERISA.  The action was filed in the United States District Court for the Eastern District of Virginia and was transferred here on Defendants' Motion to Dismiss.

This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United

States. Specifically, the action is brought under ERISA § 502(a)(1)(B) and (a)(3), 29 U.S.C. § 1132(a)(1)(B) and (a)(3).

Luce claims that he is entitled to receive post-retirement benefits from the Qualified Plan in the amount of $7,349.62 per month (less $1,134.24 withheld as Federal Income Tax and $387.17 withheld as Virginia State Income Tax) pursuant to a 50% joint and survivor annuity election he made based upon his knowledge of the facts at that time. However, in light of the benefit reduction decision made by the Qualified Plan, Luce has rescinded his election to be paid pursuant to a 50% joint and survivor annuity, and therefore is entitled to receive an increased current benefit.

The ULLICO Qualified Plan contends that the July 24, 2001 Amendment increasing the contribution rate from 2% to 2-1/2% is invalid, unauthorized and no part of the Qualified Plan. Consequently the Plan contends that the reduction of benefits to Luce is not wrongful, that the Plan Administrative Committee had the power to decide the issue and that its decision is correct.

## JOINT CONFERENCE REPORT

Counsel for the parties met in person on December 6, 2005 at 2:00 p.m. at the United States District Court for the District of Columbia and conferred in accordance with Fed. R. Civ. P. 26(f) and Local Civil Rule 26. The parties reached agreement on some but not all of the matters set forth Fed. R. Civ. P. 26(f), Local Rule 26 and the Casement Management Order dated October 26, 2005. A succinct

statement of all such agreements, as well as a description of the positions of each party on those matters as to which they disagree follows:

1. Whether the Case is Likely to be Disposed of By Dispositive Motion; Whether, if a Dispositive Motion has Already been Filed, the Parties Should Recommend to the Court that Discovery or Other Matters Should Await a Decision on the Motion.

The ULLICO Qualified Plan has filed a Motion to dismiss. The ULLICO Qualified Plan believes that discovery should await a decision on the motion. The ULLICO Qualified Plan also believes that if the Motion to Dismiss is not granted, discovery in this case should be consolidated and coordinated with discovery in *In re ULLICO INC. Litigation*, Master Case No. 1:03cv01556 (RJL).

Luce believes that discovery should not await a decision on the motion and that discovery should not be consolidated or coordinated with the discovery in *In re ULLICO INC. Litigation*. Luce also believes the case is likely to be disposed of by summary judgment but not until after completion of discovery of: (1) the facts regarding ULLICO INC.'s history and practice of delegating decisions regarding Benefit Plan Amendments to it's Benefits Committee; and (2) discovery of the application of the Plan Amendment to similarly situated retirees; and (3) the Court has ruled on the assertions of privilege upon which the ULLICO Qualified Plan relied in withholding production of certain documents relevant to the decision making of the Employee Benefit Plans Administrative Committee.

2. The Date by Which Any Other Party Shall be Joined or the Pleadings Amended, and Whether Some or All of the Factual and Legal Issues can be Agreed Upon or Narrowed.

The parties agree that no other parties need to be joined in this action.

3. <u>Whether There is a Realistic Possibility of Settling the Case.</u>

The parties agree that at some point it may be possible to settle the case. A Mediation Session is currently scheduled for December 20 and 21, 2005.

4. <u>Whether the Case Should be Assigned to a Magistrate Judge for all Purposes, Including Trial.</u>

The parties agree that the case should not be assigned to a Magistrate Judge for all purposes at this point in time, but believe that it may be helpful at some point to assign a Magistrate Judge for some or all purposes.

5. <u>Whether the Case Could Benefit from the Court's Alternative Dispute Resolution (ADR) Procedures (or Some Other Form of ADR); What Related Steps Should be Taken to Facilitate Such ADR; and Whether Counsel Have Discussed ADR and Their Response to This Provision With Their Clients.</u>

The parties do not believe that ADR will be beneficial at this stage of the litigation, but believe ADR may be beneficial after discovery and/or determinations on dispositive motions.

6. <u>Whether the Case can be Resolved by Summary Judgment or Motion to Dismiss; Dates for Filing Dispositive Potions and/or Cross-Motions, Oppositions, and Replies; and Proposed Dates for a Decision on the Motions.</u>

The parties agree that certain aspects of this case may be amenable to resolution on a Motion to Dismiss or for summary judgment; and that the time for Oppositions and Replies should be as stated in Local Civil Rule 7. The parties request the Court decide such motions before the final Pre-Trial Conference.

Luce requests the Court set a deadline for filing Summary Judgment Motions of one month after the close of the discovery.

The ULLICO Qualified Plan requests the Court to set the same deadline for filing Summary Judgment Motions as is set forth in the Consolidation and Scheduling Order in *In re ULLICO INC. Litigation*.

