UNITED STATES DISTRCT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES W. LUCE                                :
                                             :
    Plaintiff,                               :
                                             :    Civil Action No.: 05-1996-RJL
v.                                           :
                                             :
ULLICO INC. PENSION PLAN & TRUST,            :
et al.                                       :
                                             :
                                             :

**MEMORANDUM IN SUPPORT OF JAMES W. LUCE'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM
THE ULLICO INC. PENSION PLAN & TRUST AND THE ULLICO INC.
<u>EMPLOYEE BENEFIT PLAN ADMINISTRATIVE COMMITTEE</u>**

Plaintiff James W. Luce submits this memorandum in support of his motion to compel production of documents from defendants ULLICO Inc. Pension Plan & Trust and ULLICO Inc. Employee Benefit Plan Administrative Committee, made pursuant to Fed. R. Civ. P. 37(a)(2)(B).

## <u>INTRODUCTION</u>

James W. Luce ("Luce") is a former Vice-President of ULLICO Inc. ("ULLICO"). On June 1, 2003, after decades of dedicated service, Luce retired and acquired a vested interest in retirement benefits payable by the ULLICO Inc. Pension Plan and Trust ("the Qualified Plan"). The Qualified Plan is an "employee pension benefit plan," an "employee benefit plan," and a "defined benefit plan," within the meaning of ERISA, 29 U.S.C. §§ 1002(2)(A), 1002(3), 1002(35). From July 1, 2003 until January 1, 2005, the Qualified Plan paid Luce his full plan

benefits. However, in January 2005, despite numerous assurances from ULLICO officials that ULLICO and its benefit plans would honor their obligations to Luce, the Qualified Plan unilaterally reduced his monthly benefit from $7,349.62 to $5,879.70.

Luce appealed the January 2005 denial of his vested benefits under Article 9.3 of the Plan and Department of Labor Regulations. Shortly thereafter, Luce requested copies of the materials relevant to the denial of benefits as defined by the Department of Labor Regulations. On March 11, 2005 Theodore Green, then General Counsel to ULLICO, acting on behalf of the Employee Benefit Plan Administrative Committee ("Administrative Committee") as Plan Administrator, responded by producing just one document, a ULLICO corporate resolution.[1]

Luce then requested a hearing on his appeal before the Administrative Committee, which was held on March 31, 2005. The Administrative Committee was represented at that hearing by counsel in the person of Joseph Semo and Howard Bard of the firm Feder Semo & Bard, P.C. After that hearing but before the Administrative Committee rendered its written opinion, the Committee discharged the firm of Feder Semo & Bard, P.C. and engaged the Groom Law Group to represent it. The Groom Law Group wrote an extensive opinion denying Luce's Appeal dated May 20, 2005. Only much later did the Groom Law Group provide Luce's counsel with additional documents that it deemed "relevant" to its Opinion for the Committee. However, the Groom Law Group and the Plan specifically

---

[1] It is not clear whether the resolution produced by Mr. Green as the basis for the denial of Luce's benefits was ever actually adopted by the ULLICO Board of Directors.

2

withheld all communications between Counsel and the Committee and all minutes of the Committee deliberations that resulted in the Committee's ultimate decision to deny Luce's appeal.[2]

After the Administrative Committee denied Luce's appeal by final written opinion on May 20, 2005, Luce filed this civil action challenging that decision.

### The Document Requests at Issue

On March 2, 2006, Luce served his First Request for Production of Documents on the Qualified Plan and the Administrative Committee.  Copies of the requests are attached to this Memorandum as **Exhibits 1 and 2**, respectively.  The requests required production of certain categories of documents related to Luce's claim for benefits by April 3, 2006.

On April 3, 2006, the Qualified Plan and the Administrative Committee served Objections and Responses to Luce's Requests.  Copies of those Objections and Responses are attached to this Memorandum as **Exhibits 3 and 4**, respectively. The Qualified Plan and the Administrative Committee refused to provide any documents other than the "administrative record relating to Luce's claim for benefits" and it objected to each request on attorney client privilege and work product grounds.  *See* Exhibits 3 and 4.  No privilege log was produced.

