# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES W. LUCE, | : |
| Plaintiff, | : |
| v. | : CASE NO. 1:05-CV-01996(RJL) |
| | : Deck Type: Labor/ERISA |
| ULLICO INC. PENSION PLAN & TRUST, | : (Non-Employment) |
| et al., | : |
| Defendants. | : |

## JAMES W. LUCE'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO THE ULLICO INC. PENSION PLAN & TRUST

JAMES W. LUCE makes the following Request for Production of Documents to THE ULLICO, INC. PENSION PLAN & TRUST pursuant to Fed. R. Civ. P. 34.

### INSTRUCTIONS AND DEFINITIONS

1. As used in these requests, "you" refers to The ULLICO Inc. Pension Plan & Trust, and where applicable, to its Plan Administrator or other Authorized Representatives.

2. The term "Plan Administrator" shall mean the Plan Administrator as defined by the terms of the ULLICO Inc. Pension Plan & Trust including, but not limited to, the ULLICO Inc. Employee Benefit Plan Administrative Committee, any subcommittee thereof, or any committee appointed by it in accordance with the terms of the Plan.

3. The term "Plan" shall mean ULLICO Inc. Pension Plan & Trust as amended and restated from time to time.

4. As used in these requests, the term "document" or "documents" means, without limitation, any written, recorded or graphic matter, whether produced, reproduced or stored on paper, cards, tapes, film, electronic file, computer storage device, or any other tangible or intangible storage media. With respect to any document requested, if the document exists in both "hard copy" format, i.e., traditional printed paper, and in an electronic version as well, such as Adobe Acrobat Portable Document Format ("PDF"), the Request for Production includes

the production of the complete PDF document, including both the image and the searchable text files created with respect to that document, if any. With respect to any such electronic files or documents, the Request for Production also includes any "automatic index information capture" created or maintained with respect to that document or file, including any date or number matrix, document control command, indexing bar codes, custom document separator sheets, or any other document capture or retrieval codes or files.

5.  In the event you decline to produce any document requested on the basis of a claim of privilege or a claim of work-product protection, please identify and describe each document withheld by date, author, addressee, signatory, subject matter, number of pages, Bates number or other identifier, and state the privilege relied upon and the facts allegedly supporting such claim. In addition, identify all persons who have or have had access to, or who have received a copy of the document or any portion of it, so that Luce may be able to contest the claim that the privilege has been waived by distribution to third parties. Fed. R. Civ. P. 45(d)(2).

6.  If any of the documents requested in this Request for Production of Documents are unavailable because they have been destroyed, because they are no longer in the possession, custody or control of you or your agents or representatives, or for any other reason, identify each such document by date, author, addressee, signatory, subject matter, number of pages, Bates number or other numerical identifier; and state when the documents were destroyed and why, and state the identity of all persons who ordered them destroyed, together with the reason for their destruction.

## DOCUMENTS TO BE PRODUCED

Request No. 1:

All documents, records and other information "relevant" to James W. Luce's claim for benefits pursuant to 29 C.F.R. § 2560.503-1(m)(8), including documents, records or other information that were: (1) relied upon in making the benefit determination; (2) submitted, considered or generated in the course of making the benefit determination, without regard to whether such document, record or other information was relied upon in making the benefit determination; or

(3) demonstrates compliance with the administrative processes and safeguards required in making the benefit determination.

Any document previously produced by you in complete and unredacted form need not be produced again in response to this Request for Production of Documents.

Response:

Request No. 2:

Complete and unredacted copies of the following documents:

(a) Documents withheld based on a claim of attorney-client privilege, including AC00007-AC00031; AC00063-AC00075; AC00080-AC00081; AC00094-AC00097; AC00264-AC00274; and AC01087-AC01100;

(b) The minutes of the meetings of the Board of Directors of ULLICO Inc., the Executive Committee of the Board and the Benefits Committee;

(c) The minutes of meetings of the Plan Administrative Committee held on April 22, May 5 and May 18, 2005, at which James W. Luce's Appeal was considered; and

(d) All correspondence, e-mails or records of communications between the Employee Benefit Plan's Administrative Committee, or its agents, representatives, or attorneys, and any other current or former ULLICO employees, witnesses, or persons with knowledge of any facts that were "generated in the course of making the benefit determination."

