# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES W. LUCE,

Plaintiff,

v.

ULLICO PENSION PLAN AND TRUST, et al.,

Defendants.

CASE NUMBER: 1:05-CV-1996-(RJL)
Deck Type: Labor/ERISA
(Non-Employment)

**DEFENDANT THE ULLICO INC. PENSION PLAN & TRUST'S OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant, The ULLICO Inc. Pension Plan & Trust ("ULLICO" or "Defendant"), through its counsel, and pursuant to Fed. R. Civ. P. 34, states its objections to Plaintiff James W. Luce's ("Luce" or "Plaintiff") First Request for Production of Documents to Defendant dated March 2, 2006, as follows:

**INTRODUCTION AND GENERAL OBJECTIONS**

1. These objections shall not be deemed a waiver of any objection ULLICO may wish to interpose at any proceeding, hearing or trial with respect to the matters disclosed by any future response or production, or with respect to the relevancy, materiality or admissibility of the information referenced or contained in any future response or production. Each objection is without prejudice to, or waiver of, any objection ULLICO may make to any future use of any future response or production.

2. Discovery in this matter is still on-going. ULLICO objects to these Requests for Production to the extent they seek documents that have yet to be disclosed during the discovery

process and that are not yet in the possession of ULLICO. ULLICO reserves the right to revise, alter, amend or supplement any future response or production to the Requests if and when relevant documents become known to it during discovery.

3. ULLICO objects to all discovery requests by Luce that seek information, documents, communications or any other material beyond that contained in the administrative record relating to Luce's claims for benefits. ULLICO will produce the administrative record, and rest on its objections with respect to the remainder of Luce's discovery requests.

## SPECIFIC OBJECTIONS

**REQUEST NO. 1:**

All documents, records and other information "relevant" to James W. Luce's claim for benefits pursuant to 29 C.F.R. § 2560.503-1(m)(8), including documents, records or other information that were: (1) relied upon in making the benefit determination; (2) submitted, considered or generated in the course of making the benefit determination, without regard to whether such document, record or other information was relief upon in making the benefit determination; or (3) demonstrates compliance with the administrative processes and safeguards required in making the benefit determination.

Any document previously produced by you in complete and unredacted form need not be produced again in response to this Request for Production of Documents.

**OBJECTIONS:**

ULLICO objects to this request as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, that it seeks materials protected by the attorney-client privilege or work product doctrine, and that it seeks material previously produced.

**RESPONSE:**

Without waiving these objections, ULLICO responds as follows: ULLICO will produce the administrative record relating to Luce's claims for benefits. ULLICO rests on its objections with respect to the remainder of the request.

**REQUEST NO. 2:**

Complete and unredacted copies of the following documents:

(a) Documents withheld based on a claim of attorney-client privilege including AC00007-AC00031; AC00063-AC00075; AC00080-AC00081; AC00094-AC00097; AC00264-AC00274; and AC01087-AC01100;

(b) The minutes of the meetings of the Board of Directors for ULLICO Inc., the Executive Committee of the Benefits Committee;

(c) The minutes of meetings of the Plan Administrative Committee held on April 22, May 5 and May 18, 2005, at which James W. Luce's Appeal was considered; and

(d) All correspondence, e-mails or records of communications between the Employee Benefit Plan's Administrative Committee, or its agents, representatives, or attorneys, and any other current or former ULLICO employees, witnesses, or persons with knowledge of any fats that were "generated in the course of making the benefit determination."

**OBJECTIONS:**

ULLICO objects to this request as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, that it seeks materials protected by the attorney-client privilege or work product doctrine, and that it seeks material previously produced.

**RESPONSE:**

Without waiving these objections, ULLICO responds as follows: ULLICO will produce the administrative record relating to Luce's claims for benefits. ULLICO rests on its objections with respect to the remainder of the request.

**REQUEST NO. 3:**

All documents reflecting the drafting, review, approval, or revisions of that portion of the proxy statement sent to the shareholders of ULLICO Inc. soliciting voting proxies in favor of directors to be elected at the May 2004 Annual Meeting of ULLICO Inc., relating to the description of the Retirement Plan benefits set forth in the Complaint at Paragraph 43.

**OBJECTIONS:**

ULLICO objects to this request as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, that it seeks materials protected by the attorney-client privilege or work product doctrine, and that it seeks material previously produced.

**RESPONSE:**

Without waiving these objections, ULLICO responds as follows: ULLICO will produce the administrative record relating to Luce's claims for benefits. ULLICO rests on its objections with respect to the remainder of the request.

**REQUEST NO. 4:**

All documents reflecting any correspondence or communication between the Plan, the Plan Administrative Committee, or any representative thereof, and Joseph Semo, Howard Bard, or any member or associate of Feder, Semo & Bard, P.C., or its predecessors relating to the factual allegations set forth in Paragraphs 69, 70 and 135 of the Complaint.

