# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES W. LUCE,<br><br>Plaintiff,<br><br>v.<br><br>ULLICO PENSION PLAN AND TRUST,<br>et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NUMBER: 1:05-CV-1996-(RJL)
Deck Type: Labor/ERISA
(Non-Employment)

**DEFENDANTS THE ULLICO INC. PENSION PLAN & TRUST AND THE ULLICO
INC. EMPLOYEE BENEFIT PLAN ADMINISTRATION COMMITTEE'S
REVISED OBJECTIONS AND RESPONSES TO PLAINTIFF'S
FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendants, The ULLICO Inc. Pension Plan & Trust ("the Plan") and the ULLICO Inc.

Employee Benefit Plan Administration Committee ("the Committee") (collectively

"Defendants"), through their counsel, and pursuant to Fed. R. Civ. P. 34, state their objections

and respond to Plaintiff James W. Luce's ("Luce" or "Plaintiff") First Requests for Production of

Documents to Defendants dated March 2, 2006, as follows:

**GENERAL OBJECTIONS AND RESPONSES**

1.      These objections shall not be deemed a waiver of any objections the Defendants

may wish to interpose at any proceeding, hearing or trial with respect to the matters disclosed by

any future response or production, or with respect to the relevancy, materiality or admissibility of

the information referenced or contained in any future response or production.  Each objection is

without prejudice to, or waiver of, any objections the Defendants may make to any future use of

any future response or production.

2.      Discovery in this matter is still on-going.  The Defendants object to these Requests for Production to the extent they seek documents that have yet to be disclosed during the discovery process and/or documents that are not in the Defendants' possession, custody or control.  Defendants reserve the right to revise, alter, amend or supplement any future response or production to the Requests if and when relevant documents become known to them during discovery.  The Defendants' responses to the Requests, as set forth below, involve solely the Defendants' own information and do not constitute an undertaking to produce documents in the possession, custody or control of other entities or individuals.

3.      The Defendants object to the Requests to the extent they seek information and documents either not relevant to the claims and issues in this action or not reasonably calculated to lead to the discovery of admissible evidence.

4.      The Defendants object to all discovery requests by Luce that seek information, documents, communications or any other material beyond that contained in the Administrative Record relating to Luce's claims for benefits (the "Administrative Record").

5.      Defendants assume that the Requests do not encompass, and Defendants will not list on a privilege log, any documents protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine or any other applicable privilege other than privileged documents directly related to Luce's Benefits Appeal created between January 14, 2005 and July 26, 2005 in the possession, custody, or control of the Defendants.

6.      Defendants object to all discovery requests by Luce that seek information, documents, communications or any other material previously produced during discovery for the related Consolidated Action pending before this Court.

610006.3

7.    Subject to and without waiving its objections to the Requests, the Defendants will produce the Administrative Record relating to Luce's claims for benefits and any other non-privileged documents not previously produced and directly related to Luce's Benefits Appeal created between January 14, 2005 and July 26, 2005 in the possession, custody or control of the Defendants.

## SPECIFIC OBJECTIONS

### REQUEST NO. 1:

All documents, records and other information "relevant" to James W. Luce's claim for benefits pursuant to 29 C.F.R. § 2560.503-1(m)(8), including documents, records or other information that were: (1) relied upon in making the benefit determination; (2) submitted, considered or generated in the course of making the benefit determination, without regard to whether such document, record or other information was relief upon in making the benefit determination; or (3) demonstrates compliance with the administrative processes and safeguards required in making the benefit determination.

Any document previously produced by you in complete and unredacted form need not be produced again in response to this Request for Production of Documents.

### OBJECTIONS:

Defendants object to this request to the extent it seeks: (a) material outside the Administrative Record; (b) material protected by the attorney-client privilege or work product doctrine; (c) material outside the possession, custody, or control of the Defendants; (d) material that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (e) material previously produced as a part of related litigation.

