# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| James W. Luce )<br>)<br>v. )<br>)<br>ULLICO Inc. Pension Plan )<br>and Trust, et al. )<br>) | Case Number 1:05CV01996 (RJL) |

**Groom Law Group, Chartered's Objections
To Plaintiff's Subpoena**

Groom Law Group, Chartered ("Groom"), by and through its undersigned counsel, pursuant to Rule 45, Fed. R. Civ. P., hereby submits its objections to the Subpoena served on it by Plaintiff James W. Luce in the above-captioned action (the "Litigation").

### General Objections

1.   Groom generally objects to the Subpoena in that it fails to allow for a reasonable time for compliance.

2.   Groom generally objects to the Subpoena in that compliance would subject Groom to undue burden including, but not limited to, the expenditure of unreasonable time and expense without compensation.

3.   Groom generally objects to the Subpoena to the extent that it calls for the identification or disclosure of any information that is protected by the attorney-client

privilege, the work-product doctrine, the joint interest privilege, or any other applicable privilege or protection.

4. Groom generally objects to the Subpoena to the extent that it seeks information beyond the scope of permissible discovery under the Federal Rules of Civil Procedure and the Local Rules of this Court or seeks information not relevant to the issues raised in the Litigation and not reasonably calculated to lead to the discovery of admissible evidence.

5. Groom generally objects to the Subpoena to the extent that it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

6. Groom generally objects to the Subpoena to the extent that it seeks information outside the scope of the issues subject to appeal by Mr. Luce of his denial of benefits by the ULLICO Inc. Pension Plan and Trust, which is limited to the administrative record regarding that appeal.

7. Groom generally objects to the Subpoena to the extent that it seeks information created after July 16, 2004, because Mr. Luce was sued on that day by ULLICO Inc. Pension Plan and Trust and the Employee Benefit Plans Administrative Committee for a breach of his fiduciary duty. That lawsuit put at issue whether the 2.5% amendment increasing Mr. Luce's benefit under the Plan was valid. Any materials prepared after that date (or otherwise prepared in contemplation of that lawsuit) are

2

protected work-product. The preparation of a privilege log with respect to such materials is unduly burdensome for Groom, and not reasonably calculated to lead to the discovery of admissible evidence.

8. Groom specifically objects to the Subpoena's definition of the terms "document" or "documents" on the grounds that the Subpoena (a) seeks production of documents not within the possession, custody or control of Groom, and (b) calls for the identification or disclosure of information that is protected by the attorney-client, privilege, the work-product doctrine, or the joint interest privilege.

9. Groom specifically objects to Instruction F. on the grounds that it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court by requiring Groom, when withholding a document from production, to provide information other than that required to be provided under Rule 45(d)(2), Fed. R. Civ. P.

### Specific Objections

To avoid the necessity of restating in full each of the foregoing general objections with regard to the Subpoena, the general objections are hereby adopted and incorporated, to the extent they may apply, into the following responses to the document and deposition requests. The assertion of additional specific objections to these requests shall not be construed as waiving any applicable general objection. Any responses subsequently served by Groom are subject to these general and specific objections, and Groom reserves the right to supplement the objections at that time.

**Document Requests**

**Request No. 1:**

All documents (including emails) that constitute, refer, or relate to advice rendered by you to the Administrative Committee in conjunction with James W. Luce's claim for benefits under the plan or his appeal of the denial of that claim.

**Objections to Request No. 1:**

In addition to the foregoing general objections which are hereby incorporated, Groom objects to Request for Documents No. 1 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) calls for the identification or disclosure of any information that is protected by the attorney-client privilege, the work-product doctrine, the joint interest privilege, or any other applicable privilege or protection; and (3) calls for documents previously provided to the plaintiff.

Without waiving its objections, Groom will produce an additional copy of the administrative record in this matter.

**Request No. 2:**

All documents (including emails) constituting, referring, or relating to any notes, transcripts, summaries, or other records describing, referring, or relating to your and/or the Administrative Committee's interviews with individuals in connection with James W. Luce's claim for benefits under the Plan or his appeal of the denial of that claim, including but not limited to interviews with any current or former Officers or Directors of ULLICO Inc., and any other representative of ULLICO Inc. or its affiliated or subsidiary companies.

**Objections to Request No. 2:**

In addition to the foregoing general objections which are hereby incorporated, Groom objects to Request for Documents No. 2 on the grounds that it: (1) seeks

4

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) calls for the identification or disclosure of any information that is protected by the attorney-client privilege, the work-product doctrine, the joint interest privilege, or any other applicable privilege or protection; and (3) calls for documents previously provided to the plaintiff.

Without waiving its objections, Groom will produce an additional copy of the administrative record in this matter.

**Request No. 3:**

All documents (including emails) constituting, referring, or relating to communications from the Administrative Committee or the Plan to you regarding James W. Luce's claim for benefits under the Plan or his appeal of the denial of that claim.

**Objections to Request No. 3:**

In addition to the foregoing general objections which are hereby incorporated, Groom objects to Request for Documents No. 3 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) calls for the identification or disclosure of any information that is protected by the attorney-client privilege, the work-product doctrine, the joint interest privilege, or any other applicable privilege or protection; and (3) calls for documents previously provided to the plaintiff.

