# EXHIBIT 5

MINUTES OF THE
MEETING OF THE BOARD OF DIRECTORS
OF
ULLICO INC.
July 22, 2003
Laborers' International Union
Washington, D.C.

ATTENDEES:

DIRECTORS

Morton Bahr (via conference call)
Dana A. Brigham (via conference call)
John J. Flynn
James A. Grogan
James Heczko
Alexis Herman (via conference call)
Frank D. Hurt
Earl J. Kruse
Martin J. Maddaloni
Abner Mikva (via conference call)

Lenore Miller
Jeremiah J. O'Connor
Terence M. O'Sullivan
James H. Rankin (via conference call)
Richard Ravitch
Vincent R. Sombrotto
Edward C. Sullivan
George Tedeschi
Richard L. Trumka

ABSENT:

John T. Dunlop
Joseph Hunt

Michael J. Sullivan

OTHERS IN ATTENDANCE:

William Bergfeld
Edward Grebow
Theodore T. Green
William Ide
Janice Kneeland
Patrick M. Montgomery

Jana Lee Pruitt
Joseph Semo
Damon Silvers
Ed Simms
Teresa E. Valentine

Chairman O'Sullivan called the meeting to order.

1. <u>Minutes of June 25, 2003 and July 7, 2003 Meeting</u>. The first order of business was adoption of the minutes of the June 25, 2003, and July 7, 2003 ULLICO Inc. Board of Directors meetings. A motion to pass the minutes for June 25th, as corrected, and the minutes for July 7, 2003 as distributed was made, seconded, and carried. It was

RESOLVED: "That the Minutes of the Board of Directors Meeting of ULLICO Inc. held on June 25, 2003, as distributed with the Agenda for this meeting, be and hereby are approved." And it was

RESOLVED: "That the Minutes of the Board of Directors Meeting of ULLICO Inc. held on July 7, 2003, as distributed with the Agenda for this meeting, be and hereby are approved."

AC 01362

2. <u>Resignation of Billy Casstevens.</u> Mr. Billy Casstevens presented his resignation to the Board; a copy of his resignation letter is attached as an addendum to these minutes. The Board received and accepted Mr. Casstevens' resignation.

3. <u>Report of the Chairman and Chief Executive Officer.</u> Chairman and Chief Executive Officer O'Sullivan offered his report to the Board which included an update on action taken at the July 18, 2003 Stockholder Meeting and the appointments of the Boards of Directors to ULLICO's subsidiary companies. Attached is a handout showing the proposed Boards for each subsidiary. It was suggested that Teresa Valentine and Damon Silvers should not be appointed to the subsidiary boards to avoid the appearance of a conflict of interest.

4. <u>Reports of Committees.</u> Reports were given by Rich Trumka, Chair of the Corporate Governance Committee; Jerry O'Connor, Chair of the Audit Committee; Abner Mikva, Chair of the Regulatory and Litigation Oversight Sub-Committee; and Dick Ravitch, Chair of the Business Evaluation Sub-Committee.

5. <u>Reports of the Acting President.</u> Acting President Edward Grebow presented a business update to the Board regarding the following matters:

   1. Financial Update as of July 21, 2003
   2. Maryland Insurance Administration
   3. PricewaterhouseCoopers
   4. "J" for Jobs
   5. 1625 Eye Street
   6. Direct Marketing – Union Privilege
   7. Upcoming Local 153 negotiations and employee benefits issues
   8. Zurich and Seneca Fronting Agreements
   9. Trust Fund Advisors

6. <u>Executive Committee and Regulatory and Litigation Oversight Sub-Committee.</u> The Board was advised that the Executive Committee had adopted resolutions for overseeing the sale of the building located at 1625 Eye Street and for the appointment of members to the Employee Benefit Plans Administrative Committee. The Board received a report from the Regulatory and Litigation Sub-Committee (the "Sub-Committee") in conjunction with the Sub-Committee's recommendation that the Company:

