# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| *In re*<br>ULLICO INC. LITIGATION | )<br>)<br>)<br>)<br>) | CONSOLIDATED DOCKET AND<br>CASE NUMBER: 1:03CV01556(RJL) |
| RELATED TO: 1:03CV01556(RJL)<br>and<br>1:04CV00776(RJL) | )<br>)<br>)<br>)<br>)<br>) |  |

**COUNTERCLAIM DEFENDANTS CARABILLO, GRELLE**
**AND LUCE'S FIRST REQUEST FOR PRODUCTION**
**OF DOCUMENTS TO COUNTERCLAIM PLAINTIFFS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, counterclaim defendants Joseph A. Carabillo, John K. Grelle and James W. Luce serve this First Request for Production of Documents upon all Counterclaim Plaintiffs in the Actions, as defined below.

**INSTRUCTIONS**

1.    These requests cover all Documents in Counterclaim Plaintiffs' actual or constructive possession, control or custody.

2.    If any Document was, but no longer is, in your possession, custody, or control, or is known to you but is no longer in existence or not within your custody, state whether it is: (a) missing or lost; (b) destroyed; (c) transferred (voluntarily or involuntarily) to others; or (d) disposed of in some other manner. In each instance, explain in detail the circumstances surrounding the disposition of the Document, who authorized the action taken, who carried it out, and the date of the action taken. Additionally, please identify each such Document including: (a) the type or character of the Document (*e.g.*, letter, memorandum, signed

statement, notes, etc.); (b) title, if any, of the Document; (c) the name and address of the author

of the Document; (d) the name and address of the recipient of the Document, if any; (e) the

names and addresses of all recipients of copies of the Document, if any; (f) all information

contained in each such Document; (g) the date and circumstances under which each such

Document ceased to exist or to be in your possession, custody, or control; (h) the time period

during which each such Document was maintained; (i) the location of each such Document; and

(j) the Person or Persons from whom each such Document may be obtained.

3.     Counterclaim Defendants in these Actions are participants in or beneficiaries of

one or more employee benefit Plans. Accordingly, each of the following Document requests

should be understood to include, but not be limited to, Documents authored by or exchanged

with attorneys referring or relating to the management or administration of those employee

benefit Plans, including, but not limited to, the management or disposition of the assets of those

Plans, the investment of assets of those Plans, or communications with plan participants and

beneficiaries regarding the Plans or their benefits under the Plans, regardless of whether such

Documents would be privileged if requested by Persons other than participants in or

beneficiaries of those Plans.

4.     To the extent that you object to production or identification of any Document or

portion of any Document on the ground of a privilege or rule of law, you shall furnish a list

identifying each Document for which the privilege is claimed, together with the following

information:

        4a.     its title and subject matter;

        4b.     its date;

        4c.     its author(s) or addressor(s);

4d.    the addressee(s) and recipient(s) of all copies; and

4e.    the basis for the claim of privilege.

5.    If you object to any of the definitions or instructions, state your objection(s) in your response and indicate whether you are complying with the direction or instruction in spite of your objection. If your objection goes to only part of a request, produce all Documents which do not fall within the scope of your objection.

6.    You must produce the Documents requested below as they are kept in the usual course of business or must organize and label them to correspond with the categories in the request. For copies of Documents you've produced electronically, you must produce a Document image information (DII) file for such Documents.

7.    If any requested Documents are maintained in digital, electronic, and/or imaged form, production of both a tangible or "hard" copy and a copy of the Document in digital, electronic, and/or imaged form is hereby requested.

8.    Without in any way limiting the definition of "Document" contained in the Federal Rules of Civil Procedure or herein, you are specifically instructed to search all Document management systems, computer archives, and/or backup tapes or disks for Documents responsive to the following requests, and production of such Documents should be made regardless of whether such Documents exist in tangible or "hard" copy form. Production is also sought regardless of whether the user purported to "delete" the Document, if such Document is capable of being retrieved from archives and/or backup tapes or disks.

9.    If the requested Documents are maintained in a file, please produce the file folder or container with the Documents.

10.    If the requested Documents are stored electronically or in a computer, please identify the location of each Document, the computer program by which the Document was created, the computer software program, if any, that compresses the Document, and the configuration of the computer on which the Document is found. As used herein, the term "configuration," when used in reference to any computer, includes, but is not limited to, the following information: (1) computer type, brand, model and serial number; (2) brand and version of all software, including operating system, private and custom developed applications, commercial applications, shareware and/or work-in-progress; and (3) communications capability, including asynchronous and/or synchronous, and including, but not limited to, terminal to mainframe emulation, data download and/or upload capability to mainframe, and computer-to-computer connections via network, modem, and/or direct connect.

11.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring into the scope of the specification all responses that might otherwise be construed to be outside the scope.

12.    The use of any singular word includes both the singular and the plural of that word, and vice versa. The use of any masculine or feminine pronoun includes both the masculine and feminine.

13.    Unless a request enumerates a specific time period, requests should be read to encompass the Relevant Time Period, as that term is defined below.

14.    Documents are to be produced at the offices of O'Melveny & Myers LLP, 1625 Eye Street, N.W., Washington, D.C., 20006-4001, Attention: Michael A. Maricco, or other agreed upon location, within 30 days of service of this First Request for Production of Documents.

## DEFINITIONS

A.    "Actions" refers to *Carabillo v. ULLICO Inc.*, Civ. No. 03-1556 (RJL) and

*Carabillo v. ULLICO Inc. Pension Plan and Trust*, Civ. No. 04-776 (RJL) and any other action

consolidated with these actions by order of the Court.

B.    "Active file" means any electronic data file that can be utilized by an electronic

data processing system in any manner without modification and/or re-construction. An active

file is any electronic data file that has not been erased or otherwise destroyed and/or damaged

and which is readily visible to the operating system and/or the software with which it was

Produced.

