UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES W. LUCE          :
                       :
    Plaintiff,         :
                       :
                       :   Civil Action No.: 05-1996-RJL
v.                     :
                       :
ULLICO INC. PENSION PLAN & TRUST,  :
et al.                 :
                       :
                       :

**REPLY MEMORANDUM IN SUPPORT OF JAMES W. LUCE'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM
THE ULLICO INC. PENSION PLAN & TRUST AND THE ULLICO INC.
<u>EMPLOYEE BENEFIT PLAN ADMINISTRATIVE COMMITTEE</u>**

Plaintiff James W. Luce submits this memorandum in reply to the Defendants' Opposition to his Motion to Compel and in further support of his Motion to Compel Production of Documents from Defendants ULLICO Inc. Pension Plan & Trust and ULLICO Inc. Employee Benefit Plan Administrative Committee.

<u>ARGUMENT</u>

1.   <u>Luce Fulfilled His Meet and Confer Obligation.</u>

In response to Luce's motion to compel, the Qualified Plan and the Administrative Committee make the amazing claim that Luce's counsel refused to make a good-faith effort to narrow the areas of disagreement in violation of the local rules of this court.  Defendants apparently believe good faith negotiations over discovery disputes can only be demonstrated by Luce's capitulation to their refusal to even log for identification the documents they refuse to produce!

Defendants further contend that since Luce believed the Defendants would never appropriately respond to his document requests, as he presciently did, he should have rejected the Defendants' privilege log as unnecessary and not have insisted on its production in compliance with the Federal Rules of Civil Procedure! Defendants cite no authority for the inverted approach to the resolution of privilege disputes they claim Luce's counsel should have adopted because there is none to cite.

Not surprisingly, Luce's counsel's recollection of the parties' meet and confer conferences varies starkly from that described by the Defendants. Luce's counsel repeatedly explained to the Defendants' counsel the multiple categories of documents covered by the document requests to which he believes the fiduciary-exception applies. The Defendants refused to engage in any meaningful discussion of the law of the fiduciary-exception. Instead, they demanded that Luce identify specific documents for which he was challenging the Defendants' assertion of privilege. Luce noted that he could not identify specific documents because they had failed to produce a privilege log as required by Rule 26(b)(5).

The notion that Luce could specifically identify the documents withheld from him without access to such a log is ludicrous. Luce identified the categories of documents that he believed were not protected in the hands of the Defendants, who admittedly acted in a fiduciary capacity in deciding his benefits claim. He made it crystal clear that, in light of the Defendants repeated insistence that Luce was entitled to nothing beyond the "Administrative Record" as unilaterally designated

by the Employee Benefits Administrative Committee's Counsel; he was demanding the delivery of a privilege log so that he could file the instant motion to compel. The Defendants would have had to "[take] additional time and [incur] additional expense", (Opposition at 8), to produce a privilege log regardless of Luce's position because it was required of them by Rule 26(b)(5). Their claim that Luce's counsel somehow misled them into thinking that if they produced the privilege log he would not move to compel the logged documents is contrary to his express disclosure to the contrary at the conference. It is also belied by counsel's history of unwavering fidelity to the legal position that he asserted in conference and in the instant motion. Luce's counsel raised the same challenge to non-production of relevant documents on grounds of attorney client privilege and work product protection as part of the benefit appeal process. Letter from Emily D. Harwood dated July 7, 2005. **Exhibit A**. The Defendants refused to produce the very same documents at that time on the grounds that the matter should be resolved by this Court in the subsequent litigation challenging the Committee decision. Letter from William F. Hanrahan dated July 13, 2005. **Exhibit B**.

      The Defendants claim that Luce failed to fairly apprise them of the issues during the discovery conference, and should thus should be prevented from obtaining the judicial relief sought in the pending motion until he attends further filibustering festivities, should be rejected.

2.   <u>Luce is entitled to Production of all the Documents Withheld by Defendants</u>

The Defendants do not dispute that they acted in a fiduciary capacity when they decided Luce's appeal from the reduction of his qualified plan benefit. Nor do they contend that the advice of plan counsel to the benefit committee "relating to the decision to deny benefits" is privileged as against disclosure to Luce.

The real dispute here is whether, under the unusual facts of this case, the fiduciary exception can be circumscribed as easily as these Defendants contend.

