# EXHIBIT A

<div style="display:flex;">
<div>
JOEL M. BIRKEN*
RAYMOND J. DIAZ*+
JONATHAN J. BROOME, JR.
JOHN F. BOLAND*
ROBERT E. SCULLY, JR.* +
JUAN R. CARDENAS
BRUCE E. TITUS*+
PETER S. PHILBIN+
WILLIAM P. DALY, JR.
ANDREW B. GOLKOW*
SUSAN RICHARDS SALEN*+
RICHARD M. WARE, JR.+
EDWARD J. O'CONNELL III*
MARK P. GRAHAM
TODD A. SINKINS*
</div>
<div align="center">

# REES, BROOME & DIAZ, P. C.
COUNSELLORS AT LAW
8133 LEESBURG PIKE, NINTH FLOOR
TYSONS CORNER
VIENNA, VIRGINIA 22182-2706
TELEPHONE (703) 790-1911
FAX: (703) 848-2530

WWW.RBDLAW.COM
</div>
<div>
LELLA AMISS E. PAPE+
URSULA A. KOENIG
RORY K. NUGENT
KIMBERLEY O'HALLORAN-CORDRAY
COURTNEY B. HARDEN
EMILY D. HARWOOD
BARRETT W. THIES
CHRISTOPHER B. DEMERS
KATHERINE C. MCCARTHY

OF COUNSEL
MICHAEL L. O'REILLY
DANIEL R. GROPPER°

JAMES M. REES (1941–1986)

* Also admitted in the District of Columbia
+ Also admitted in Maryland
° Also admitted to Patent Bar
</div>
</div>

July 7, 2005



**VIA FIRST-CLASS MAIL AND TELEFAX**

William F. Hanrahan
Groom Law Group, Chartered
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-5811

    Re: James W. Luce - ULLICO, Inc. Pension Plan and Trust Appeal

Dear Mr. Hanrahan:

I have received your letter dated June 30, 2005, and the referenced enclosures identified as "... the bulk of the documents considered or relied upon by the Administrative Committee of the ULLICO, Inc. Pension Plan and Trust in connection with Mr. Luce's appeal of the denial of his claim for additional pension benefits."

I have reviewed your letter and the enclosed documents and have the following objections and comments:

  1. <u>There is no Basis for Withholding any Relevant Documents Based on an Attorney-Client Privilege</u>.

  The following relevant documents were withheld based upon a purported attorney-client privilege:

- AC 00007 – AC 00031;
- AC 00063 – AC 00075;
- AC 00080 – AC 00081;
- AC 00094 – AC 00097;
- AC 00264 – AC 00274; and
- AC 01087 – AC 01100

Rees, Broome & Diaz, P.C.

William F. Hanrahan
July 7, 2005
Page 2

As you know, there is no attorney-client privilege applicable to communications between counsel and the Plan Administrative Committee with respect to plan administration activities. See Washington-Baltimore Newspaper Guild, Local 35 v. Washington Star Co., 543 F. Supp. 906, 909 (D.D.C. 1982) ("When an attorney advises a fiduciary about a matter dealing with the administration of an employees' benefit plan, the attorney's client is not the fiduciary personally but, rather, the trust's beneficiaries."); Everett v. US Air Group, Inc., 165 F.R.D. 1 (D.D.C. 1995) (employer could assert attorney-client privilege only when it sought legal counsel solely in its role as employer regarding issues other than administration of the plan). The adjudication of Mr. Luce's claim for benefits is a plan administration activity. Accordingly, any communications reflecting legal advice given to the Plan Administrative Committee cannot be withheld on the basis of privilege.

