## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAMES W. LUCE,                               :
                                             :
    Plaintiff,                       :
                                             :
v.                                           :       Civ. Action No. 05-cv-1996(RJL)
                                             :
ULLICO INC. PENSION PLAN                     :
AND TRUST, et al.                            :
                                             :
    Defendants.                      :

## JAMES W. LUCE'S REPLY BRIEF IN SUPPORT
## OF THE MOTION TO COMPEL PRODUCTION OF DOCUMENTS
## BY THE GROOM LAW GROUP

    Plaintiff James W. Luce submits this memorandum in reply to Groom Law Group's ("Groom") Opposition to his Motion to Compel and in further support of his Motion to Compel Production of Documents by Groom Law Group.

## ARGUMENT

### 1.    "Good Cause" is Not Required Under the Fiduciary-Exception.

    Groom concedes, as it must, that this Court declined to adopt the good cause requirement set forth in *Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir. 1970) when it decided *Washington-Baltimore Newspaper Guild, Local 35 v. Washington Star Co.*, 543 F. Supp. 906, 909 (D.D.C. 1982). Judge Parker's reasoning in *Washington Star* was not "based on demonstrably flawed premises" (Opposition at 11) and Groom's fabrication of an inapplicable hypothetical does not warrant departure from a well-reasoned, and much followed, decision of this Court.

Groom cites *Varity Corp. v. Howe*, 516 U.S. 489, 116 S. Ct. 1065 (1996) in support of the truism that ERISA fiduciaries, just like corporate managers, face differing interests among various groups and that the interests of different groups of participants may conflict. (Opposition at 9.)  Yet, what the Court held in *Howe*, is that ERISA fiduciaries are duty-bound to discharge their duties solely in the interest of the participants and beneficiaries, 516 U.S. at 506, and to take impartial account of the interests of *all* beneficiaries (rather than the interests of specific participant groups), 516 U.S. at 514.  It is precisely this singular interest that distinguishes the relationship between a plan beneficiary and an ERISA fiduciary from that between a shareholder and a corporate manager.  Corporate managers are clearly not duty bound to run their Company solely in the interest of the shareholders, rather, their duties run to the Company.  This is the distinction that Judge Parker points out in *Washington Star* and it is just as valid now as it was in 1982.

Groom's claim that this case involves attempts by a small group of plan participants to obtain increased benefits at the expense of other plan participants (Opposition at 9) is both untrue and unwise.  Groom itself acknowledges that the allegedly improperly adopted plan amendment was subsequently readopted by the Board in the exercise of its good faith business judgment as fair and appropriate for all participants except co-defendants Luce, Carabillo and Grelle.  (Opposition at 7 n.2.)

Fiduciaries are obligated to act in the interests of the plan participants and beneficiaries as a whole. The fact that a particular administrative decision could have different consequences for different beneficiaries does not justify the non-disclosure of information. The *only* reason a fiduciary would need to communicate with counsel in confidence about plan administration is if it has engaged in improper or arbitrary decision making or has attempted to hide its activities, as the Committee here has done. Such a need cannot support non-disclosure and, in fact, the demonstrable likelihood of such wrongful actions going unexamined supports full disclosure and broad application of the fiduciary exception.

Groom's second attack on *Washington Star* is based on the holding of a single case, *In re Prudence-Bonds Corporation*, 76 F. Supp. 643 (E.D.N.Y. 1948), which was limited to its facts and is contrary to the common law of trusts. *See Riggs Nat'l Bank of Washington, D.C. v. Zimmer*, 355 A.2d 709, 714 (Del. Ch. 1976). *Prudence-Bonds* involved an indenture trustee for an issue of corporate bonds.[1] Subsequent decisions have distinguished *Prudence-Bonds* from typical trust situations. Specifically, in *Riggs Nat'l Bank of Washington, D.C. v. Zimmer*, 355 A.2d 709, 714 (Del. Ch. 1976) the Delaware Court of Chancery declined to follow *Prudence-Bonds* in the context of a suit by beneficiaries of a testamentary trust against the Trustees for breach of their fiduciary duties. The Court in *Zimmer* found that "some of the language in the Prudence-Bonds case is in striking contrast to the English rule",

