UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____ )
                                    )
JAMES W. LUCE,                      )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )   Civil Action No. 05-01996
                                    )
ULLICO INC. PENSION PLAN & TRUST,   )
*et al.*                            )
    Defendants.                     )
_____ )

## MEMORANDUM ORDER

Pending before the Court is Plaintiff James W. Luce's [Amended] Motion to Compel Production of Documents from ULLICO Inc. Pension Plan & Trust and the ULLICO Inc. Employee Benefit Plan Administrative Committee ("Motion to Compel")[18] and the Memorandum in support of the Motion to Compel [14]; Defendants ULLICO Inc. Pension Plan and Trust, the ULLICO Inc. Employee Benefit Plan Administration Committee and Marcellus Ducket, Peter Haley, Joseph L. Linehan, James Paul and Mark E. Singleton's (collectively "ULLICO" or "Defendants") Opposition to Plaintiff the Motion to Compel ("Opposition") [17]; Plaintiff James W. Luce's Reply Memorandum in Support of the Motion to Compel ("Reply") [20].[1]

Plaintiff James W. Luce ("Luce" or "Plaintiff") requests that the Court compel ULLICO to

---

[1] Plaintiff James Luce initially filed his motion to compel on May 24, 2006, and it was docketed at [13], along with the May 24, 2006 Memorandum [14], but that initial motion to compel was amended by the instant Motion to Compel [18], dated June 9, 2006.

produce the documents listed on ULLICO's privilege log, which is attached as Memorandum, Exhibit 6 [14]. Defendants assert, *inter alia*, that such documents are attorney-client privileged and/or protected under the work product doctrine. Plaintiff disputes the application of privilege or protection. The Court deferred ruling on the Motion to Compel until Defendants provided a copy of the documents listed on Defendants' privilege log for an *in camera* review. *See* June 29, 2006 Memorandum Order [23]. The Defendants submitted the documents to the court on July 5, 2006.

The Defendants carry the burden of establishing that certain documents are protected under the work product doctrine. Fed. R. Civ. P. Rule 26(b)(3) provides that "the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation." Documents are entitled to protection when they are "prepared or obtained because of the prospect of litigation." *EEOC v. Lutheran Social Services,* 186 F.3d 959, 968 (D.D.C. 1999)(quoting *Senate of Puerto Rico v. Department of Justice,* 823 F.2d 574, 586 n.42 (D.D.C. 1987)). "The burden is on [the Defendants] however, to demonstrate that the information and documents were in fact prepared in anticipation of such litigation and not for the benefit of the plan beneficiaries." *M.A. Everett v. USAIR Group, Inc.,* 165 F.R.D. 1, 5 (D.C.Cir. 1995)(quoting *Koch v. Exide Corp.*, 1989 WL 49515, 49520 (E.D.Pa. 1989)). Documents that are used for the administration of the pension plan and would have been prepared regardless of impending litigation are not protected as work product. *In re Royal Ahold N.V. Securities & ERISA Litigation,* 230 F.R.D. 433, 435 (D.Md. 2005).

The Defendants also bear the burden of demonstrating with sufficient certainty that the documents are protected under attorney client privilege. *Alexander v. F.B.I.*, 192 F.R.D. 42,45 (D.D.C. 2000)(citing *Alexander v. F.B.I.*, 186 F.R.D. 102,111 (D.D.C. 1998)). The right to assert

attorney client privilege applies only when the "the asserted holder of the privilege is or sought to become a client." *In re Sealed Case,* 737 F. 2d 94, 98-99 (D.C. Cir. 1984); *Washington-Baltimore Newspaper Guild, Local 35 v. Washington Star Company*, 543 F. Supp. 906, 908 (D.D.C. 1982). In *Washington-Baltimore Newspaper Guild, Local 35 v. Washington Star Co.,* the court held that "when an attorney advises a fiduciary about a matter dealing with the administration of an employees' benefit plan, the attorney's actual client," are the trust's beneficiaries. 543 F.Supp. at 909 (citing *In Riggs National Bank of Washington D.C. v. Zimmer,* 355 A.2d 709 (Del.Ch. 1976)). Accordingly, the so called fiduciary exception is not an exception to the attorney client privilege, but rather reflects that all plan administration advice, including legal advice, provided to the pension plan's administrators or from the plan's attorneys must be rendered, upon request, to the plan beneficiaries. *Id*.