7.  **Whether the Parties Should Stipulate to Dispense with the Initial Disclosures Required by Rule 26(a)(1), F. R. Civ. P., and if not, what if any <u>Changes Should be made in the Scope, from or Timing of those Disclosures.</u>**

    The parties agree that they should not stipulate to dispense with the Initial Disclosures required by Rule 26(a)(1), and request the Court order that such disclosures be made fourteen (14) days after the issuance of a Rule 16(b) Order.

8.  **The Anticipated Extent of Discovery, how Long Discovery Should Take, what Limits Should be Placed on Discovery, Whether a Protective Order is Appropriate; and a Date for Completion of all Discovery, Including Answers to Interrogatories, Document Production, Request for Admissions, and <u>Depositions.</u>**

    Luce believes that fact discovery on Luce's claims can be accomplished within three (3) months. Accordingly, Luce proposes that the Court order that all fact discovery (including Answers to Interrogatories, document production, Request for Admissions, and depositions), be completed within three months after the issuance of the Rule 16(b) Order. Luce believes that the limits on discovery contained in Fed. R. Civ. P. 26-37 should not be modified.

    The ULLICO Qualified Plan believes that this case should be consolidated and/or coordinated with *In re: ULLICO INC. Litigation*, and that the limits on discovery contained in the Consolidation and Scheduling Order in that case should also be applicable in this case.

9. **Whether the Requirements of Exchange of Expert Witness Reports and Information Pursuant to Rule 26(a)(2), F. R. Civ. P. Should be Modified, and Whether and when Depositions of Experts Should Occur.**

Luce does not believe the deadlines for expert disclosures set in Rule 26(a)(2) and Local Rule 26 should be modified.

The ULLICO Qualified Plan requests the Court order that the Rule 26(a)(2) expert disclosures be made pursuant to the Consolidation and Scheduling Order in *In re: ULLICO INC. Litigation*.

10. **In Class Actions, Appropriate Procedures for Dealing with Rule 23 Proceedings.**

The parties agree that because this is not a Rule 23 proceeding, there is no need for special class action procedures.

11. **Whether the Trial and/or Discover Should be Bifurcated or Managed in Phases, any Specific Proposal for such Bifurcation.**

Luce believes that discovery in this case should not be managed in phases, and opposes consolidation of this case with *In re: ULLICO INC. Litigation*.

The ULLICO Qualified Plan believes that the case should be coordinated for both discovery and trial with *In re: ULLICO INC. Litigation*.

12. **The Date for the Pre-Trial Conference (Understanding that a Trial will take Place 30-60 Days Thereafter).**

Luce requests that the Court's Rule 16(b) Order set a date for the final Pre-Trial Conference of this case separate from *In re: ULLICO INC. Litigation*, and do so within seven (7) months after the issuance of the Rule 16(b) Order.

ULLICO requests that the Court's Rule 16(b) Order set a date certain for the final Pre-Trial Conference in this case at the same time as the final Pre-Trial Conference in *In Re: ULLICO INC. Litigation*.

13. **Whether the Court Should set a Firm Trial Date at the First Scheduling Conference or Should Provide that a Trial Date will be set at the Pre-Trial Conference from 30-60 Days After that Conference.**

Luce requests the Court's Rule 16(b) Order set a date certain for the trial of this case, separate from *In Re: ULLICO INC. Litigation* within eight (8) months after the issuance of the Rule 16(b) Order in this case.

The ULLICO Qualified Plan requests that the Court's Rule 16(b) Order contain the same provisions for setting a firm trial date as set forth in the Consolidation and Schedule Order in *In Re: ULLICO INC. Litigation.*

14. **Such Other Matters as the Parties Believe may be Appropriate for Inclusion in a Scheduling Order.**

None.

Dated:      December 29, 2005

_____/ s /_____
Robert E. Scully, Jr.
REES, BROOME & DIAZ, P.C.
8133 Leesburg Pike, Ninth Floor
Vienna, Virginia 22182
(703) 790-1911
Fax No.  (703) 790-5249
Counsel for James W. Luce
District of Columbia Bar No. 340828
rscully@rbdlaw.com

**Miller & Chevalier, Chtd.**

**By:** _____/ s /_____
**James A. Brincefield**
**D.C. Bar No. 189084)**
**Anthony J. Trenga**
**D.C. Bar No. 218255**
**655 15th Street, N.W., Suite 900**
**Washington, D.C. 20005-5701**
**Tel: (202) 626-5800**
**Fax: (202) 628-0858**
**atrenga@milchev.com**
**Attorneys for Defendants**

K:\12\12410\00003\PLDNGS\051215 USDC 1996 Conference Report and Discovery Plan.doc