On April 7th and 8th counsel for the parties conferred by conference call to address Luce's request for privilege logs from the Qualified Plan and the Administrative Committee, among others.  As a result of those meet and confer

---

[2] In their revised interrogatory responses, Exhibit 5 hereto, the Plan and Administrative Committee state that there are no minutes of any deliberations of the Committee on Luce's benefits claim.

3

sessions, the Qualified Plan and the Administrative Committee served Joint Revised Objections and Responses to the Requests and a privilege log on April 28, 2006. Copies of the Revised Objections and Responses and the privilege log are attached to this Memorandum as **Exhibits 5 and 6**, respectively.

The Administrative Committee charged with adjudicating Luce's Appeal was actually an adverse party that had prejudged the facts and the law at the direction of the ULLICO Inc. General Counsel and Board of Directors (Am. Compl. ¶¶ 82-87). The members of the Committee were not qualified to consider Luce's claim for benefits due to their blatant conflict of interest (Am. Compl. ¶¶ 61-63, 69-81). Consequently, the Administrative Committee's determination is not entitled to deferential review under the arbitrary and capricious standard.

Luce, therefore, is clearly entitled to the documents requested from the Plan and the Administrative Committee, including discovery beyond the normal boundaries of the administrative record. Those documents and the other documents withheld based on groundless claims of privilege, will assist him in proving the Administrative Committee's conflict of interest beyond peradventure.

## ARGUMENT

1. <u>The Documents are not Protected by the Attorney-Client Privilege.</u>

In response to Luce's document requests, the Qualified Plan and the Administrative Committee withheld eleven documents on the grounds that they are protected by the attorney client privilege. *See* Exhibit 6. Under *Washington-Baltimore Newspaper Guild, Local 35 v. Washington Star Co.*, 543 F. Supp. 906, 909

(D.D.C. 1982), legal advice rendered to an ERISA plan administrator adjudicating a benefits claim is not protected by the attorney-client privilege from disclosure to plan beneficiaries such as Luce.  The "exception" is really not an exception at all, but rather recognition that plan fiduciaries "exercise their authority not for themselves but for the benefit of their beneficiaries." *Id.*  Legal advice rendered to a plan administrator regarding a plan's decisions about benefits is subject to the "fiduciary exception" at any time before the decision on benefits is final.  *See Geissal v. Moore Med. Corp.*, 192 F.R.D. 620, 625 (E.D. Mo. 2000) (applying fiduciary exception to ERISA context); *see also Martin v. Valley Nat'l Bank of Arizona*, 140 F.R.D. 291, 322 (S.D.N.Y. 1991) ("beneficiary is entitled to inspect opinions of counsel procured by the trustee to guide him in the administration of the trust").

Based on the information provided in the privilege log, it appears that all of the documents withheld fall within the fiduciary exception to the attorney client privilege.  The Qualified Plan and the Administrative Committee are attempting to disingenuously invoke a non-existent attorney client privilege to prevent Luce from accessing all of the information and materials considered by the Administrative Committee when it reviewed and denied his claim for benefits.

The Department of Labor's ERISA regulations specifically grant Luce the right to "copies of all documents, records, and other information relevant to [his] claim for benefits," 29 C.F.R. § 52560.503-1(h)(2)(iii).  The "relevant" documents are any documents, records or other information that "(i) was relied upon in making the benefit determination; (ii) was submitted, considered or generated in the course of

5

making the benefit determination, without regard to whether such document, record or other information was relied upon in making the benefit determination; or (iii) demonstrates compliance with the administrative processes and safeguards required pursuant to Paragraph (b)(5) of this section in making the benefit determination," 29 C.F.R. § 52560.503-1(m)(8).