Response:

Request No. 3:

All documents reflecting the drafting, review, approval, or revision of that portion of the proxy statement sent to the shareholders of ULLICO Inc. soliciting voting proxies in favor of directors to be elected at the May 2004 Annual Meeting of ULLICO Inc., relating to the description of the Retirement Plan benefits set forth in the Complaint at Paragraph 43.

Response:

Request No. 4:

All documents reflecting any correspondence or communication between the Plan, the Plan Administrative Committee, or any representative thereof, and Joseph Semo, Howard Bard, or any member or associate of Feder, Semo & Bard, P.C., or its predecessors relating to the factual allegations set forth in Paragraphs 69, 70 and 135 of the Complaint.

Response:

Request No. 5:

All documents reflecting any correspondence or communication between the Plan, the Plan Administrative Committee, or any representative thereof, and Joseph Semo, Howard Bard, or any member or associate of Feder, Semo & Bard, P.C., or its predecessors relating to the deliberative process that preceded the adoption of the Plan amendments that created the June 1, 2003 Early Retirement Program as alleged in Paragraph 71 of the Complaint.

Response:

Request No. 6:

All documents reflecting any drafts or revisions of those portions of the Annual Report and proxy statements of ULLICO Inc. for the years 2002 and 2003 as described in the Complaint at Paragraphs 127 through 129.

Response:

Request No. 7:

Unredacted copies of the September 2002 Executive Committee briefing materials prepared by or for Chairman Georgine as described in the Complaint at Paragraphs 130 through 133.

Response:

Request No. 8:

All documents relating to or reflecting the deliberative process that led to the adoption of the Amendment and Restatement of the ULLICO Inc. Pension Plan & Trust effective March 1, 2005, as described in the Complaint at Paragraphs 121 and 122, including the resolutions of the Board of Directors, the Executive Committee or other Committee that adopted the amendment and restatement.

Response:


Request No. 9:

The complete application for a determination letter that the Plan remained a "qualified plan" as alleged in Complaint, Paragraph 123, and all correspondence or communications between the Plan, or ULLICO Inc. as Plan Sponsor, and the United States Internal Revenue Service prior to the issuance of a favorable determination by the IRS, as alleged in Complaint, Paragraph 124.

Response:


                                                Respectfully Submitted,

                                                JAMES W. LUCE
                                                By Counsel

*Robert E. Scully, Jr.* by EXS
Robert E. Scully, Jr.
REES, BROOME & DIAZ, P.C.
8133 Leesburg Pike, Ninth Floor
Vienna, Virginia 22182
(703) 790-1911
Facsimile No. (703) 790-5249
Counsel for James W. Luce
District of Columbia Bar No.: 340828
rscully@rbdlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 2d day of March 2006, a true and accurate copy of the foregoing Request for Production of Documents was hand-delivered to:

> Anthony J. Trenga, Esquire
> Miller & Chevalier, Chartered
> 655 15th Street, N.W., Suite 900
> Washington, D.C. 20005-5701
> Attorney for Defendants

*Robert E. Scully, Jr.* by EXS
Robert E. Scully, Jr.

K:\12\12410\00003\Discovery in Luce v. Qualified Plan - EDVA\050920 Luce's First RFP Documents to the ULLICO Inc. Pension Plan and Trust.doc

7

## Margaret B. Leffell

**From:** Margaret B. Leffell
**Sent:** Thursday, March 02, 2006 11:03 AM
**To:** 'JWLUCE@aol.com'; 'Wahle, Karen'
**Cc:** Robert E. Scully; Emily H. Smith
**Subject:** Case No. 1-05-cv-1996 (RJL) Discovery



Jntitled.pdf (635 KB)

Good a.m.:

    For your records, here is some discovery we are sending out to Trenga via hand delivery this a.m.  Please call us with any questions or concerns.

    Thank you.

Margaret Burwell Leffell
Rees, Broome & Diaz PC
8133 Leesburg Pike, Ninth Floor
Tyson's Corner
Vienna, Virginia  22182
(703) 790-1911
mleffell@rbdlaw.com

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege.  If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited.  If you have received this e-mail in error, please immediately notify Rees, Broome & Diaz, P.C. by telephone at (703) 790-1911.  You will be reimbursed for reasonable costs incurred in notifying us.

This PDF file was created using the eCopy Suite of products. For more information about how you can eCopy paper documents and distribute them by email please visit http://www.ecopy.com