**OBJECTIONS:**

ULLICO objects to this request as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, that it seeks materials protected by the attorney-client privilege or work product doctrine, and that it seeks material previously produced.

**RESPONSE:**

Without waiving these objections, ULLICO responds as follows: ULLICO will produce the administrative record relating to Luce's claims for benefits. ULLICO rests on its objections with respect to the remainder of the request.

**REQUEST NO. 5:**

All documents reflecting any correspondence or communication between the Plan, the Plan Administrative committee, or any representative thereof, and Joseph Semo, Howard Bard, or any member of associate of Feder, Semo & Bard, P.C., or its predecessors relating to the deliberative process that preceded the adoption of the Plan amendments that created the June 1, 2003 Early Retirement Program as alleged in Paragraph 71 of the Complaint.

**OBJECTIONS:**

ULLICO objects to this request as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, that it seeks materials protected by the attorney-client privilege or work product doctrine, and that it seeks material previously produced.

**RESPONSE:**

Without waiving these objections, ULLICO responds as follows: ULLICO will produce the administrative record relating to Luce's claims for benefits. ULLICO rests on its objections with respect to the remainder of the request.

**REQUEST NO. 6:**

All documents reflecting any drafts or revisions of those portions of the Annual Report and proxy statements of ULLICO Inc. for the years 2002 and 2003 as described in the Complaint at Paragraphs 127 through 129.

**OBJECTIONS:**

ULLICO objects to this request as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, that it seeks materials protected by the attorney-client privilege or work product doctrine, and that it seeks material previously produced.

**RESPONSE:**

Without waiving these objections, ULLICO responds as follows: ULLICO will produce the administrative record relating to Luce's claims for benefits. ULLICO rests on its objections with respect to the remainder of the request.

**REQUEST NO. 7:**

Unredacted copies of the September 2002 Executive Committee briefing materials prepared by or for Chairman Georgine as described in the complaint at Paragraphs 130 through 133.

**OBJECTIONS:**

ULLICO objects to this request as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, that it seeks materials protected by the attorney-client privilege or work product doctrine, and that it seeks material previously produced.

**RESPONSE:**

Without waiving these objections, ULLICO responds as follows: ULLICO will produce the administrative record relating to Luce's claims for benefits. ULLICO rests on its objections with respect to the remainder of the request.

**REQUEST NO. 8:**

All documents relating to or reflecting the deliberative process that led to the adoption of the Amendment and Restatement of the ULLICO Inc. Pension Plan and Trust effective March 1, 2005, as described in the Complaint at Paragraphs 121 and 122, including the resolutions of the Board of Directors, the Executive Committee or other Committee that adopted the amendment and restatement.

**OBJECTIONS:**

ULLICO objects to this request as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, that it seeks materials

protected by the attorney-client privilege or work product doctrine, and that it seeks material previously produced.

**RESPONSE:**

Without waiving these objections, ULLICO responds as follows: ULLICO will produce the administrative record relating to Luce's claims for benefits. ULLICO rests on its objections with respect to the remainder of the request.

**REQUEST NO. 9:**

The complete application for a determination letter that the Plan remained a "qualified plan" as alleged in Complaint, Paragraph 123, and all correspondence or communications between the Plan, or ULLICO Inc. as Plan Sponsor, and the United States Internal Revenue Service prior to the issuance of a favorable determination by the IRS, as alleged in Complaint, Paragraph 124.

**OBJECTIONS:**

ULLICO objects to this request as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, that it seeks materials protected by the attorney-client privilege or work product doctrine, and that it seeks material previously produced.

**RESPONSE:**

Without waiving these objections, ULLICO responds as follows: ULLICO will produce the administrative record relating to Luce's claims for benefits. ULLICO rests on its objections with respect to the remainder of the request.

Respectfully Submitted,

THE ULLICO INC. PENSION PLAN & TRUST
By Counsel

MILLER & CHEVALIER CHARTERED

By ______________________________

Anthony J. Trenga (DC Bar #218255)
Brian A. Hill (DC Bar # 456086)
Matthew T. Reinhard (DC Bar # 474941)
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701
Tel. (202) 626-5800
Fax. (202) 626-5801
atrenga@milchev.com
Attorneys for Defendant,
The ULLICO Pension Plan & Trust

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of April, 2006, a true and accurate copy of the foregoing document was hand-delivered, to the following:

Robert E. Scully, Jr.
Rees, Broome & Diaz, P.C.
8133 Leesburg Pike, Ninth Floor
Vienna, VA 22182

______________________________
Matthew T. Reinhard