### RESPONSE:

Subject to and without waiving any of their objections, the Defendants respond as follows:  to the extent the request seeks documents that are included within the Administrative Record and/or any non-privileged responsive documents not previously produced in any form directly related to Luce's Benefits Appeal created between January 14, 2005 and July 26, 2005

610006.3

within the possession custody or control of the Committee, Defendants will produce such documents. To the extent the request seeks any other material, Defendants rest on their objections and decline to produce such documents. Accordingly, Defendants will produce non-privileged documents responsive to this request that are part of the Administrative Record.

**REQUEST NO. 2:**

Complete and unredacted copies of the following documents:

(a)     Documents withheld based on a claim of attorney-client privilege including AC00007-AC00031; AC00063-AC00075; AC00080-AC00081; AC00094-AC00097; AC00264-AC00274; and AC01087-AC01100;

(b)     The minutes of the meetings of the Board of Directors for ULLICO Inc., the Executive Committee of the Board and the Benefits Committee;

(c)     The minutes of meetings of the Plan Administrative Committee held on April 22, May 5 and May 18, 2005, at which James W. Luce's Appeal was considered; and

(d)     All correspondence, e-mails or records of communications between the Employee Benefit Plan's Administrative Committee, or its agents, representatives, or attorneys, and any other current or former ULLICO employees, witnesses, or persons with knowledge of any facts that were "generated in the course of making the benefit determination."

**OBJECTIONS:**

Defendants object to this request to the extent it seeks: (a) material outside the Administrative Record; (b) material protected by the attorney-client privilege or work product doctrine; (c) material outside the possession, custody, or control of the Defendants; (d) material that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (e) material previously produced as a part of related litigation.

**RESPONSE:**

Subject to and without waiving any of their objections, the Defendants respond as follows: to the extent the request seeks documents that are included within the Administrative Record and/or any non-privileged responsive documents not previously produced in any form

610006.3

directly related to Luce's Benefits Appeal created between January 14, 2005 and July 26, 2005 within the possession custody or control of the Committee, Defendants will produce such documents. To the extent the request seeks any other material, Defendants rest on their objections and decline to produce such documents. Accordingly, Defendants will produce:

(i) AC00007-AC00031, AC00064-AC00068, and AC01087-AC01100,

(ii) minutes of the meetings of the Board of Directors for ULLICO Inc., the Executive Committee of the Board and the Benefits Committee to the extent they are part of the Administrative record, and

(iii)   correspondence, e-mails or records of communications between the Employee Benefit Plan's Administrative Committee, or its agents, representatives, or attorneys, and any other current or former ULLICO employees, witnesses, or persons with knowledge of any facts that were "generated in the course of making the benefit determination" to the extent they are not privileged, have not been previously produce, are part of the Administrative Record, or are directly related to Luce's Benefits Appeal and were created between January 14, 2005 and July 26, 2005 and are within the possession custody or control of Defendants.

Defendants will not produce:

(i) AC00063, AC00069, AC00080-AC00081, AC00094-AC00097, or AC00264-AC00274 because they are privileged, and

(ii)   minutes of meetings of the Plan Administrative Committee held on April 22, May 5 and May 18, 2005, at which James W. Luce's Appeal was considered because no such documents exist.

610006.3

## REQUEST NO. 3:

All documents reflecting the drafting, review, approval, or revisions of that portion of the proxy statement sent to the shareholders of ULLICO Inc. soliciting voting proxies in favor of directors to be elected at the May 2004 Annual Meeting of ULLICO Inc., relating to the description of the Retirement Plan benefits set forth in the Complaint at Paragraph 43.

## OBJECTIONS:

Defendants object to this request to the extent it seeks: (a) material outside the

Administrative Record; (b) material protected by the attorney-client privilege or work product

doctrine; (c) material outside the possession, custody, or control of the Defendants; (d) material

that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence;

and (e) material previously produced as a part of related litigation.