Without waiving its objections, Groom will produce an additional copy of the administrative record in this matter.

**Request No. 4:**

All documents (including emails) consituting [sic], referring, or relating to communications between you and ULLICO Inc. on behalf of any of the defendants

5

regarding James W. Luce's claim for benefits under the Plan or his appeal of the denial of that claim.

**Objections to Request No. 4:**

In addition to the foregoing general objections which are hereby incorporated, Groom objects to Request for Documents No. 4 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) calls for the identification or disclosure of any information that is protected by the attorney-client privilege, the work-product doctrine, the joint interest privilege, or any other applicable privilege or protection; and (3) calls for documents previously provided to the plaintiff.

Without waiving its objections, Groom will produce an additional copy of the administrative record in this matter.

**Request No. 5:**

All documents (including emails) consituting [sic], referring, or relating to communications between you and Feder Semo & Bard, P.C., or any member or employee of that firm on behalf of any of the defendants regarding James W. Luce's claim for benefits under the Plan of his appeal of the denial of that claim.

**Objections to Request No. 5:**

In addition to the foregoing general objections which are hereby incorporated, Groom objects to Request for Documents No. 5 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) calls for the identification or disclosure of any information that is protected by the attorney-client privilege, the work-product doctrine, the joint interest

privilege, or any other applicable privilege or protection; and (3) calls for documents previously provided to the plaintiff.

Without waiving its objections, Groom will produce an additional copy of the administrative record in this matter.

**Request No. 6:**

All documents (including emails) constituting, referring, or relating to any comments, criticism, or suggestions made by an Groom Law Group, Chartered lawyer regarding any portion of, or any draft of, the January 14, 2005 letter from Theodore T. Green to James W. Luce, the March 11, 2005 letter from Theodore T. Green to James W. Luce, or the May 20, 2005 letter opinion of the Administrative Committee, copies of which are attached hereto as **Exhibit 1.**

**Objections to Request No. 6:**

In addition to the foregoing general objections which are hereby incorporated, Groom objects to Request for Documents No. 6 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) calls for the identification or disclosure of any information that is protected by the attorney-client privilege, the work-product doctrine, the joint interest privilege, or any other applicable privilege or protection; and (3) calls for documents previously provided to the plaintiff.

Without waiving its objections, Groom will produce an additional copy of the administrative record in this matter.

**Request No. 7:**

All documents (including emails) referring or relating to James W. Luce's requests for the administrative record and related documents, including but not limited to all communications between you and the Administrative Committee.

**Objections to Request No. 7:**

In addition to the foregoing general objections which are hereby incorporated, Groom objects to Request for Documents No. 7 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) calls for the identification or disclosure of any information that is protected by the attorney-client privilege, the work-product doctrine, the joint interest privilege, or any other applicable privilege or protection; and (3) calls for documents previously provided to the plaintiff.

Without waiving its objections, Groom will produce an additional copy of the administrative record in this matter.

**Request No. 8:**

Copies of all cases or other legal authority that you relied upon in advising the Administrative Committee regarding James W. Luce's claim for benefits under the Plan or his appeal of the denial of that claim.

**Objections to Request No. 8:**

In addition to the foregoing general objections which are hereby incorporated, Groom objects to Request for Documents No. 8 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) calls for the identification or disclosure of any information that is protected by the attorney-client privilege, the work-product doctrine, the joint interest privilege, or any other applicable privilege or protection; and (3) calls for documents previously provided to the plaintiff.

Without waiving its objections, Groom will produce an additional copy of the administrative record in this matter.

**Request No. 9:**

All time records indicating the dates on which you provided legal advice to the Administrative Committee regarding James W. Luce's claim for benefits under the Plan or his appeal of the denial of that claim.

**Objections to Request No. 9:**

In addition to the foregoing general objections which are hereby incorporated, Groom objects to Request for Documents No. 1 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) calls for the identification or disclosure of any information that is protected by the attorney-client privilege, the work-product doctrine, the joint interest privilege, or any other applicable privilege or protection; and (3) calls for documents previously provided to the plaintiff.

Without waiving its objections, Groom will produce an additional copy of the administrative record in this matter.

Dated: March 21, 2006                           Respectfully submitted,

                                                /s/ Thomas S. Gigot
                                                _____
                                                Thomas S. Gigot
                                                D.C. Bar Number: 384668
                                                James V. Cole II
                                                D.C. Bar Number: 457741

                                                Groom Law Group, Chartered
                                                1701 Pennsylvania Ave., N.W.
                                                Washington, D.C. 20006
                                                Phone: (202) 857-0620
                                                Fax. (202) 659-4503

                                                **Counsel for Groom Law Group, Chartered**

## Certificate of Service

I hereby certify that true copies of the foregoing Groom Law Group, Chartered's Objections to Plaintiff's Subpoena were mailed, first-class postage prepaid to:

Robert E. Scully, Jr., Esq.
Rees, Broome & Diaz, P.C.
8133 Leesburg Pike, Ninth Floor
Tysons Corner
Vienna, Virginia 22182-2706

and

Anthony J. Trenga, Esq.
Miller & Chevalier, Chartered
655 15th Street, N.W., Suite 900
Washington, D.C. 20005-5701

this 21st day of March, 2006.

_____
Thomas S. Gigot