   - File suit pursuant to Recommendation 1 of the Thompson Report against all persons listed therein who did not, within the time set forth in the demand letters previously sent to such persons, repay or sign an agreement to repay the amounts set forth therein,

   - Make demand for payment pursuant to Recommendations 2, 3 and 4 of the Thompson Report in the amounts and from the persons set forth in such Recommendations, and if adequate payment or agreement to pay is not received within a reasonable time, to file suit against such persons,

   - Suspend all payments into or out of benefit plans relating to Georgine, Carabillo, Luce and Grelle, including, but not limited to, the Corporation's Non-Qualified Deferred Compensation Program and Robert Georgine's Employment Agreement, Supplemental Retirement Agreement, and Stock Purchase and Credit Agreement pending further analysis, and make demand for payment and other appropriate relief from Georgine, Carabillo, Luce and Grelle for, in addition to those claims set forth in Recommendations 1-4 stated above, all compensation and benefits they received in violation of law and, if adequate payment or agreement is not received within a reasonable time, proceed to file a

2

AC 01363

lawsuit or lawsuits for payment, damages and other appropriate relief concerning the foregoing and setting forth all other reasonable claims which the Company has against one or more of them.

The Chairman called for a motion, which was seconded and carried, to approve the recommendation and Members Miller and Kruse dissented.

7. Resolution Denoting New Preferred Stock.

WHEREAS, Management recommended to the Board of Directors that ULLICO Inc. (the "Corporation") undertake an equity financing to raise proceeds for use by the Corporation in its business. And

WHEREAS, in order to facilitate such financing, Management recommended to the Board of Directors that the Corporation create additional shares of stock of the Corporation to be known as New Preferred Stock. And,

WHEREAS, the Board of Directors on July 7, 2003 declared that a proposed amendment to the Articles of Incorporation creating the New Preferred Stock, and allowing the Board of Directors to specify the rights and preferences of the New Preferred Stock as contemplated by Maryland law, was advisable. And,

WHEREAS, the Board of Directors on July 7, 2003, directed that the proposed amendment to the Articles of Incorporation be submitted for consideration at a special meeting of the Stockholders of the Corporation, scheduled for July 18, 2003. And,

WHEREAS, the Chairman scheduled a special meeting of the Stockholders of the Corporation on July 18, 2003, to consider the amendment to the Corporation's Articles of Incorporation. And,

WHEREAS, at the special Stockholders meeting of July 18, 2003, the Stockholders approved the amendment to the Corporation's Articles of Incorporation to provide for the creation of the New Preferred Stock. And,

WHEREAS, Article TENTH of the Amended Articles of Incorporation expressly grants to the Board of Directors the power to classify or reclassify any unissued shares of New Preferred Stock from time to time in one or more classes and in one or more series of such classes by setting or changing the preferences, conversion or other rights, voting powers, restrictions, limitations as to dividends, qualifications, or terms or conditions of redemption of any such class or series (the "Designations") by filing Articles Supplementary with the State of Maryland. And,

WHEREAS, Management recommends that it is in the Corporation's best interest to classify, and authorize the issuance of, a series of New Preferred Stock to be denominated 2003 New Preferred Stock, the Designations of which are as substantially set forth in the Articles Supplementary of ULLICO Inc., attached hereto at Tab 4, and to offer shares of 2003 New Preferred Stock to eligible stockholders, as delineated in the Corporation's By-Laws, substantially on the terms and conditions set forth in the Offering Memorandum attached hereto at Tab 5. And,

WHEREAS, Management has taken certain actions and directed the execution of documents in order to effectuate the authorization and issuance of the 2003 New Preferred Stock.