C.    "And" as well as "or" shall be construed either disjunctively or conjunctively, as

necessary, to bring within the scope of the specifications all responses that might otherwise be

construed to be outside the scope. "All," such as in "all Documents," means each and every.

"Each" shall be construed to include the word "any." "Any" shall be construed to include the

word "each." "Any" and "each" shall be understood to include "all." "Including" shall be

construed to include the phrase "without limitation."

D.    "Benefits Committee" refers to the Employee Benefit Plans Administrative

Committee of ULLICO Inc.

E.    "Board" refers to the Board of Directors of ULLICO Inc. as a whole and its

individual members and includes but is not limited to any Executive Sessions of the Board of

Directors of ULLICO Inc. that were called from time to time by Robert Georgine.

F.    "Communication" means any oral, written, or electronic utterance, notation, or

statement of any nature whatsoever, draft or final, potential or actual, by and to whomever made

or attempted to be made, including, but not limited to, correspondence, memoranda,

conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between two or more Persons.

G. "Compensation Committee" refers to the Compensation Committee of the Board of Directors of ULLICO Inc.

H. "Computer" means, but is not limited to, personal computers (also known as microcomputers), laptop computers, portable computers, notebook computers, palmtop or hand-held computers, mini-computers, and mainframe computers.

I. "Concerning" means relating to, referring to, received from, addressed to, sent to, alluding to, responding to, announcing, identifying, explaining, evaluating, discussing, showing, describing, studying, reflecting, analyzing, or consulting.

J. "Counterclaim Defendants" refers to Joseph A. Carabillo, John K. Grelle and James W. Luce.

K. "Counterclaim Plaintiffs" refers to ULLICO Inc. ("ULLICO"), The Union Labor Life Insurance Company ("Union Labor Life"), The ULLICO Inc. Non-Qualified Deferred Compensation Plan (the "Deferred Compensation Plan"), The Union Labor Life Auxiliary Retirement Benefits Plan (the "Auxiliary Plan"), The ULLICO Inc. Pension Plan and Trust (the "Qualified Plan"), ULLICO Inc. Employees' Life and Health Welfare Plan (the "Welfare Plan") and Mark Singleton.

L. "Deleted file" means any electronic data file that has been erased or deleted from the electronic media on which it resided. The term "deleted file" includes, but is not limited to, any file whose File Allocation Table (FAT) entry has been modified to indicate the file as being deleted and/or which is not readily visible to the operating system and/or the software with which it was Produced.

6

M.     "Document" has the broadest possible meaning accorded to it under Federal Rule

of Civil Procedure 34 and means any medium upon which intelligence or information can be

recorded or retrieved, including without limitation any electronic data stored on any computer,

network, or electronic media, including, but not limited to, active files, deleted files, or

fragmentary files, and also includes, without limitation, the original and each copy regardless of

origin and location, or any book, pamphlet, periodical, letter, memorandum, diary, calendar,

telex, electronic mail message, telegram, cable, report, record, contract, agreement, study,

handwritten note, draft, working paper, chart, paper, print, record, drawing, sketch, graph, index,

list, tape, stenographic recording, tape recording, computer diskette and/or data, photograph,

microfilm, invoice, bill, order form, receipt, financial statement, accounting entry sheet or data

processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic

matter, however produced, reproduced, or stored, which is in your possession, custody, or

control or which was, but is no longer in your possession, custody, or control. The term

"Document" encompasses any and all electronic data. The term "Document" also means an

authentic copy where the original is not in your possession or control and every copy of a

Document that is not an identical copy of the original.

N.     "Electronic data" means the original (or identical copies when originals are not

available) and any non-identical copies (whether different from the originals because of notes

made on such copies or otherwise) of electronic data of any kind or description, whether

inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Such data may

include, but is not limited to, computer programs (whether private, commercial, or work-in-

progress), programming notes or instructions, electronic mail receipts and/or transmittals, output

resulting from the use of any software program including, but not limited to, word processing

Documents, spreadsheets, database files, charts, graphs, outlines, electronic mail, operating

systems, source code of all types, programming languages, linkers and compilers, peripheral

drivers, pdf and other files, batch files, and all ASCII files, and any and all miscellaneous files

and/or file fragments, regardless of the medium or media on which they reside and regardless of

whether such electronic data is in an active file, deleted file, or file fragment. "Electronic data"

includes, but is not limited to, any and all items stored on any electronic media, computers, or

networks. The term "electronic data" also includes the file, folder tabs, and/or containers and

labels appended to or associated with any physical storage device associated with each such

original and/or copy.

O.     "Electronic media" means any magnetic or other storage media device used to

record electronic data.  Electronic media devices include, but are not limited to, any and all items

stored on computer memories, hard disks, disk arrays, floppy disks, recordable or rewriteable

CD-ROM or DVD-ROM, CD-ROM drives, Bernoulli Box drives or their equivalent, removable

media, Zip or Jaz disks, optical disks, digital tape (DAT), magnetic tape of all types, removable

memory cards, microfiche, punched cards, punched tape, computer chips, including, but not

limited to, EPROM, PROM, RAM, and ROM, or on or in any other means or medium for digital

data storage and/or transmittal.

P.     "Executive Committee" refers to the Executive Committee of the Board of

Directors of ULLICO Inc. and includes Executive Sessions of the Executive Committee that

were called from time to time by Robert Georgine.

Q.     "Fragmentary file" refers to any electronic data file that exists as a subset or an

original active file.  A fragmentary file may be active or deleted.  The cause of fragmentation

8

resulting in the fragmentary file can include, but is not limited to, manual intervention, electronic surges, and/or physical defects on electronic media.