Luce recognizes that in the usual case, like *United States v. Mett*, 178 F. 3d 1058 (9th Cir. 1999), the ERISA fiduciaries ought to be allowed to have their communications with trial counsel "… in a civil suit arising from a denied benefit claim…" protected against discovery. For that reason, Luce has not sought to compel production of any documents created by Defendants or their Counsel after he filed suit against them in the United States District Court for the Eastern District of Virginia on July 21, 2005 challenging the Defendants denial of his appeal of the reduction of his ERISA qualified plan benefits.

Luce simply contends that this is an unusual case that can not be decided by the application of the usual rules. In no other case, reported or unreported, has an ERISA plan fiduciary done what these Defendants have brazenly attempted to accomplish.[1] First, they sued Luce, a qualified plan beneficiary, in this Court for a

---

[1] The Defendants argue that Luce is "…attempt[ing] to gain improper access to privileged communications, [based] on the legal fiction that communications with litigation counsel concerning then-extant litigation (over which the fiduciary exception does not apply) were really communications in anticipation of *this* litigation ,which is an appeal from the denial of his administrative appeal to the Benefits Committee." (Opposition at 11-12.)

Defendants correctly recognize Luce's argument that the claims the Plan and Administrator filed against him and their subsequent self-help benefits reduction were of a piece and thus covered

4

judicial declaration that he was not entitled to full retirement benefits. They used that suit as a work product protection cloak against discovery of ULLICO Inc.'s previously announced plans to order the Defendants to exercise self-help relief against Luce by reducing his retirement benefits before this Court could rule. While that litigation remained pending, the Defendants unilaterally reduced Luce's retirement benefits thereby forcing him, under the terms of the Plan, to "appeal" that benefit reduction to the Defendants - the same parties that are suing him in this Court for the very relief they had just granted themselves.

Luce then brought this action, which challenges the legitimacy of that "kangaroo court" benefit determination, and sought discovery of the communications between the Defendants and its litigation counsel during the action they brought against him as Counterclaim Plaintiffs. Luce also sought production of documents regarding the instructions the ULLICO Inc. Board of Directors and in-house legal counsel gave to the Plan, the Plan Administrator and their counsel to commence that initial action and to simultaneously "suspend" Luce's benefits pending that litigation.

The Defendants objected contending that those earlier communications with litigation counsel are not "related to" the plan's subsequent decision to, in effect, award itself victory in its pending suit by a self-help "administrative ruling" denying Luce's appeal. The Defendants also claim that those documents are work

---

by the fiduciary exception. Defendants incorrectly characterize Luce's claim as dependant on a "legal fiction." The only document Defendants provided to Luce, at the outset, as "relevant" to its decision and therefore to his benefits appeal was the ULLICO Inc. Board of Directors Resolution that ordered Defendants to sue Luce. (Memorandum at 2.) Unfortunately, that corporate resolution is no fiction and it ties the two halves of the Defendants faithless conduct towards Luce tightly together.

5

product protected because they were created "in anticipation of" the earlier litigation the Plan commenced against Luce and are "not related to the benefits decision." They maintain the work product claim with a straight face even though it now appears clear that the main purpose of the Declaratory Judgment Counterclaim was to shield the Defendants subsequent fiduciary misconduct (in deciding Luce's benefits claim as directed by ULLICO Inc.) from judicial scrutiny. There is no support for either of those claims.

The Defendants claim that there is "no relationship" between the communications they had with their litigation counsel between 2003 and 2005 and the predetermined decision they made on Luce's appeal on May 20, 2005, is an insult to the Court's intelligence. Any doubt that those prior litigation claims and the subsequent benefit reduction decision were part of a plan, engineered by ULLICO Inc., to obtain the result it could not wait to get in litigation, is dispelled by the ULLICO Inc. Board of Directors Resolutions that ordered Defendants to sue Luce in the first place. (Memorandum at 2, 4 and 15.) The intimate relationship initially revealed by the Board Resolutions should be confirmed by an in camera review of the numerous documents described in the Defendants' privilege log.

The Defendants cite no authority for the proposition that work product protection should bar discovery of the Defendants' communications with their plan litigation counsel, despite the fiduciary exception to the attorney client privilege, simply because Defendants cleverly sued Luce for a declaration of rights before they unilaterally reduced his benefits and then decided his appeal of that reduction in

6

their own favor. There is no authority for that proposition because adopting it would turn ERISA fiduciary duty law into a farce.