Similarly, when a document containing otherwise privileged communications between the settlor and its counsel are provided to, or disclosed to, the Plan Administrator as part of its review of a benefits claim or appeal, the attorney-client privilege is waived. It is a well-established principle of law that the attorney-client privilege is lost if the client discloses the substance of an otherwise privileged communication to a third party. In re Sealed Case, 676 F.2d 793 (D.C. Cir. 1982). Accordingly, any documents disclosed to the Plan Administrative Committee in connection with its review of Mr. Luce's claim certainly lost any applicable attorney-client privilege. See Lewis v. UNUM Corporation Severance Plan, 203 F.R.D. 615, 621-22 (D. Kan. 2001) (attorney-client privilege was waived when privileged documents were provided to plan committee as part of adjudication of benefits claim). Please provide the withheld documents forthwith.

2.   **There is No Basis for Redacting Minutes of the Meetings of the Board of Directors of ULLICO, Inc., the Executive Committee of the Board, or the Benefits Committee.**

The Department of Labor regulations require delivery of all documents, records and other information relevant to Luce's claim for benefits. A document, record or information is relevant to his claim if: (1) it was relied upon in making the benefit determination; (2) it was submitted, considered or generated in the course of making the benefit determination; or (3) it demonstrates compliance with the administrative process and safeguards required in making the benefit determination. 29 C.F.R. § 2560.503-1(m)(8). Any minutes of the Board of Directors of ULLICO, Inc., the Executive Committee of ULLICO, Inc. or the Benefits Committee that are part of the administrative record must be presented to Luce in precisely the format in which they were submitted to,

REES, BROOME & DIAZ, P.C.

William F. Hanrahan
July 7, 2005
Page 3

considered by, or generated by the Plan Administrative Committee. Please provide me with the authority on which you relied in concluding that the documents can be redacted "... to confine disclosure to information relevant to the questions presented by Mr. Luce's appeal." If there was material in the minutes of the ULLICO Board of Directors, Executive Committee, or Benefits Committee that was not relevant to the issues presented by Mr. Luce's appeal, the minutes could and should have been redacted before they were submitted to the Plan Administrative Committee. Your letter quite clearly reveals that no such redactions were made - since you are making them now.

The Plan Administrative Committee's position on this issue is unsupportable and unacceptable. Please present all minutes in precisely the format in which they were submitted to, considered by, or generated by the Plan Administrative Committee.

3.     **The Minutes of the Meetings of the Plan Administrative Committee Were Not Produced.**

We were surprised to find no minutes of the meetings of the Plan Administrative Committee held on April 22, May 5 and May 18, 2005, at which Mr. Luce's appeal was considered. We are aware that such minutes are routinely kept, and are obviously part of the administrative record. If you contend that other business was conducted at the meetings in addition to the Committee's review, consideration and decision of Mr. Luce's claim and appeal, such non-germane portions of the minutes might not be part of the administrative record in Luce's case. Please advise me at your earliest convenience if you intend to redact portions of the minutes of the meetings of the Plan Administrative Committee at which Mr. Luce's claims and appeals were considered.

4.     **All Documents "Generated in the Course of" the Benefits Detemrination Were Not Produced.**

We were also surprised to find no correspondence, emails or other communications between members of the Committee and other ULLICO employees, or between ULLICO employees and outside counsel. Pursuant to 29 C.F.R. § 2560.503-1(m)(8), all documents "generated in the course of making the benefit determination" must be provided to a claimant upon request. This would include all communications (including emails) between and among the Committee members, other ULLICO employees, and outside counsel relating to the claims adjudication process, deliberation, decision or procedures. None of these documents were provided.

REES, BROOME & DIAZ, P.C.

William F. Hanrahan
July 7, 2005
Page 4

     If you contend that Mr. Luce is not entitled to these documents under the ERISA claims regulations, a position with which we strongly disagree, we nonetheless trust that you have taken steps to retain all such documents and emails in both your firm's and client's possession such that they will be available during discovery under the Federal Rules of Civil Procedure, and hereby put both the Groom Law Group and your client on notice that Mr. Luce intends to pursue such documents and emails should litigation ensue.

                             Very truly yours,

                             REES, BROOME & DIAZ, P.C.

                     By: _____
                            Emily D. Harwood

mbl
cc:   James W. Luce

K:\12\12410\00003\corr\050707 Hanrahan Letter.doc