---

[1]    Judge Inch decided the issue of the applicability of the attorney-client privilege as a matter of first impression. In doing so he overruled the "careful and learned" decision of the Special Master, "with hesitation", disagreeing with the Special Masters' recognition that "all opinions obtained by the Trustee with respect to administration of a Trust, on behalf of and for the benefit of the cestui que trust (such as the bondholders) belong to the latter." *Prudence-Bonds*, 76 F. Supp. 643, 645-646 (E.D.N.Y. 1948).

which "puts the proper emphasis on fiduciary responsibility". *Zimmer*, 355 A.2d at 709. The Court also found that the bondholders' interest in *Prudence-Bonds* was not the equivalent of the beneficiaries' interest in *Zimmer*, where "the real clients are the beneficiaries themselves". *Id.* Courts presented with the question of the attorney-client privilege in the ERISA fiduciary context have followed *Zimmer* rather than *Prudence-Bonds*. *See Garner v. Wolfinbarger*, 430 F.2d 1093, 1102 (5th Cir. 1970) (rejecting American Bar Association's (as *amicus curiae*) reliance upon *Prudence-Bonds*); *see also, Donovan v. Fitzsimmons*, 90 F.R.D. 583, 586 (citing *Zimmer* in support of conclusion that "Garner rule" is well suited to application in the pension fund context.). In short, Judge Parker's failure to follow the inapplicable and anomalous *Prudence-Bonds* decision does not render his reasoning "flawed". This is particularly true considering the fact that Judge Parker expressly considered and followed the reasoning of the Courts that had rejected *Prudence-Bonds*. *See Washington Star*, 543 F. Supp. at 909 (explaining analysis in *Zimmer* and *Donovan*).

Groom fails to present a persuasive argument for departure from the established decision of *Washington Star*. Notably, Groom does not contend that the fiduciary exception should not apply if this Court declines to adopt a new good cause requirement. Apparently Groom agrees with Luce that the challenged communications relate to plan administration. Accordingly, this Court should apply the fiduciary exception as set forth in *Washington Star* and grant Luce's Motion to Compel.

2.     **The Documents are Not Protected by the Attorney Work Product Doctrine.**

Groom argues that "during the time the Committee was considering Luce's appeal, it was a virtual certainty that if the Committee's decision was adverse to Luce, he would challenge the decision". (Opposition at 14). This very argument has been rejected by at least one other court in an ERISA benefits context. *See Anderson v. Sotheby's Inc.*, No. 04 civ 8180, 2005 U.S. Dist. LEXIS 9033, *24 (S.D.N.Y. May 13, 2005) ("if the work-product doctrine protected ["documents that Defendants would have created in the ordinary course of assessing an employee's beneficiary's claim"], 'no ERISA plan beneficiary could ever obtain discovery into records of an Administrator's investigations of the claim' because an administrator could almost always claim that it anticipated possible litigation.").

The fact that litigation between ULLICO and Luce was already pending is also of no import with respect to communications and other documents related to plan administration because the determination of Luce's benefits claim had to be properly made whether or not other litigation was pending. Thus, it is simply not the case that the documents in question were prepared primarily because of litigation. *See In re Royal Ahold N.V. Sec. & ERISA Litig.*, 230 F.R.D. 433, 435-36 (D. Md. 2005) ("Undoubtedly the company was also preparing for litigation, as the first class action was filed February 24, 2003, but the investigation would have been undertaken even without the prospect of preparing a defense to a civil suit", therefore work product doctrine does not apply).

Groom's reliance on *Delaney, Migdail & Young, Chartered v. I.R.S.*, 826 F.2d 124 (D.C. Cir. 1987) is misplaced. That decision does not change the fundamental requirement that, in order to be protected by the work product doctrine, the materials in question must be prepared in anticipation of litigation. *See Delaney*, 826 F.2d at 126. The decision of *U.S. v. Adlman*, 134 F.3d 1194 (2d Cir. 1998), is also inapposite here. In *Adlman*, the Second Circuit adopted a formula for analyzing work product protection based on whether the documents were prepared "because of" existing or expected litigation, rather than "primarily or exclusively to assist in litigation". *Id.* at 1198. However, the Court "emphasized that the 'because of' formulation . . . withholds protection from documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation [because] [i]t is well established that work-product privilege does not apply to such documents". *Id.* at 1202. Documents created in the course of a benefits determination by a plan fiduciary are documents prepared in the ordinary course of its business and not because of pending or expected litigation. Groom was retained to assist the Committee with respect to its decision of an appeal of a denial of a benefits claim filed by Luce. *See* Engagement Agreement, Memorandum In Support, Exhibit 1. The materials prepared by Groom attorneys (and those provided to the Groom attorneys in the course of assisting the Committee to reach a decision on Luce's benefits claim) are not protected under the reasoning of *Delaney* or *Adlman* from production. Indeed, in *Anderson v. Sotheby's Inc.*, No. 04 civ 8180, 2005 U.S. Dist. LEXIS 9033, *24 (S.D.N.Y. May 13, 2005), cited above,