However, the fiduciary exception does not encompass information or documents concerning the formation, amendment, or termination of a plan. *E.g. Hughes Aircraft Co. v. Jacobson,* 525 U.S. 432, 445 (1999)("ERISA's fiduciary duty requirement simply is not implicated where [an employer], acting as the Plan's settlor, makes a decision regarding the form or structure of the Plan such as who is entitled to receive plan benefits and in what amounts, or how such benefits are calculated.")*; Lockheed Corp. v. Spink,* 517 U.S. 882, 890 (1996)("When employers undertake [to amend a plan], they do not act as fiduciaries."); *M.A. Everett v. USAIR Group, Inc.,* 165 F.R.D. 1, 4 (D.D.C. 1995) (fiduciary exception does not apply to communications about "an employer's decision to form, amend or terminate a plan."). An employer, [as plan administrator], may perform both fiduciary functions and non-fiduciary functions. *Long Island Lighting Co. v. Long Island Lighting Co.,* 129 F.3d 268, 271 (2d. Cir. 1997). "Thus, when an employer seeks

legal counsel solely in its role as employer regarding issues other than plan administration, the employer (not the beneficiaries) is the client and may legitimately assert the attorney-client privilege." *M.A. Everett v. USAIR Group, Inc.*, 165 F.R.D at 4. An employer may not assert the privilege by retaining the same counsel, as that used by the plan. *Washington-Baltimore Newspaper Guild*, 543 F.Supp. at 910. This tactic will only protect select communications between counsel and the employer that is non-fiduciary.

Upon review of the *in camera* documents, the Court considered whether the contents of each document should be withheld from discovery under work product doctrine or attorney-client privilege, and if such documents were attorney-client privileged, whether the fiduciary exception applied. The Defendants did not meet their burden of showing that certain documents should be protected or privileged and therefore must disclose these documents to the Plaintiffs. The ruling for each document is listed on Appendix A of this Memorandum Order. Accordingly, it is this 18th day of July, 2006

ORDERED that the Plaintiff's [Amended] Motion to Compel [18] is granted in part and denied in part. The Defendants will provide the Plaintiff with the documents, as indicated in the Court's Privilege Rulings, attached as Appendix A, on or before five days from the date of entry of this Order.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

## APPENDIX A
### *LUCE v. ULLICO INC. PENSION PLAN & TRUST, et al.*

**Privilege Rulings on documents submitted by ULLICO**

| Document Identification | Document Description | Court's Ruling |
|---|---|---|
| A | Draft letter re: James W. Luce Appeal to the Employee Benefit Plans Committee as Plan Administrator for the ULLICO Inc. Pension Plan and Trust | Drafts of letters are protected under the work product doctrine. Final letter must be produced if not already done. |
| B | Handwritten notes of P. Haley containing advice of counsel Jim Cole and Gary Ford, including attorney mental [impressions] | Protected as work product. |
| C | Handwritten notes of P. Haley reflecting communications with Tony Trenga and Damon Silvers, including attorney mental impressions | The Defendants do not need to produce the original version. The redacted version is satisfactory. |
| D | Email exchange regarding Luce's counsel's objections to documents production in regards to redacted portions containing legal advice and attorney mental | Attorney-Client Privileged. |
| E | Communications from counsel re: James Luce Appeal | Attorney-Client Privileged. |
| F | Communication from counsel re: Letters to Georgine and Luce | Attorney-Client Privileged. |
| G | Communications from counsel concerning the completion of the EBPAC Report on Luce's Benefits Appeal | This document is not privileged and must be provided to the Plaintiff. |
| H | Email exchange regarding communications with J. Luce containing legal advice and reflecting attorney mental impressions | Attorney-Client Privileged. |
| I | Communications from counsel re: documents related to Luce benefits appeal reflecting attorney mental impressions | This document is not privileged or protected and must be provided to the Plaintiff. |
| J | Email from counsel re: Draft of Luce Benefits Appeal Decision reflecting attorney mental impressions and attached draft letter | Drafts of letters are protected under the work product doctrine. |
| K | Memo reflecting communication from counsel re: James Luce Appeal reflecting attorney mental impressions | The Defendants do not need to produce the original version. The redacted version is satisfactory. |