## Document "F" Must Be Produced

Chronologically, the first document on the privilege log is letter "F" a January 24, 2005 Memorandum from Theodore Green, Senior Vice President and General Counsel to ULLICO Inc., to J. Paul, a member of the Administrative Committee, regarding "letters to Georgine and Luce." This memorandum refers, in part, to a letter received by Luce just ten days earlier, on January 14, 2005, from Theodore Green, on behalf of the Administrative Committee, advising him that the Plan would no longer be paying his full vested retirement benefits.

Although it is not entirely clear whether Theodore Green was acting as counsel to the Plan Sponsor, ULLICO, Inc., or as counsel to the Plan Administrator (the Administrative Committee) in January of 2005, it does not matter. Either way, the attorney client privilege does not apply. If Theodore Green was acting as counsel to ULLICO Inc., rather than the Plan Administrator, then his Memorandum to J. Paul was not an attorney-client communication. If Theodore Green was representing both ULLICO, Inc. and the Plan when attorney-client communications between the Sponsor and its counsel relating to Plan administration were provided to, or disclosed to, the Plan Administrator as part of

6

its review of a benefits claim (or an appeal of a denial of benefits claim), the attorney client privilege is waived. *See Lewis v. UNUM Corp. Severance Plan*, 203 F.R.D. 615, 620-21 (D. Kan. 2001) (attorney client privilege waived by providing communications between in-house counsel and human resources department to plan administrator). Conversely, if Theodore Green *was* acting as counsel to the Plan Administrator, then his advice to Mr. Paul regarding administration of Luce's claim for benefits falls under the well-recognized fiduciary exception to the attorney-client privilege. *Id.* at 620 (denying benefits to a beneficiary is as much a part of the administration of a plan as conferring benefits to a beneficiary).

### Document "H" Must Be Produced

The next document, in chronological order, is letter "H". This document is described as an email exchange dated February 16, 2005 from J. Paul, to Lou Hejl, Assistant Vice President of Human Resources, Theodore Green, and Howard Bard, an attorney at the law firm of Feder Semo & Bard, which was acting as outside counsel to the Qualified Plan and Administrative Committee at that time. The description further states that the emails contain legal advice and attorney mental impressions regarding communications with James Luce. As noted above, Luce was notified of the reduction in his pension benefits by Theodore Green's letter dated January 14, 2005. Luce submitted his written appeal of that denial of vested benefits on February 1, 2005 and Theodore Green replied on behalf of the Administrative Committee on March 11, 2005. Given the timing of the email exchange it is clear that this document relates to the Administrative Committee's

"communications with James Luce" *regarding his claim for benefits* and, therefore, any legal advice rendered to the plan fiduciary in response to its request for advice regarding administration of Luce's claim for benefits is classic fiduciary-exception material.

### Document "C" Must Be Produced

The third document in the chronology, letter "C", is described as containing the handwritten notes of P. Haley, an Administrative Committee member, "reflecting communications with" Tony Trenga, one of ULLICO's litigation attorneys, and Damon Silvers, personal assistant to Terence O'Sullivan, the Chairman of the Board of ULLICO Inc. The date of the document is March 15, 2005, sixteen (16) days prior to the hearing on Luce's appeal and two months prior to the Administrative Committee's final decision denying Luce's appeal. As with the other documents, to the extent that P. Haley's notes reflect legal advice given to Haley by Trenga or Silvers regarding administration of Luce's claim for benefits, the substance of those communications falls within the fiduciary exception to the attorney client privilege. *See Washington-Baltimore Newspaper Guild, Local 35 v. Washington Star Co.*, 543 F. Supp. 906, 909 (D.D.C. 1982). On the other hand, to the extent that P. Haley's notes reflect communications between ULLICO and its litigation counsel Trenga regarding the administration of Luce's benefits claim, which were disclosed to Haley and other members of the Committee as part of the Committee's review of Luce's claim for benefits, any claim of attorney client

8

privilege has been waived and Luce is entitled to discover the information.  *See Lewis v. UNUM Corp. Severance Plan*, 203 F.R.D. 615, 620-21 (D. Kan. 2001)