## RESPONSE:

Subject to and without waiving any of their objections, the Defendants respond as

follows: to the extent the request seeks documents that are included within the Administrative

Record and/or any non-privileged responsive documents not previously produced in any form

directly related to Luce's Benefits Appeal created between January 14, 2005 and July 26, 2005

within the possession custody or control of the Committee, Defendants will produce such

documents. To the extent the request seeks any other material, Defendants rest on their

objections and decline to produce such documents.

## REQUEST NO. 4:

All documents reflecting any correspondence or communication between the Plan, the Plan Administrative Committee, or any representative thereof, and Joseph Semo, Howard Bard, or any member or associate of Feder, Semo & Bard, P.C., or its predecessors relating to the factual allegations set forth in Paragraphs 69, 70 and 135 of the Complaint.

610006.3

**OBJECTIONS:**

Defendants object to this request to the extent it seeks: (a) material outside the Administrative Record; (b) material protected by the attorney-client privilege or work product doctrine; (c) material outside the possession, custody, or control of the Defendants; (d) material that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (e) material previously produced as a part of related litigation.

**RESPONSE:**

Subject to and without waiving any of their objections, the Defendants respond as follows:  to the extent the request seeks documents that are included within the Administrative Record and/or any non-privileged responsive documents not previously produced in any form directly related to Luce's Benefits Appeal created between January 14, 2005 and July 26, 2005 within the possession custody or control of the Committee, Defendants will produce such documents.  To the extent the request seeks any other material, Defendants rest on their objections and decline to produce such documents.

**REQUEST NO. 5:**

All documents reflecting any correspondence or communication between the Plan, the Plan Administrative committee, or any representative thereof, and Joseph Semo, Howard Bard, or any member of associate of Feder, Semo & Bard, P.C., or its predecessors relating to the deliberative process that preceded the adoption of the Plan amendments that created the June 1, 2003 Early Retirement Program as alleged in Paragraph 71 of the Complaint.

**OBJECTIONS:**

Defendants object to this request to the extent it seeks: (a) material outside the Administrative Record; (b) material protected by the attorney-client privilege or work product doctrine; (c) material outside the possession, custody, or control of the Defendants; (d) material

610006.3

that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence;

and (e) material previously produced as a part of related litigation.

**RESPONSE:**

Subject to and without waiving any of their objections, the Defendants respond as

follows: to the extent the request seeks documents that are included within the Administrative

Record and/or any non-privileged responsive documents not previously produced in any form

directly related to Luce's Benefits Appeal created between January 14, 2005 and July 26, 2005

within the possession custody or control of the Committee, Defendants will produce such

documents. To the extent the request seeks any other material, Defendants rest on their

objections and decline to produce such documents.

**REQUEST NO. 6:**

All documents reflecting any drafts or revisions of those portions of the Annual Report
and proxy statements of ULLICO Inc. for the years 2002 and 2003 as described in the Complaint
at Paragraphs 127 through 129.

**OBJECTIONS:**

Defendants object to this request to the extent it seeks: (a) material outside the

Administrative Record; (b) material protected by the attorney-client privilege or work product

doctrine; (c) material outside the possession, custody, or control of the Defendants; (d) material

that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence;

and (e) material previously produced as a part of related litigation.

**RESPONSE:**

Subject to and without waiving any of their objections, the Defendants respond as

follows: to the extent the request seeks documents that are included within the Administrative

Record and/or any non-privileged responsive documents not previously produced in any form

directly related to Luce's Benefits Appeal created between January 14, 2005 and July 26, 2005 within the possession custody or control of the Committee, Defendants will produce such documents. To the extent the request seeks any other material, Defendants rest on their objections and decline to produce such documents.

## REQUEST NO. 7:

Unredacted copies of the September 2002 Executive Committee briefing materials prepared by or for Chairman Georgine as described in the complaint at Paragraphs 130 through 133.