3

AC 01364

Now, therefore, be it

RESOLVED: "That the Board of Directors hereby classifies Sixty Thousand (60,000) shares of a series of New Preferred Stock to be denominated 2003 New Preferred Stock, the Designations of which will be as substantially set forth in the Articles Supplementary of ULLICO Inc., attached hereto at Tab 4." And, be it

FURTHER RESOLVED: "That the Board of Directors authorizes the offer of, acceptance of subscriptions for, and issuance of up to 60,000 shares of 2003 New Preferred Stock to eligible stockholders, as delineated in the Corporation's By-Laws, for a price per share of at least $1,000 per share, and substantially on the terms and conditions set forth in the Offering Memorandum attached hereto at Tab 5." And, be it

FURTHER RESOLVED: "That the Board of Directors hereby determines that the consideration of $1,000 to be received for each share of 2003 New Preferred Stock exceeds the par value of the 2003 New Preferred Stock." And, be it

FURTHER RESOLVED: "That the Board of Directors hereby ratifies the actions of Management taken to effectuate the authorization and issuance of 2003 New Preferred Stock." And, be it

FURTHER RESOLVED: "That the proper officers be, and each of them hereby is, authorized, directed, and empowered on behalf of the Corporation to do and perform such acts and to execute any and all other documents which may be necessary or desirable to effectuate the transactions approved by the foregoing Resolutions and their acts and deeds in so doing shall be conclusively presumed to be the acts and deeds of the Corporation."

A motion was made, seconded and carried authorizing the issuance and offer of New Preferred Stock.

8. Amendment of By-Laws. A resolution was presented to the Board for approval to amend the By-laws. It was moved, seconded, and carried:

WHEREAS, the Corporation has amended its Articles of Incorporation, effective as of July 18, 2003, to authorize additional shares of stock of the Company referred to as New Preferred Stock. And,

WHEREAS, Article TENTH of the Amended Charter expressly grants to the Board of Directors the power to classify or reclassify any unissued shares of New Preferred Stock from time to time in one or more classes and in one or more series of such classes by setting or changing the preferences, conversion or other rights, voting powers, restrictions, limitations as to dividends, qualifications, or terms or conditions of redemption of any such class or series (the "Designations") by filing Articles Supplementary with the State of Maryland. And,

WHEREAS, on even date herewith, the Board of Directors adopted a resolution approving Designations for a series of New Preferred Stock to be denominated 2003 New Preferred Stock. And,

4

AC 01365

WHEREAS, pursuant to Article XI, Section 1 of the By-laws of the Corporation (the "By-laws"), the Board of Directors desires to amend the By-laws to include provisions addressing the 2003 New Preferred Stock consistent with the provisions addressing the other classes of stock of the Company and the Designations for the 2003 New Preferred Stock.

Now, therefore, be it

RESOLVED: "That the By-laws are hereby amended and restated to include a new Article II (E), entitled "2003 New Preferred Stock", to add provisions to the By-laws addressing the 2003 New Preferred Stock and to make such other amendments as set forth in the modified By-laws attached hereto as Tab 6.

9. <u>Amendment of ULLICO 401(k) Plan and Trust</u>. A resolution was presented to the Board asking for approval to amend the ULLICO 401(k) Plan and Trust. A motion to approve the amendment, with the changes noted, was moved, seconded and carried, with Lenore Miller abstaining.

WHEREAS, the ULLICO Inc. 401(k) Plan and Trust (the "Plan") was adopted by the Board of Directors effective December 31, 1994 and amended and restated effective as of February 28, 2002. And,

WHEREAS, pursuant to Section 17.1 of the Plan, the Board of Directors may adopt a Resolution to amend the Plan. And,

WHEREAS, in order to effectuate a reduction of costs to the Company, management of ULLICO Inc. recommends to the Board of Directors that it amend the Plan to suspend the scheduled Employer Matching Contributions currently required to be made on behalf of participants in the Plan and instead allow Employer Matching Contributions to be made at the discretion of the management of ULLICO Inc. Now, therefore, be it