R.    "Network" means, but is not limited to, any hardware and/or software combination that connects two or more computers together and that allows such computers to share and/or transfer signals between them. For the purposes of this definition, the connection between or among the microcomputers need not be either physical or direct (*i.e.*, wireless networks utilizing radio frequencies and data sharing via indirect routes utilizing modems and phone company facilities are included) so long as the computers are able to share data.

S.    "Person" means any natural Person acting in any capacity, including attorneys, and/or any entity or organization, union, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, association, joint venture, committee, proprietorship, trust, estate, any government and/or governmental body, including, but not limited to, any commission, board, bureau and/or agency.

T.    "Plans" refers collectively to the Qualified Plan, Welfare Plan, Deferred Compensation Plan and Auxiliary Plan.

U.    "Produced" with respect to any Document shall include authored, dictated, edited, reviewed and/or approved in whole or in part.

V.    "Regulatory and Litigation Oversight Subcommittee" refers to the Regulatory and Litigation Oversight Subcommittee of the ULLICO Inc. Board of Directors.

W.    "Relevant Time Period" means the period from January 1, 1997 to present. If no time period is given for a particular request, the request should be read to encompass the Relevant Time Period.

9

X.    "Repurchase Program" refers to any and all ULLICO Inc. Repurchase Programs whereby ULLICO purchased ULLICO stock from any Person, including but not limited to the 1997-2001 Repurchase Programs, "Extraordinary Repurchase Program," "Discretionary Repurchase Program" or "Actual 2000 Repurchase Program" referenced in the Amended Answer and Counterclaim filed in *Carabillo v. ULLICO, Inc.*, Case No. 03cv1556 (RJL), whether or not such repurchase program was actually adopted or implemented.

Y.    "Sidley Austin Report" refers to the Summary Analysis of the "Report of the Special Counsel: ULLICO Stock Purchase Offer and Repurchase Programs and Global Crossing Investment" prepared by Sidley Austin Brown & Wood LLP ("Sidley Austin").

Z.    "Special Committee" refers to the Special Committee of the ULLICO Inc. Board of Directors chaired by Professor Dunlap and Dr. Mintz.

AA.    "Special Committee Report" refers to the ULLICO Report of the Special Committee to the Board of Directors, dated March 25, 2003.

BB.    "Thompson Report" refers to the Report of the Special Counsel ULLICO Stock Purchase Offer and Repurchase Programs and Global Crossing Investment.

CC.    "Welfare Committee" refers to the Welfare Committee of the ULLICO Inc. Board of Directors, predecessor committee to the Benefits Committee. Requests concerning the Welfare Committee should read to encompass periods of time beyond the Relevant Time Period.

DD.    "Winston & Strawn" refers to Winston & Strawn L.L.P.

EE.    "You" or "your" refer to the Counterclaim Plaintiffs and their officers, directors, agents, employees, members, representatives, and attorneys.

## DOCUMENT REQUESTS

1.    All Documents concerning the organizational structure of ULLICO and its subsidiaries, including organizational charts and drafts thereof during the Relevant Time Period.

2.      All Documents concerning ULLICO or Union Labor Life's mission statement during the Relevant Time Period.

3.      All articles of incorporation and by-laws of ULLICO and any of its subsidiaries during the Relevant Time Period.

4.      All meeting minutes, agendas, resolutions, proposals, recommendations or reports of the ULLICO Board during the Relevant Time Period, including any drafts or edited versions thereof. This request also includes but is not limited to any Documents submitted to or relied upon by the ULLICO Board during any ULLICO Board meetings, including any reports or recommendations submitted to the ULLICO Board by the Benefits Committee, Compensation Committee, Executive Committee, Special Committee, Welfare Committee or the Regulatory and Litigation Oversight Subcommittee or any other Person, such as the Credit Suisse First Boston (CSFB) reports, presentations and analysis of possible Stock Repurchase Programs. This request further includes but is not limited to the May 6, 1997, May 18, 1999, November 3, 2000, March 13, 2003, March 28, 2003, April 2, 2003, April 16, 2003 and April 23, 2003 ULLICO Board's final and draft meeting minutes.

5.      All audited financial statements, annual shareholders reports and proxy statements of ULLICO and its subsidiaries for each and every year from January 1, 1987 to present, and any Documents concerning such statements and reports, including but limited to drafts, mark-ups or materials used in preparing all audited financial statements, annual shareholders reports and proxy statements.

6.      All Documents concerning the creation, implementation or appointment of members of the Benefits Committee, Compensation Committee, Executive Committee, Special Committee, Welfare Committee and the Regulatory and Litigation Oversight Subcommittee.

11

7.    All Benefits Committee meeting minutes, agendas, resolutions, proposals, recommendations or reports during the Relevant Time Period, including but not limited to any notes taken by any Person or drafts regarding the same. This request also includes but is not limited to: (a) any Documents submitted to or relied upon by the Benefits Committee or its members during any Benefits Committee meetings, such as the (i) July 17, 2001 Memorandum from L. Hejl to the Benefits Committee concerning "Potential Union Labor Life Retirement Plan Changes" and all documents referred to therein, (ii) any other memorandum from L. Hejl concerning a comparison of ULLICO's pension benefits to AFL/CIO and Ironworkers Staff pension benefits; (b) the January 2002 Qualified Plan Amendments Summary prepared by J. Wong; (c) the October 20, 1999, May 4, 2001, July 24, 2001, August 12, 2002, October 29, 2002 and April 14, 2003 Benefits Committee meeting minutes; (d) the November 19, 2001 Benefits Committee meeting agenda; (e) Documents concerning analysis or reports made or received by the Benefits Committee related to retiree health benefits and employee health benefits; and (f) Documents concerning reports or analysis of actual or proposed Benefits Committee actions or decisions prepared by (i) Blaine Barham, (ii) William Blanton, (iii) Richard Silas, (iv) Louis Hejl, (v) Grace Kraymer, (vi) Jacqueline Wong, (vii) Brian Hechinger and (viii) Craig Patenaude.