If the Defendants position were to become the law in this district there would be an incentive for ERISA plans to commence sham declaratory judgment litigation against their beneficiaries before reducing their benefits as a way of trumping the fiduciary exception (otherwise applicable in the subsequent benefits claims proceedings) with the work product doctrine. That would contort the "usual rule" - that in litigation "arising out of a denial of benefits" the plan should have the benefit of work product protection - into an inverted and perverse rule that benefit reductions or denials, adopted by ERISA plans to resolve their own pending declaratory judgment claims by self help, are protected by the work product doctrine applicable to the pending litigation claims. No court has so held. Luce urges this Court not to adopt the Defendants' extraordinary and ill conceived effort to eviscerate the fiduciary exception on these unusual facts.

3.      <u>Luce has not Been Provided with all Documents at Issue in this Case</u>.

Luce does not deny that in the usual benefits case the discovery he seeks of the communications between the Defendants and ULLICO Inc. lawyers and executives would be inappropriate. In the usual case, a plan administrator granted sole discretion to review a benefits decision (by resolving disputed facts or interpreting the plan, or both) has its decision deferentially reviewed on the administrative record, without inquiry into the motives or state of mind of the plan administrative committee, solely to determine if its decision was rational.

But, as noted above, this is a truly extraordinary, indeed a *sui generis*, case.

Here the Plan Administrator reduced Luce's vested retirement benefits without interpreting or applying the Plan or resolving any disputed facts. To the contrary, it initially relied upon a resolution of the Board of Directors of ULLICO Inc., the Plan Sponsor, declaring that the applicable Plan amendment was never properly adopted. It then affirmed that decision, when Luce appealed as he was required to do, in an extraordinary quasi-judicial opinion letter written entirely by legal counsel. The Plan Administrative Committee that decided the appeal kept no minutes of any of the meetings at which it "considered" Luce's appeal. It simply deferred to an established decision of the Board of Directors of the Plan Sponsor directing it to deny Luce a vested retirement benefit.

That decision exceeded the scope of the Plan Administrator's discretionary authority under the Plan as well as under applicable federal law. *See Johannssen v. District No. 1 – Pacific Coast District*, 292 F.3d 159, 169 (4th Cir. 2004) ("Such legal questions are appropriate terrain for the courts, not Plan Administrators…."). The proper method for a Plan Administrator to resist a claim for benefits which it believes to be the product of an illegitimate attempt to amend the Plan is to apply to the federal courts for a resolution of the plan amendment issue. *Id.* at 170.

In <u>Joseph A. Carabillo v. ULLICO Inc. Pension Plan and Trust</u>, *et al.*, United States District Court for the District of Columbia, Civil Action No. 4-cv-776 (RJL), the ULLICO Inc. Pension Plan and Trust and Mark Singleton, in his capacity as a member of the Employee Benefit Plan's Administrative Committee, filed a

8

Counterclaim against James W. Luce seeking the very relief they have now awarded themselves by self-help.  Count I of that counterclaim asserts that Luce along with Joseph Carabillo and John Grelle (as members of the Benefits Committee) breached their fiduciary duties under ERISA by "purport[ing] to amend the qualified plan on two separate occasions."  (Counterclaim ¶¶ 17-18.)  Both the Plan Administrator and the Plan Sponsor, ULLICO Inc., contend that that the amendment to the Qualified Plan on July 21, 2001, by the Benefits Committee, attempted to modify the Qualified Plan's benefit formula by increasing the applicable percentage from 2% to 2.5%.  (*Id.* ¶ 18.)  This amendment was attempted, according to the counterclaim Plaintiffs, "without authority" and "without disclosures to the [ULLICO] Board."  (*Id.* ¶ 19.)

The Opinion of the Plan Administrative Committee that decided Luce's appeal simply adopted the legal theory the Plan and the Plan Administrator asserted against Luce in the pending litigation *at the direction of the ULLICO Inc. Board of Directors*.  (Opinion at 6.)

Judicial reluctance to grant extensive discovery in ERISA benefits cases only is proper "[w]hen there can be no doubt that the application was given a genuine evaluation."  *Semien v. Life Ins. Co. of No. America*, 436 F.3d 805, 813 (7th Cir. 2006).

> When a prima facia showing of misconduct or bias is made, or a claimant demonstrates a good faith basis to believe that limited discovery will produce such evidence, the district court should engage in a more cautious review....