the Court followed the *Adlman* analysis and required the communications with counsel to be produced.

Finally, Groom's Opposition lends further support to Luce's "speculative assertions" (Opposition at 17) and argument that he is entitled to discovery of documents that contain evidence of the conflicts of interest of the Administrative Committee, which rendered it an interested party. *See* Memorandum in Support at 11-12 (citing *DeFelice v. American Int'l Life Assur. Co.*, 112 F.3d 61, 66 (2d. Cir. 1997); *Pulliam v. Cont'l Cas. Co.*, 29 Emp. Ben. Cas. (BNA) 2704, 2003 U.S. Dist. LEXIS 10010, *7 (D.D.C. Jan. 24, 2003); *Sheehan v. Metropolitan Life Ins. Co.*, No. 01-civ-9182, 2002 U.S. Dist. LEXIS 11789, *11 (S.D.N.Y. June 28, 2002); and *Parker v. Reliance Standard Life Ins. Co.*, 24 Emp. Ben. Cas. (BNA) 2564, 2000 U.S. Dist. LEXIS 784 (S.D.N.Y. 2000). In its Opposition Groom states that the documents at issue were "prepared to assist the Committee in evaluating the legal arguments supporting or undermining the validity of the 2001 amendment to the Qualified Plan, *with an eye to producing a final decision that would certainly be tested in litigation if it was adverse to Luce.*" (Opposition at 16)(emphasis added). The Committee and its counsel did not objectively assess Luce's benefits claim, rather, they issued a legal opinion that upheld the decision and directives of the new Board of Directors and management to refuse to pay Luce's retirement benefit.

Even if the documents were created because of litigation, which they were not, Luce has shown a "reasonable chance" that the requested discovery will satisfy the Rule 26(b)(3) "good cause" exception to the work product doctrine. See *Anderson*

*v. Sotheby's Inc.*, No. 04 civ 8180, 2005 U.S. Dist. LEXIS 9033, *17 (S.D.N.Y. May 13, 2005) (declining to require good cause showing merely to obtain discovery because "[i]f a plaintiff were forced to make a full good cause showing just to obtain discovery, then he would be faced with a vicious circle: To obtain discovery, he would need to make a showing that, in many cases, could be satisfied only with the help of discovery.").  It is essential that this Court grant Luce the requested discovery so that he can pursue his conflict of interest claims.

## CONCLUSION

For the reasons stated, and the arguments of counsel presented at any hearing on this motion, this Court should enter an Order pursuant to its authority under Federal Rule of Civil Procedure 45(c)(2)(B) compelling Groom Law Group to produce all of the documents identified in Luce's Memorandum in Support of the Motion to Compel.

Pursuant to Local Rule 7(f) Luce requests an oral hearing on his Motion.

Date:  July 7, 2006                         Respectfully Submitted,

                                            _____/s/_____
                                            Robert E. Scully, Jr.
                                            REES, BROOME & DIAZ, P.C.
                                            8133 Leesburg Pike, Ninth Floor
                                            Vienna, Virginia 22182
                                            (703) 790-1911
                                            Fax No.  (703) 790-5249
                                            Counsel for James W. Luce
                                            D.C. Bar No. 340828

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing Reply Brief in Support of James W. Luce's Motion to Compel was mailed, postage prepaid to:

> Thomas S. Gigot, Esquire
> Groom Law Group, Chartered
> 1701 Pennsylvania Avenue, N.W.
> Washington, D.C. 20006

this 7th day of July, 2006.

_____/s/_____
Robert E. Scully, Jr.

K:\12\12410\00003\PLDNGS\060705 Reply Brief to Groom Opposition.doc