### Document "E" Must Be Produced

Document "E" is yet another memorandum from Theodore Green to J. Paul. The document is described as "communication from counsel" regarding "James Luce Appeal" and is dated March 15, 2005.  Given the description of the documents, it is hard to imagine what substance this memorandum could contain that would fall outside the fiduciary exception.  The communication was made well before the decision on Luce's benefit's claim was final, s*ee Geissal v. Moore Med. Corp.*, 192 F.R.D. 620, 625 (E.D. Mo. 2000), and, it is allegedly a memorandum from the General Counsel of ULLICO Inc. *regarding Luce's appeal*.

### Document "K" Must Be Produced

Moving into April of 2005, but still prior to a final decision on Luce's claim for benefits, document "K", is a memorandum from Erin Barrow, a legal assistant in ULLICO's legal department, to the Administrative Committee dated April 4, 2005. Again, the description of this document is "communication from counsel re James Luce Appeal."  To the extent Ms. Barrow is conveying the legal advice of others to the Administrative Committee regarding administration of Luce's benefits claim there is no attorney-client protection for the communication.  If the communication includes disclosure of communications between counsel and ULLICO (the Plan Sponsor) any attorney client protection of the disclosed communications was waived by disclosure to the Administrative Committee.

**Document "G" Must Be Produced**

The next document from April, letter "G", is an email from Joseph Semo, of Feder Semo & Bard, to J. Linehan, a member of the Administrative Committee. The email is described as communication from counsel concerning the completion of the Administrative Committee's Report on Luce's benefits Appeal.  From the description of the document, it appears that this is related to the Administrative Committee's review and decision on Luce's benefits claim.  As such it is directly related to administration of Luce's claim for benefits and falls squarely within the fiduciary exception.

**Documents "I" and "B" Must Be Produced**

The next two documents, "I" and "B" are from May 2006.  The first of these, letter "I", is a May 12, 2005 email from Howard Bard, of Feder Some & Bard, to J. Cole, an attorney at Groom Law Group.  The email was created and transmitted around the time that Groom Law Group took over for Feder Semo & Bard as outside counsel to the Administrative Committee.  The fact that the communication apparently involves communications between co-counsel for the Defendants does not matter.  The communication between Mr. Bard and Mr. Cole is about "documents related to Luce benefits appeal," and to the same extent as the other documents on the privilege log, the communication is not privileged if it relates to legal advice about plan administration including the process of reviewing documents relevant to Luce's claim for benefits.

10

Document "B", dated May 13, 2005, is described as the handwritten notes of P. Haley disclosing advice of Jim Cole and Gary Ford of the Groom Law Group. It is not clear from the privilege log what advice Mr. Cole and Mr. Ford gave, but given that Groom Law Group began serving as outside counsel to the Administrative Committee just prior to issuance of the Committee's written opinion denying Luce's appeal in May of 2005, there is no factual basis for the assertion that the advice rendered by them to the Administrative Committee is privileged.

**The Drafts of the Administrative Committee Decision Must be Produced**

The remaining documents from May appear to both be drafts of the Administrative Committee's final opinion letter denying Luce's appeal. *See* Exhibit 6, Letters "A" and "J." Both documents are dated May 20, 2005, the same date as the Administrative Committee's final Opinion Letter. One document is an email from Groom Law Group to two Administrative Committee members, with a draft of the letter attached, and the other is a draft of the final letter from the Administrative Committee to counsel for Luce. Luce is entitled to copies of all drafts of the final decision of the Administrative Committee, even if they contain advice of counsel. *See Geissal v. Moore Med. Corp.*, 192 F.R.D. 620, 624 (E.D. Mo. 2000) (neither the attorney client privilege nor the work product doctrine prevents disclosure of the legal advice given to a plan administrator upon which the administrator relies when denying benefits).