## OBJECTIONS:

Defendants object to this request to the extent it seeks: (a) material outside the Administrative Record; (b) material protected by the attorney-client privilege or work product doctrine; (c) material outside the possession, custody, or control of the Defendants; (d) material that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (e) material previously produced as a part of related litigation.

## RESPONSE:

Subject to and without waiving any of their objections, the Defendants respond as follows: to the extent the request seeks documents that are included within the Administrative Record and/or any non-privileged responsive documents not previously produced in any form directly related to Luce's Benefits Appeal created between January 14, 2005 and July 26, 2005 within the possession custody or control of the Committee, Defendants will produce such documents. To the extent the request seeks any other material, Defendants rest on their objections and decline to produce such documents.

**REQUEST NO. 8:**

All documents relating to or reflecting the deliberative process that led to the adoption of the Amendment and Restatement of the ULLICO Inc. Pension Plan and Trust effective March 1, 2005, as described in the Complaint at Paragraphs 121 and 122, including the resolutions of the Board of Directors, the Executive Committee or other Committee that adopted the amendment and restatement.

**OBJECTIONS:**

Defendants object to this request to the extent it seeks: (a) material outside the Administrative Record; (b) material protected by the attorney-client privilege or work product doctrine; (c) material outside the possession, custody, or control of the Defendants; (d) material that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (e) material previously produced as a part of related litigation.

**RESPONSE:**

Subject to and without waiving any of their objections, the Defendants respond as follows: to the extent the request seeks documents that are included within the Administrative Record and/or any non-privileged responsive documents not previously produced in any form directly related to Luce's Benefits Appeal created between January 14, 2005 and July 26, 2005 within the possession custody or control of the Committee, Defendants will produce such documents. To the extent the request seeks any other material, Defendants rest on their objections and decline to produce such documents.

**REQUEST NO. 9:**

The complete application for a determination letter that the Plan remained a "qualified plan" as alleged in Complaint, Paragraph 123, and all correspondence or communications between the Plan, or ULLICO Inc. as Plan Sponsor, and the United States Internal Revenue Service prior to the issuance of a favorable determination by the IRS, as alleged in Complaint, Paragraph 124.

610006.3

**OBJECTIONS:**

Defendants object to this request to the extent it seeks: (a) material outside the Administrative Record; (b) material protected by the attorney-client privilege or work product doctrine; (c) material outside the possession, custody, or control of the Defendants; (d) material that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (e) material previously produced as a part of related litigation.

**RESPONSE:**

Subject to and without waiving any of their objections, the Defendants respond as follows:  to the extent the request seeks documents that are included within the Administrative Record and/or any non-privileged responsive documents not previously produced in any form directly related to Luce's Benefits Appeal created between January 14, 2005 and July 26, 2005 within the possession custody or control of the Committee, Defendants will produce such documents.  To the extent the request seeks any other material, Defendants rest on their objections and decline to produce such documents.

610006.3

THE ULLICO INC. PENSION PLAN & TRUST
AND THE ULLICO INC. EMPLOYEE BENEFITS
PLAN ADMINISTRATIVE COMMITTEE
By Counsel

MILLER & CHEVALIER CHARTERED

By      _____

Anthony J. Trenga (DC Bar #218255)
Brian A. Hill (DC Bar # 456086)
Matthew T. Reinhard (DC Bar # 474941)
655 Fifteenth Street, N.W., Suite 900
Washington, DC  20005-5701
Tel. (202) 626-5800
Fax. (202) 626-5801
atrenga@milchev.com
Attorneys for Defendant,
The ULLICO Pension Plan & Trust

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of April, 2006, a true and accurate copy of the foregoing document was hand-delivered, to the following:

Robert E. Scully, Jr.
Rees, Broome & Diaz, P.C.
8133 Leesburg Pike, Ninth Floor
Vienna, VA  22182

Brian A. Hill

13

610006.3