RESOLVED: "That the Board of Directors approves amendment of the ULLICO Inc. 401(k) Plan and Trust (the "Plan") to suspend the scheduled Employer Matching Contributions currently required to be made on behalf of participants in the Plan, except as required to honor terms of collective bargaining agreements, and instead allow Employer Matching Contributions to be made at the discretion of the management of ULLICO Inc." And, be it

FURTHER
RESOLVED: "That Management shall, where required, enter into good faith negotiations with unions representing collectively bargained employees that have collective bargaining agreements providing for mandatory Employer Matching Contributions, for purposes of attempting to eliminate such Contributions and to provide for such Contributions to be made at the discretion of the management of ULLICO Inc." And, be it

FURTHER
RESOLVED: "That Resolution shall become effective as of the beginning of each employee's first pay period following the adoption of this Resolution." And, be it

5

AC 01366

FURTHER
RESOLVED: "That the proper officers be, and each of them hereby is, authorized, directed, and empowered on behalf of the Corporation to execute any and all other documents which may be necessary or desirable to effectuate the transactions approved by the foregoing Resolutions and their acts and deeds in so doing shall be conclusively presumed to be the acts and deeds of the Corporation."

10. <u>Definition of Compensation as it appears in the ULLICO Pension Plan and Trust</u>. The Board was asked to approve an amendment to the definition of compensation for use in the ULLICO Pension Plan and Trust. A motion to approve was moved, seconded, and carried, with Lenore Miller abstaining:

WHEREAS, the ULLICO Inc. Pension Plan and Trust (the "Plan") was adopted by the Board of Directors effective December 31, 1994 and amended and restated effective as of February 28, 2002. And,

WHEREAS, pursuant to Section 11.1 of the Plan, the Board of Directors may adopt a Resolution to amend the Plan. And,

WHEREAS, on April 17, 2003, the Benefits Committee resolved that effective January 1, 2000 overtime payments be included in the definition of "Compensation" in the Plan, for eligible participants retiring on or after April 17, 2003. And,

WHEREAS, pursuant to the Resolution of the Benefits Committee, Plan benefits have been paid taking overtime into consideration as Compensation. And,

WHEREAS, the Board of Directors wishes to restore the previous definition of "Compensation" in the Plan, which would exclude overtime payments for hourly wage earners for service after September 19, 2003.

Now, therefore, be it

RESOLVED: "That the Board of Directors hereby amends the definition of 'Compensation' in the ULLICO Inc. Pension Plan and Trust (the "Plan") with respect to Participants retiring from active service on or after April 17, 2003 to include overtime payments for hourly wage earners for service from January 1, 2000 until September 19, 2003." And, be it

FURTHER
RESOLVED: "That the Board of Directors hereby amends Plan section 2.14(a) by inserting at the end thereof the following: 'Further, for any Participant retiring on or after April 17, 2003, Compensation shall include overtime payments for hourly wage earners for service from January 1, 2000 until September 19, 2003.'" And, be it

FURTHER
RESOLVED: "That an appropriate notice pursuant to ERISA section 204(h) and Internal Revenue Code section 4980F shall promptly be issued." And, be it

AC 01367

FURTHER
RESOLVED:  "That this amendment to the Plan shall not reduce the accrued benefit of any Plan Participant." And, be it

FURTHER
RESOLVED:  "That the proper officers be, and each of them hereby is, authorized, directed, and empowered on behalf of the Corporation to execute any and all other documents which may be necessary or desirable to effectuate the transactions approved by the foregoing Resolutions and their acts and deeds in so doing shall be conclusively presumed to be the acts and deeds of the Corporation."

There being no further business to conduct, Chairman and Chief Executive Officer O'Sullivan announced scheduled the next meeting of the Board of Directors for October 15, 2003 starting at 9 a.m. at the offices of the Laborers' International Union of North America located at 905 16th Street, NW, Washington, D.C. The meeting was then adjourned.

Edward C. Sullivan
Secretary-Treasurer

7

AC 01368