8.    All Compensation Committee meeting minutes, agendas, resolutions, proposals, recommendations or reports from January 1, 1990 to present, including but not limited to any notes taken by any Person or drafts regarding the same. This request also includes but is not limited to any Documents submitted to or relied upon by the Compensation Committee or its members during any Compensation Committee meetings.

12

9.     All Executive Committee meeting minutes, agendas, resolutions, proposals, recommendations or reports during the Relevant Time Period, including but not limited to any notes taken by any Person or drafts regarding the same. This request also includes but is not limited to any Documents submitted to or relied upon by the Executive Committee or its members during any Executive Committee meetings. This request further includes, but is not limited to the May 5, 1997, May 4, 1998, May 17, 1999, May 7, 2001, September 18, 2001, and May 6, 2002 Executive Committee meeting minutes.

10.     All Special Committee meeting minutes, agendas, resolutions, proposals, recommendations or reports during the Relevant Time Period, including but not limited to any notes taken by any Person or drafts regarding the same. This request also includes but is not limited to any Documents submitted to or relied upon by the Special Committee or its members during any Special Committee meetings.

11.     All Welfare Committee meeting minutes, agendas, resolutions, proposals, recommendations or reports, including but not limited to any notes taken by any Person or drafts regarding the same, without regard to the Relevant Time Period. This request also includes but is not limited to any Documents submitted to or relied upon by the Welfare Committee or its members during any Welfare Committee meetings.

12.     All Regulatory and Litigation Oversight Subcommittee meeting minutes, agendas, resolutions, proposals, recommendations or reports during the Relevant Time Period, including but not limited to any notes taken by any Person or drafts regarding the same. This request also includes but is not limited to any Documents submitted to or relied upon by the Regulatory and Litigation Oversight Subcommittee or its members during any Regulatory and Litigation Oversight Subcommittee meetings.

13

13.     All Documents, from January 1, 1987 to present, concerning the consideration, authorization, adoption or implementation of the 1997 Repurchase Program and every Repurchase Program implemented or considered thereafter, including but not limited to: (a) any Credit Suisse First Boston (CSFB) report, analysis, fairness opinion or presentation given to the ULLICO Board or senior ULLICO executives concerning possible Stock Repurchase Programs; (b) Documents prepared by Arnold & Porter L.L.P. concerning actual or proposed Stock Repurchase Programs; and (c) Documents prepared by LeBoeuf, Lamb, Greene & MacRae, L.L.P. concerning actual or proposed Stock Repurchase Programs.

14.     All Documents concerning the audit and accounting workpapers pertaining to any Stock Repurchase Program, establishment of ULLICO stock price and recordation of all ULLICO stock transactions from January 1, 1992 to present.

15.     All Documents concerning the opportunity to purchase or sell ULLICO stock by any Person from January 1, 1987 to present, including but not limited to purchases or sales of ULLICO stock pursuant to any Repurchase Programs.

16.     All Documents, from January 1, 1987 to present, concerning or referencing the consideration, authorization, implementation or execution of the Repurchase Programs' provisions requiring that as a condition to effectuate any stock Repurchase Program, all two percent or more stockholders of ULLICO stock must tender their stock.

17.     All Documents, from January 1, 1987 to present, concerning or referencing the consideration, authorization, implementation or execution of the Repurchase Programs' provisions that provided that holders of 10,000 or fewer shares of ULLICO stock would not be subject to the Repurchase Programs's proration provisions.

14

18.    All Documents, from January 1, 1987 to present, reflecting which Person(s)' shares of ULLICO stock were not subject to the proration provisions of any Repurchase Program.

19.    All Documents, from January 1, 1987 to present, concerning or referencing the consideration, authorization, implementation or execution of any offer made to any Person to purchase ULLICO stock, including but not limited to any current or former director, officer or employee of ULLICO during the Relevant Time Period. This request includes but is not limited to all Documents related to the "1998 Stock Offer Program" and "1999 Stock Offer Program" referenced in the Amended Answer and Counterclaim filed in *Carabillo v. ULLICO, Inc.*, Case No. 03cv1556 (RJL).

20.    All files, from January 1, 1987 to present, of each ULLICO stockholder, including but not limited to correspondence between and among ULLICO and each ULLICO stockholder, ULLICO stockholder ledgers, bond holder offering and preferred certificate files.

21.    All Documents, from January 1, 1987 to present, concerning communications between or among any Person and any Qualified Professional Asset Managers (QPAM's) regarding the potential or actual sale or purchase of ULLICO stock.

22.    All Documents concerning or comprising the Qualified Plan during the Relevant Time Period, including but not limited to all:

22a.    plan Documents;

22b.    trust Documents;

22c.    trust statements;

22d.    actuarial valuations;

22e.    summary plan descriptions;

15

22f.    plan mergers;

22g.    plan amendments;

22h.    plan restatements;

22i.    summary annual reports;

22j.    statements of material modifications, including but not limited to the April

1, 2002 Memorandum from L. Hejl concerning a summary of material modifications to

the Qualified Plan;

22k.    enrollment forms;

22l.    IRS Favorable Determination Letters; and

22m.    IRS Forms 5500.

23.    For each Counterclaim Defendant during the Relevant Time Period, all quarterly

or annual benefits statements concerning the Qualified Plan.

24.    All Documents from any Person concerning or referencing any proposed or actual

amendment to the Qualified Plan, including but not limited to Documents concerning or

referencing the October 20, 1999 and July 24, 2001 Amendments to the Qualified Plan.