> …When "impartiality can fairly be questioned," district courts should allow limited discovery.  By allowing limited discovery in cases where a prima facie showing of impropriety has been made, district courts ensure that the "arbitrary and capricious" standard of review is not toothless.

*Id* at 813-14.

The Defendants are simply wrong when they assert that:  "Luce's allegations of conflict of interests are comprised of bare allegations related to the Board's July 23, 2003 resolution to suspend Luce's benefits and the fact that the Committee is comprised of ULLICO employees." (Opposition at 15.)

Luce has made a prima facie showing of misconduct or bias on the part of the Employee Benefits Administrative Committee based on: 1) the ULLICO Inc. Board Resolution of July 23, 2003 ordering suspension of Luce's benefits; 2) the Counterclaim filed by the ULLICO Inc. Pension Plan and Trust and Mark Singleton, in his capacity as a member of the Employee Benefit Plan's Administrative Committee, against James W. Luce in <u>Joseph A. Carabillo v. ULLICO Inc. Pension Plan and Trust</u>, *et al.*, United States District Court for the District of Columbia, Civil Action No. 4-cv-776 (RJL), ***and still pending***, seeking the relief the Committee awarded itself, by self-help, and then affirmed on "appeal" to itself; 3) the Committee's written Opinion deciding Luce's appeal that adopted the legal position underlying its own litigation claims against Luce rather than deciding any "implementation, application or administration" questions of the type committed to its discretion under the terms of Section 8.4 of the Plan; and 4) the Committee members were ordered in advance by ULLICO Inc., their employer, how to decide the legal issue underlying the appeal.

It has been a basic maxim of Anglo-Saxon Jurisprudence since at least the 1300's that no man may be the judge of his own case ("*nemo debit esse judex in propia causa*") because of the irreconcilable conflict of interest such an adjudication presents.  *See Tumey v. Ohio*, 273 U.S. 510, 532 (1927); *Small Coal Operator's Ass'n v. District 28, UMW*, 577 F. Supp. 420, 424 n.1 (W.D. Va. 1983) (role as advocate in the same case is assumed to persist and create disqualifying conflict of interest as an arbitrator or administrative hearing officer).  Luce has demonstrated more than a prima facie case that such a conflict underlies the Opinion these Defendants handed down in Luce's "appeal."  The additional discovery Luce seeks will go a long way towards fleshing out the back-story behind the details of the conflict of interest that operated here.

The Supreme Court has held that any conflict of interest must be fully addressed and must be given due weight even under a deferential standard of review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

While the Courts of Appeal have struggled to identify which conflicts of interest justify "judicial review with more bite," *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 981 (7th Cir. 1999), and how that bite should be "masticated", all agree that "[i]f the first–level decisionmaker [sic] has an interest in the outcome, this potential for bias is bound to affect the mindset of the reviewing court." *Id. (citing Gallo v. Amoco Corp.,* 102 F.3d 918, 921 (7th Cir. 1996*).*  Serious bias and interest on the part of these Defendants is indisputable.

None of the opinions cited by the Defendants as limiting discovery of conflicts addressed the kind of self interest these Defendants are attempting to insulate from discovery. The conflict here is not the ordinary institutional one present in the usual case where the plan administrator is an employee of the sponsor. The conflict here is an extraordinary one. It is the conflict inherent in judging one's own case. It warrants full disclosure of the documents sought by Luce in his Motion to Compel.

## CONCLUSION

For the reasons stated, and the arguments of counsel presented at any hearing on this motion, this Court should enter an Order pursuant to its authority under Federal Rule of Civil Procedure 37 compelling the ULLICO Inc. Pension Plan & Trust and the ULLICO Inc. Employee Benefit Plan Administrative Committee to produce all of the documents contained on the privilege log attached to the Memorandum in Support of the Motion to Compel as Exhibit 6.

Pursuant to Local Rule 7(f) Luce requests an oral hearing on his Motion.

Date: June 13, 2006                           Respectfully Submitted,

                                                    /s/
                                              Robert E. Scully, Jr.
                                              REES, BROOME & DIAZ, P.C.
                                              8133 Leesburg Pike, Ninth Floor
                                              Vienna, Virginia 22182
                                              (703) 790-1911
                                              Fax No. (703) 790-5249
                                              Counsel for James W. Luce
                                              D.C. Bar No. 340828