### Document "D" Must Be Produced

The final remaining entry on the privilege log is document "D", a July 7, 2005 email from Groom Law Group to two Committee Members regarding Luce's objection to redaction of portions of the administrative record. Although this email is subsequent to the Administrative Committee's final decision on Luce's benefits claim, it clearly relates to Luce's request for relevant documents under Department of Labor Regulation 39 C.F.R. 52560.503-1 – none of which were received, even in redacted form, until *after* the Administrative Committee rendered its Final Opinion. As such, the email contains legal advice rendered to the Administrative Committee regarding the administration of Luce's claim to which the attorney client privilege does not attach.

It does not matter whether the allegedly privileged communication involves in-house or outside counsel. The Administrative Committee cannot avoid the fiduciary exception by seeking advice from counsel for ULLICO Inc., the Plan Sponsor, regarding administration of Luce's benefits claim.

2. The Documents are Not Protected from Discovery by the Attorney Work Product Doctrine.

With respect to eight of the eleven withheld documents, the Qualified Plan and the Administrative Committee have also asserted claims of work product protection. *See* Exhibit 6 documents A, B, C, D, H, I, J and K. Like the Defendants' claims of attorney client privilege, the assertion of work-product protection must fail.

Work product protection attaches to documents and tangible things prepared in anticipation of litigation or for trial by or for another party or that other party's representative. Fed. R. Civ. P. 26(b)(3). All but one of the documents withheld on work product grounds, were created prior to issuance of the Administrative Committee's Final Opinion. Some of the documents date as far back as February of 2005 – before the Plan had even acknowledged Luce's appeal of the January 14, 2005 adverse benefits determination. The entire administrative appeal process was not concluded until May 2005 yet, according to the Defendants, these various communications between inside and outside counsel and members of the Administrative Committee regarding Luce's claim for benefits were prepared in anticipation of litigation! A document that was created for the purpose of advising the Administrative Committee regarding performance of its fiduciary conduct, *ipso facto*, cannot have been created primarily in anticipation of litigation with Luce. The Defendants' assertion of the work product doctrine is an attempt to improperly narrow the obligation of disclosure owed to Luce as a plan beneficiary and it must fail.

Furthermore, the Defendants' assertion of work product protection *itself* renders the documents highly relevant and therefore discoverable. Luce is entitled to discovery with respect to conflicts of interest of the Administrative Committee that rendered it an interested party. *See e.g. DeFelice v. American Int'l Life Assur. Co.*, 112 F.3d 61, 66 (2d. Cir. 1997) (holding that because the administrator had a conflict of interest, the plaintiff was entitled to discovery outside the administrative

record); *Pulliam v. Cont'l Cas. Co.*, 29 Emp. Ben. Cas. (BNA) 2704, 2003 U.S. Dist. LEXIS 10010, *7 (D.D.C. Jan. 24, 2003) (granting plaintiff's motion to compel seeking responses to "discovery into the possibility that Continental was operating under a conflict of interest because the existence of a conflict of interest will affect the standard of review to be applied"); *Sheehan v. Metropolitan Life Ins. Co.*, No. 01-civ-9182, 2002 U.S. Dist. LEXIS 11789, *11 (S.D.N.Y. June 28, 2002) (holding that plaintiff is "entitled to present evidence outside the administrator's record on issues of plan administration and, if plaintiff is able to demonstrate a conflict of interest or other good cause, plaintiff will also be able to present evidence outside the record on the issue of [facts establishing his entitlement to benefits]"; *Parker v. Reliance Standard Life Ins. Co.*, 24 Emp. Ben. Cas. (BNA) 2564, 2000 U.S. Dist. LEXIS 784 (S.D.N.Y. 2000) (granting plaintiffs motion in limine to take discovery to supplement the administrative record because plaintiff had established good cause based on the plan administrator's conflict of interest in both making the eligibility determinations and paying any benefits under the plan).