25.    All Documents prepared for ULLICO by outside consultants regarding the

financial impact or other analysis of any proposed or actual amendment to the Qualified Plan,

including but not limited to any responsive Document that was received from or is within the

possession, custody or control of Arnold & Porter L.L.P., Credit Suisse, The Segal Company,

Michael Carlin of The Segal Company or any other Person whose services were utilized in

considering, adopting or implementing any actual or proposed amendment to the Qualified Plan.

26.    All Documents concerning or referencing ULLICO Board's approval, consent,

disapproval or rejection of any proposed or actual amendment to the Qualified Plan.

16

27.    All Documents from any Person concerning or referencing the Qualified Plan's tender of ULLICO shares pursuant to any stock Repurchase Program.

28.    All Documents, including but not limited to drafts or working papers thereof, of ULLICO employees or agents concerning ULLICO stock purchases or sales by the Qualified Plan.

29.    All Documents concerning or reflecting the impact the October 20, 1999 and July 24, 2001 Amendments to the Qualified Plan had upon the Group Life and Health and Investment sales staff of ULLICO including but not limited to all documents reflecting what portion of each sales staff employees' compensation was base salary and what portion was based upon incentive compensation payments.

30.    All Documents comprising the claim or appeal file kept by the Qualified Plan or its agent, administrator or review board or panel concerning any claim by any individual for benefits under the Qualified Plan during the Relevant Time Period, including any communications between any individual claiming benefits under the Qualified Plan and the claim administrator(s).  This Request includes but is not limited to all Documents cited or referred to in the May 20, 2005 letter to Counterclaim Defendant Luce's counsel, Robert E. Schully, Jr., from Chairman Joseph R. Lineham acting on behalf of the Employee Benefit Plans Administrative Committee as Plan Administrator for the ULLICO Inc. Pension Plan Trust.

31.    All communications sent by any Person to or from Counterclaim Defendants or any other current or former Benefits Committee member during the Relevant Time Period concerning the Qualified Plan.

17

32.    All Documents concerning the payment of benefits to any ULLICO employee or former employee who is receiving or will receive increased benefits under the Qualified Plan pursuant to the October 20, 1999 and July 24, 2001 Amendments to the Qualified Plan.

33.    For each Counterclaim Defendant and any other former or current member of the Benefits Committee participating in the Qualified Plan, all Documents concerning or reflecting what each participant is owed, due or otherwise payable under the Qualified Plan but for your legal position in the Actions, including but not limited to Documents concerning what amounts have actually been paid. This request includes but is not limited to any responsive worksheets, spreadsheets, calculations, statements or reports. This request further includes but is not limited to any calculation supporting ULLICO's withholding of federal or state taxes for purposes of determining a participant's benefits under the Qualified Plan.

34.    For those ULLICO employees who retired after January 2001 and are receiving Qualified Plan benefits, all Documents (with names and social security numbers redacted) concerning such participants' calculation of benefits under the Qualified Plan, including but not limited to Documents and spreadsheets calculating such participants' compensation and any other formulas used to determine benefits.

35.    All Documents concerning the appointment of an Investment Manager or Qualified Professional Asset Manager of the Qualified Plan during the Relevant Time Period.

36.    All Documents concerning or comprising the Welfare Plan(s) during the Relevant Time Period, including but not limited to all:

   36a.    plan Documents;

   36b.    summary plan descriptions;

   36c.    insurance policies;

18

      36d.   certificates of coverage;

      36e.   renewal applications submitted to insurers;

      36f.   plan mergers;

      36g.   plan amendments;

      36h.   plan restatements;

      36i.   summary annual reports;

      36j.   statements of material modifications;

      36k.   enrollment forms;

      36l.   IRS Favorable Determination Letters; and

      36m.  IRS Forms 5500.

37.     All Documents demonstrating that the conduct of any Counterclaim Defendant impacted or impaired ULLICO's ability to continue its financial support for the Welfare Plan.

38.     All Documents comprising the claim or appeal file kept by the Welfare Plan or its agent, administrator or review board or panel concerning any claim by any individual for benefits under the Welfare Plan during the Relevant Time Period, including any communications between any individual claiming benefits under the Welfare Plan and the claim administrator(s).

39.     All communications sent to or from Counterclaim Defendants concerning the Welfare Plan.

40.     For each Counterclaim Defendant and any other former or current member of the Benefits Committee participating in the Welfare Plan, all Documents concerning or reflecting what each participant is owed, due or otherwise payable under the Welfare Plan but for your legal position in the Actions, including but not limited to Documents concerning what amounts have actually been paid.  This request includes but is not limited to any responsive worksheets,

19

spreadsheets, calculations, statements or reports. This request further includes but is not limited

to any calculation supporting ULLICO's withholding of federal or state taxes for purposes of

determining a participant's benefits under the Welfare Plan.

41.     All Documents concerning or comprising the Auxiliary Plan during the Relevant

Time Period, including but not limited to all:

      41a.     plan Documents;

      41b.     trust Documents;

      41c.     summary plan descriptions;

      41d.     plan mergers;

      41e.     plan amendments;

      41f.     plan restatements;

      41g.     summary annual reports;

      41h.     statements or other Documents describing plan modifications; and

      41i.     enrollment forms.

42.     All Documents concerning the appointment of the plan administrator of the

Auxiliary Plan at any time during the Relevant Time Period.

43.     For each Counterclaim Defendant during the Relevant Time Period, quarterly or

annual benefits statements concerning the Auxiliary Plan.

44.     All Documents, from January 1, 1987 to present, from any Person concerning or

referencing any proposed or actual amendment to the Auxiliary Plan, including but not limited to

Documents concerning or referencing the impact the October 20, 1999 and July 24, 2001

Qualified Plan Amendments would have on the Auxiliary Plan.