The Administrative Committee sued Luce as a Counterclaim Defendant on July 26, 2004, in <u>Joseph A. Carabillo v. ULLICO Inc. Pension Plan and Trust, *et al*</u>. Civil Action No. 04-cv-776 (RJL) in the United States District Court for the District of Columbia, seeking to reduce Luce's Qualified Plan vested benefits. The Administrative Committee alleged in that Counterclaim that a Plan amendment made by the Benefits Committee in July 2001, when Luce was a member, which increased the pension accrual rate under the Plan from 2% to 2.5% effective for

certain ULLICO Inc. employees retiring on or after January 1, 2002, was "without authority" and "without disclosures to the [ULLICO] Board." The Committee sought relief including damages, a declaratory judgment that the amendment was void, and a declaration that Luce was not entitled to benefits at the 2.5% contribution rate. Counterclaim in <u>Joseph A. Carabillo v. ULLICO Inc. Pension Plan and Trust, *et al*</u>. Civil Action No. 04-cv-776 (RJL), at ¶¶ 18-30. That Counterclaim was filed in response to the direct order of the ULLICO Inc. Board adopted July 22, 2003, directing ULLICO and the Plan to "suspend" Luce's benefits and file suit against Luce and others. *See* Minutes of the Meeting of the Board of Directors of ULLICO Inc. held July 22, 2003, attached to this memorandum as **Exhibit 7**. The Counterclaim was still pending when the Administrative Committee caved in to the Board of Directors of ULLICO Inc. (of which every Committee member was an employee) and unilaterally granted itself, by self-help, the relief it had previously sought from this Court.

The Administrative Committee and its counsel now admit that they were actively engaged in preparations for the pending litigation of the same claims at the same time that they were purportedly engaging in neutral fact-finding and adjudication of Luce's benefit claim. Indeed, paradoxically, that seems to be the basis of the Administrative Committee's assertion of work product protection. The Administrative Committee is simply wrong when it claims that the pendency of the declaratory judgment action somehow confers work product protection from discovery of the Svengali influence the ULLICO Inc. Board of Directors and its

15

management minions exerted over the Administrative Committee's adjudication of Luce's claims. Discovery into the Administrative Committee's obvious, undeniable and disqualifying conflict of interest is directly related to Luce's allegations and his demand for *de novo* review of the Committee's denial of his Appeal. *See DeFelice*, 112 F.3d at 66 (noting that the "Appeals Committee which reviewed [plaintiff's] claim was comprised entirely of [Company] employees – hardly a neutral decision making body and holding that plaintiff could take discovery outside the administrative record "where the fairness of the ERISA appeals process cannot be established using only the record before the administrator").

Moreover, Luce has a substantial need for the withheld documents, which are doubly relevant because they contain the information on which the Administrative Committee relied and also demonstrate the Administrative Committee's conflict of interest. *See Xerox Corp. v. International Bus. Mach. Corp.*, 64 F.R.D. 367, 381 (S.D.N.Y. 1974) ("documents containing the work-product of attorneys which contain the attorney's thoughts, impressions, views, strategy, conclusions, and other similar information produced by the attorney in anticipation of litigation are to be protected when feasible, but not at the expense of hiding non-privileged facts from adversaries or the court").

## CONCLUSION

Based on the foregoing and the arguments of counsel presented at any hearing on this motion, this Court should enter an Order pursuant to its authority under Federal Rule of Civil Procedure 37 compelling the ULLICO Inc. Pension Plan

& Trust and the ULLICO Inc. Employee Benefit Plan Administrative Committee to produce all of the documents contained on the privilege log attached hereto as Exhibit 6.

Date: May 24, 2006                               Respectfully Submitted,

/s/
Robert E. Scully, Jr.
REES, BROOME & DIAZ, P.C.
8133 Leesburg Pike, Ninth Floor
Vienna, Virginia 22182
(703) 790-1911
Fax No. (703) 790-5249
Counsel for James W. Luce
D.C. Bar No. 340828

K:\12\12410\00003\PLDNGS\060508 Memo in Support of Motion to Compel Plan 05cv1996 ver 2.doc