45.    All Documents, from January 1, 1987 to present, prepared for ULLICO by outside consultants regarding the financial impact or other analysis of any proposed or actual amendment to the Auxiliary Plan, including but not limited to any responsive Document within the possession, custody or control of any Person whose services were utilized in considering, adopting or implementing any actual or proposed amendment to the Auxiliary Plan.

46.    All Documents, from January 1, 1987 to present, concerning or referencing ULLICO Board's approval, consent, disapproval or rejection of any proposed or actual amendment to the Auxiliary Plan.

47.    All communications sent to or from Counterclaim Defendants concerning the Auxiliary Plan.

48.    All Documents comprising the claim or appeal file kept by the Auxiliary Plan or its agent, administrator or review board or panel concerning any claim by any individual for benefits under the Auxiliary Plan during the Relevant Time Period, including any communications between any individual claiming benefits under the Auxiliary Plan and the claim administrator(s).

49.    All Documents concerning the payment of benefits to any ULLICO employee or former employee who is receiving or will receive increased benefits under the Auxiliary Plan pursuant to the October 20, 1999 and July 24, 2001 Amendments to the Qualified Plan.

50.    For each Counterclaim Defendant and any other former or current member of the Benefits Committee participating in the Auxiliary Plan, all Documents concerning or reflecting what each participant is owed, due or otherwise payable under the Auxiliary Plan but for your legal position in the Actions, including but not limited to Documents concerning what amounts have actually been paid. This request includes but is not limited to any responsive worksheets,

21

spreadsheets, calculations, statements or reports. This request further includes but is not limited to any calculation supporting ULLICO's withholding of federal or state taxes for purposes of determining a participant's benefits under the Auxiliary Plan.

51.    All Documents concerning or comprising the Deferred Compensation Plan during the Relevant Time Period, including but not limited to all:

      51a.    plan Documents;

      51b.    trust Documents;

      51c.    trust statements;

      51d.    actuarial valuations;

      51e.    summary plan descriptions;

      51f.    plan mergers;

      51g.    plan amendments;

      51h.    plan restatements;

      51i.    summary annual reports;

      51j.    statements or other Documents describing plan modifications; and

      51k.    enrollment or agreement forms.

52.    All Documents concerning the appointment of the plan administrator of the Deferred Compensation Plan at any time during the Relevant Time Period.

53.    For each participant in the Deferred Compensation Plan, all quarterly or annual benefits statements concerning the Deferred Compensation Plan.

54.    All Documents prepared by Mercer or its consultants for ULLICO concerning analysis of the Special Global Bonuses or the Deferred Compensation Plan. This request extends to any Documents within Mercer's possession, custody or control.

55.    All Documents from any Person concerning or referencing any proposed or actual amendment to the Deferred Compensation Plan.

56.    All Documents concerning or referencing ULLICO Board's or any committee of ULLICO Board's approval, consent, disapproval or rejection of any proposed or actual amendment to the Deferred Compensation Plan.

57.    All Documents concerning the creation, adoption or implementation of the Deferred Compensation Plan, including but not limited to responsive Documents that may be within the possession of Arnold & Porter L.L.P, or any other Person who helped to create, adopt or implement the Deferred Compensation Plan.

58.    All Documents concerning the investment options within the Deferred Compensation Plan at any time in the Relevant Time Period, including but not limited to Documents concerning the consideration or offering of investment options within the Deferred Compensation Plan.

59.    All Documents prepared by Price Waterhouse Coopers ("PWC") regarding the Deferred Compensation Plan or benefits payable under the Deferred Compensation Plan to any of its participants or beneficiaries, including but not limited to benefits statements or audit reports prepared by PWC or its employee Mark Wilcox.

60.    All communications sent to or from Counterclaim Defendants or any other participant of the Deferred Compensation Plan concerning the Deferred Compensation Plan.

61.    All Documents comprising the claim or appeal file kept by the Deferred Compensation Plan or its agent, administrator or review board or panel concerning any claim by any individual for benefits under the Deferred Compensation Plan during the Relevant Time

Period, including any communications between any individual claiming benefits under the

Deferred Compensation Plan and the claim administrator(s).

62.    All Documents concerning the identity of all beneficiaries of the Deferred

Compensation Plan during the Relevant Time Period.

63.    All Documents concerning the benefits paid by the Deferred Compensation Plan

to any Person during the Relevant Time Period.

64.    For each Counterclaim Defendant and any other Person participating in the

Deferred Compensation Plan, all Documents concerning or reflecting what each participant is

owed, due or otherwise payable under the Deferred Compensation Plan but for your legal

position in the Actions, including but not limited to Documents concerning what amounts have

actually been paid. This request includes but is not limited to any responsive worksheets,

spreadsheets, calculations, statements or reports. This request further includes but is not limited

to any calculation supporting ULLICO's withholding of federal or state taxes for purposes of

determining a participant's benefits under the Deferred Compensation Plan.

65.    All memoranda and/or notes reflecting any interview by James R. Thompson, Jr.,

or any Winston & Strawn lawyer of any witness identified at pages 108-109 of the Thompson

Report.

66.    All Documents relied upon, cited or identified by Bates number or other specific

identifier in the Thompson Report.

67.    All Documents reviewed, consulted, indexed or archived by James R.

Thompson, Jr., or Winston & Strawn, or any Winston & Strawn lawyer in connection with their

investigation of ULLICO Inc., its Board or its officers as Special Counsel.

68.    An electronic copy of the Thompson Report in PDF format, including both images and searchable text.

69.    An electronic copy of all Documents made exhibits to The Thompson Report or contained in the appendix of The Thompson Report in PDF format, including images and searchable text.

70.    All internal analyses, memoranda, reports and recommendations made by James R. Thompson, Jr., Winston & Strawn, or any Winston & Strawn lawyers, relating to their investigation of ULLICO Inc., its Board, or its officers, that were not included in the Thompson Report.

71.    All communications between you and James R. Thompson, Jr., Winston & Strawn, or any Winston & Strawn lawyer, regarding their investigation of you, the Board or any officers, including notes of meetings with the Board or the Special Committee.

72.    All comments, criticisms or suggestions made by you regarding any portion of, any draft of, or the final Thompson Report.

73.    All Documents containing any correspondence or communication (including electronic communications) between you and James R. Thompson, Jr., Winston & Strawn, or any Winston & Strawn lawyer, and between you and any third party regarding the Special Counsel investigation of ULLICO Inc., its Board, or its officers, as described in The Thompson Report. This request includes all such communications by you or your agents or attorneys with Dean Mark Sergeant, any member of the staffs of any committee or subcommittee of the United States Senate or United States House of Representatives, any administrative agency of the United States, any administrative agency of the State of Maryland, or any Federal or State prosecutor.

74.     All itemized or narrative bills for services rendered to you by Winston & Strawn, or James R. Thompson, Jr., or any Winston & Strawn lawyer, in connection with their employment of special counsel and/or the production of The Thompson Report. This request includes any Documents containing descriptions of the services provided, the identity of the Person providing the service, and the costs and expenses incurred by ULLICO in connection with the Special Counsel investigation.

75.     All memoranda and/or notes reflecting any interview by any Sidley Austin lawyer of any witness concerning any of the facts or issues contained in the Sidley Austin Report.

76.     All Documents relied upon, cited or identified in the Sidley Austin Report.

77.     All Documents reviewed, consulted, indexed or archived by any Sidley Austin lawyer in connection with their investigation of ULLICO Inc., its Board or its officers..

78.     An electronic copy of the Sidley Austin Report in PDF format, including both images and searchable text.

79.     An electronic copy of all Documents made exhibits to Sidley Austin Report or contained in the appendix of Sidley Austin Report in PDF format, including images and searchable text.

80.     All internal analyses, memoranda, reports and recommendations made by any Sidley Austin lawyers, relating to their investigation of ULLICO Inc., its Board, or its officers, that were not included in the Sidley Austin Report.

81.     All communications between you and any Sidley Austin lawyer, regarding their investigation of you, the Board or any officers, including notes of meetings with the Board or the Special Committee.

82.     All comments, criticisms or suggestions made by you regarding any portion of, any draft of, or the final Sidley Austin Report.

83.     All Documents containing any correspondence or communication (including electronic communications) between you and any Sidley Austin lawyer, and between you and any third party regarding the Sidley Austin investigation of ULLICO Inc., its Board, or its officers, as described in Sidley Austin Report.

84.     All itemized or narrative bills for services rendered to you by Sidley Austin or its lawyers in connection with their employment and/or the production of the Sidley Austin Report.

85.     All Documents produced, in exact duplicate form, in response to the Subpoena To Testify Before the Grand Jury served upon ULLICO Custodian of Records on or about January or February, 2003.

86.     All Documents responsive to the February 21, 2003 Subpoena To Testify Before the Grand Jury served upon ULLICO Custodian of Records that were withheld on the basis of privilege, confidentiality or that were otherwise not produced in response to said subpoena.

87.     All memoranda and/or notes reflecting any interview by the Special Committee or any of its members of any witness concerning any of the facts or issues contained in the Special Committee Report.

88.     All Documents relied upon, cited or identified in the Special Committee Report.

89.     All Documents reviewed, consulted, indexed or archived by any Special Committee member in connection with his or her investigation of ULLICO Inc., its Board or its officers.

90.     An electronic copy of the Special Committee Report in PDF format, including both images and searchable text.

27

91.    An electronic copy of all Documents made exhibits to Special Committee Report or contained in the appendix of Special Committee Report in PDF format, including images and searchable text.

92.    All internal analyses, memoranda, reports and recommendations made by the Special Committee or any member, relating to their investigation of ULLICO Inc., its Board, or its officers, that were not included in the Special Committee Report.

93.    All communications between you and the Special Committee or any its members, regarding their investigation of you, the Board or any officers, including notes of meetings with the Board.

94.    All comments, criticisms or suggestions made by you regarding any portion of, any draft of, or the final Special Committee Report.

95.    All Documents containing any correspondence or communication (including electronic communications) between you and the Special Committee or its members, and between you and any third party regarding the Special Committee investigation of ULLICO Inc., its Board, or its officers, as described in Special Committee Report.

96.    All Documents submitted to or received from any governmental entity concerning the investigation of ULLICO that arise out of the allegations against the Counterclaim Defendants during the Relevant Time Period, including but not limited to the United States Department of Labor, the United States Securities and Exchange Commission, the United States Senate, the United States House of Representatives, and the Maryland Insurance Administration. Such Documents include any and all Documents and communications concerning the Global Crossing investment, Repurchase Programs during the Relevant Time Period, the stock offers to directors and officers during the Relevant Time Period, the repurchases of stock from directors

and officers at the discretion of Georgine during the Relevant Time Period, the Deferred Compensation Plan, the Qualified Plan, the Welfare Plan, the Auxiliary Plan, and/or the series of loans made in 2001 to Planners and Insurers, Inc., d/b/a Union Specialists.

97.     All Documents concerning or documenting any settlements between ULLICO and current or former ULLICO directors, officers or employees relating to the purchase or sale of ULLICO stock, including but not limited to any release or covenants not to sue. This request includes but is not limited to any release or covenant not to sue executed during the Relevant Time Period between and among: (a) ULLICO and Michael R. Steed; (b) ULLICO and Mark Maloney; (c) ULLICO and Grover McKean and (d) ULLICO and any Person or union Michael R. Steed, Mark Maloney and Grover McKean may have represented or been employed by, such as (but limited to) the Asbestos Workers International Association.

98.     All Documents concerning any Person who has agreed to return his or her profits from the sale of ULLICO Inc. stock during the Relevant Time Period.

99.     All Documents concerning any base compensation, incentive compensation or bonus compensation approved and paid to each of the Counterclaim Defendants in every year from January 1, 1990 to present.

100.     All Documents concerning incentive compensation or bonus compensation approved and paid to all employees, directors and officers of ULLICO from January 1, 1990 to present, including but not limited to ULLICO Group Insurance and Investment Services sales representatives.

101.     All Documents concerning any studies, analyses, proposals or programs prepared by any agent representative or current or former employee of ULLICO Inc. or its subsidiaries

29

regarding ULLICO compensation programs from January 1, 1990 to present, including but not limited to reports or studies prepared or performed by Mercer, PWC or Aon consultants.

102.    All Documents from January 1, 1990 to present concerning the Global Incentive Program, including but not limited to any Board or Compensation Committee meeting minutes, resolutions or recommendations.

103.    All Documents concerning any job appraisals, performance reviews, evaluations or discipline records of the Counterclaim Defendants from January 1, 1990 to present, including but not limited to the personnel file for each Counterclaim Defendant.

104.    All consulting agreements entered into between ULLICO and any Counterclaim Defendant during the Relevant Time Period.

105.    All Documents from January 1, 1990 to present kept by the Counterclaim Defendants, Robert A. Georgine, Grover McKean and Michael Steed while employed by, acting as agent to, serving as a ULLICO Board Member to or otherwise associated with ULLICO, including but not limited to chronology files, correspondence, Documents concerning executive compensation, benefits or investment opportunities of any kind, Repurchase Programs, Documents concerning the Benefits Committee, Welfare Committee, Compensation Committee, Executive Committee, Special Committee and the Regulatory and Litigation Oversight Subcommittee.

106.    All Documents, including any insurance policies, in effect during the Relevant Time Period concerning the terms under which any Person may be insured or indemnified against liability relating to the Plans or the allegations of the Counterclaims in any of the Actions.

107.   All Documents concerning your Document destruction and retention policies or procedures during the Relevant Time Period, and any actual, suggested or contemplated policy, plan, program procedure, instruction, direction or request concerning the destruction, alteration, removal concealment, non-disclosure, secrecy or confidentiality of any of the Documents requested herein during the Relevant Time Period.

108.   All Documents concerning in any way how to read and interpret any computer-readable data produced in response to any of the requests set forth above.

109.   All Documents, not previously requested, that you intend to introduce into evidence, use as exhibits during depositions, or to which you intend to refer at trial in any of the Actions.

110.   To the extent not otherwise requested, all Documents relevant to the subject matter of the Actions, including all Documents on which Counterclaim Plaintiffs rely in support of their claims or in support of any request for relief, and all Documents that relate to any allegation in the Actions.

Date: June 8, 2005                              O'MELVENY & MYERS LLP

                                                _____
                                                Karen M. Wahle (Bar No. 440517)
                                                Robert N. Eccles (Bar No. 355479)
                                                1625 Eye Street, NW
                                                Washington, DC 20006-4001
                                                (202) 383-5300
                                                (202) 383-5414 (fax)
                                                beccles@omm.com
                                                kwahle@omm.com

                                                Attorney for Counterclaim Defendants
                                                Joseph A. Carabillo, John K. Grelle and
                                                James W. Luce

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June 2005, a true and accurate copy of the

foregoing was served via overnight mail on the following:

> James A. Bensfield
> Anthony J. Trenga
> Mark J. Rochon
> Brian A. Hill
> Matthew T. Reinhard
> MILLER & CHEVALIER CHARTERED
> 655 Fifteenth Street, N.W., Suite 900
> Washington, DC 20005-5701
> Tel. (202) 626-5800
> Fax. (202)628-0858
> atrenga@milchev.com
> Attorneys for Counterclaim Plaintiffs

and by regular mail on the following:

> Michelle L. Perry
> Kalijarvi, Chuzi, & Newman, P.C.
> D.C. Bar No. 468187
> 1901 L Street, N.W.
> Suite 610
> Washington, D.C. 20036
> Tel: 202/331-9260
> Fax: 202/331-9261
> mperry@kcnlaw.com
> Attorneys for Plaintiff Joseph A.
> Carabillo on his Affirmative Claims
>
> Robert Scully, Esq.
> Rees Broome & Diaz PC
> 8133 Leesburg Pike, 9º' Floor
> Vienna, VA 22182
> Attorney for James W. Luce on his
> Affirmative Claims
>
> Randall Turk, Esq.
> Baker Botts, LLP
> 1299 Pennsylvania, N.W.
> Washington, DC 20004-2400
> Attorney for Robert A. Georgine

Kara M. Maciel, Esq.
Krupin O'Brien LLC
1156 15'h Street, N.W.
Washington, DC 20005
Attorney for John K. Grelle on
his Affirmative Claims

W. Glenn Merten, Esq.
Jorden Burt LLP
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, DC 20007-5208
Attorney for Pacific Life Insurance Co.

Jeffrey A. Liesemer, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005
Attorney for Defendant Ann O'Brien

David S. Preminger
Rosen Preminger & Bloom
708 Third Avenue, Suite 1600
New York, NY 10017
Tel: 212/682-1900
Fax: 212/867-6878
dpremineergrpblawnv.com
Attorney for Plaintiff Joseph A. Carabillo on his
Affirmative Claims

Michael A. Maricco

DC1:626350.3

33