UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES W. LUCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-01996 |
| | ) | |
| ULLICO INC. PENSION PLAN & TRUST, | ) | |
| *et al.* | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff James W. Luce's [Amended] Motion to Compel Production of Documents from Groom Law Group, Chartered ("Motion to Compel")[19] and the Memorandum in support of the Motion to Compel ("Memorandum") [16]; Groom Law Group, Chartered's opposition to the Motion to Compel ("Opposition") [24]; and Plaintiff James W. Luce's reply in support of the Motion to Compel ("Reply") [25].[1]

Plaintiff James W. Luce ("Luce" or "Plaintiff") requests that the Court compel Groom Law Group, Chartered ("Groom") to produce the documents listed on Groom's privilege log, which is attached as Memorandum, Exhibit 4 [16]. Groom asserts that such documents are attorney-client privileged and/or protected under the work product doctrine. Plaintiff disputes the application of privilege or protection. The Court deferred ruling on the Motion to Compel until Groom provided

---

[1] Plaintiff James Luce initially filed his motion to compel on June 8, 2006, and it was docketed at [15], along with the June 8, 2006 Memorandum [16], but that initial motion to compel was amended by the instant Motion to Compel [19], dated June 9, 2006.

-1-

a copy of the documents listed on Groom's privilege log for an *in camera* review. *See* July 14, 2006 Memorandum Order [26]. Groom submitted the documents to the court on July 27, 2006. The documents were accompanied by the privilege log claiming both attorney client privilege and work product protection for every single document, a brief cover letter, and a chart indicating where portions of some of the documents being withheld had been produced. Notably, Groom did not submit any additional information to establish that any such documents are privileged and/or protected although it is Groom's burden to establish the applicability of work product protection and attorney client privilege, nor did Groom note on its privilege log when duplicate copies of the same document were being withheld, by cross-referencing such documents.

Fed. R. Civ. P. Rule 26(b)(3) provides that "the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation." Documents are entitled to protection when they are "prepared or obtained because of the prospect of litigation." *EEOC v. Lutheran Social Services,* 186 F.3d 959, 968 (D.C. Cir. 1999)(quoting *Senate of Puerto Rico v. Department of Justice,* 823 F.2d 574, 586 n.42 (D.D.C. 1987)). In an action brought by an ERISA [Employee Retirement Income Security Act] benefit plan beneficiary, this Court held that the party asserting the protection must "demonstrate that the information and documents were in fact prepared in anticipation of such litigation and not for the benefit of the plan beneficiaries." *Everett v. USAIR Group, Inc.,* 165 F.R.D. 1, 5 (D.D.C. 1995) (quoting *Koch v. Exide Corp.*, 1989 WL 49515, 49520 (E.D.Pa. 1989)). Documents that are used for the administration of the pension plan and would have been prepared regardless of impending litigation are not protected as work product. *In re Royal Ahold N.V. Securities & ERISA Litigation,* 230 F.R.D. 433, 435 (D.Md. 2005).

Similarly, the party asserting attorney client privilege also bears the burden of demonstrating with sufficient certainty that the documents are protected under such privilege. *Alexander v. F.B.I.*, 192 F.R.D. 42, 45 (D.D.C. 2000)(citing *Alexander v. F.B.I.*, 186 F.R.D. 102, 111 (D.D.C. 1998)). The right to assert attorney client privilege applies only when the "the asserted holder of the privilege is or sought to become a client." *In re Sealed Case,* 737 F. 2d 94, 98-99 (D.C. Cir. 1984); *Washington-Baltimore Newspaper Guild, Local 35 v. Washington Star Company*, 543 F. Supp. 906, 908 (D.D.C. 1982). In *Washington-Baltimore Newspaper* Guild, this Court held that "[w]hen an attorney advises a fiduciary about a matter dealing with the administration of an employees' benefit plan, the attorney's client is not the fiduciary personally but, rather, the trust's beneficiaries." 543 F.Supp. at 909. Accordingly, a trustee may not "subordinate the fiduciary obligation owed to the beneficiaries to their own private interests under the guise of attorney-client privilege." *Id*.

However, the fiduciary exception does not encompass information or documents concerning the formation, amendment, or termination of a plan. *See, e.g. Hughes Aircraft Co. v. Jacobson,* 525 U.S. 432, 445 (1999)("ERISA's fiduciary duty requirement simply is not implicated where [an employer], acting as the Plan's settlor, makes a decision regarding the form or structure of the Plan such as who is entitled to receive plan benefits and in what amounts, or how such benefits are calculated.")*; Lockheed Corp. v. Spink,* 517 U.S. 882, 890 (1996)("When employers undertake [to amend a plan], they do not act as fiduciaries."); *Everett v. USAIR Group, Inc.*, 165 F.R.D. at 4 (fiduciary exception does not apply to communications about "an employer's decision to form, amend or terminate a plan.").

An employer, [as plan administrator], may perform both fiduciary functions and non-

fiduciary functions. *In re Long Island Lighting Co.,* 129 F.3d 268, 271 (2d. Cir. 1997). "Thus, when an employer seeks legal counsel solely in its role as employer regarding issues other than plan administration, the employer (not the beneficiaries) is the client and may legitimately assert the attorney-client privilege." *Everett v. USAIR Group, Inc.*, 165 F.R.D at 4. An employer may not assert the privilege by retaining the same counsel as that used by the plan but this tactic will only protect select communications between counsel and the employer that are non-fiduciary. *Washington-Baltimore Newspaper Guild*, 543 F.Supp. at 910.

Upon review of the *in camera* documents in this case, the Court considered whether the contents of each document should be withheld from discovery under work product doctrine or attorney-client privilege, and if such documents were attorney-client privileged, whether the fiduciary exception applied. The Defendants did not meet their burden of showing that certain documents should be protected or privileged and therefore must disclose these documents to the Plaintiffs. The ruling on each document is listed on Appendix A of this Memorandum Order. Accordingly, it is this 30th day of August, 2006

ORDERED that the Plaintiff's [Amended] Motion to Compel [19] is granted in part and denied in part. Groom Law Group, Chartered will provide the Plaintiff with the documents, as indicated in the Court's Privilege Rulings, attached as Appendix A, on or before five days from the date of entry of this Order.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

# APPENDIX A
## *LUCE v. ULLICO INC. PENSION PLAN & TRUST, et al.*

**Privilege Rulings on documents submitted by Groom Law Group, Chartered**

| Document Identification | Bates Range | Court's Ruling |
|---|---|---|
| 1 | AC01919- AC01960 | Drafts of letters are protected and/or privileged. Final letter shall be produced, if not already done. |
| 2 | AC02236-AC02255 | This document must be provided to Plaintiff. |
| 3 | AC02441-AC02444 | AC02443-AC02444 already produced; AC02441-AC02442 must be provided to Plaintiff. |
| 4-5 | AC02445-AC02447; AC02448-AC02455 | Drafts need not be produced. |
| 6 | AC02456-AC02460 | This document must be provided to Plaintiff. |
| 7 | AC02461-AC02479 | AC02462-AC02469 already produced; AC02461 and AC02470-AC02479 must be provided to Plaintiff. |
| 8-22 | AC02480-AC02555 | These documents are privileged and/or protected. |
| 23 | AC02556-AC03958 | These documents must be produced although counsel may redact any handwritten notes and underlining. Copies of case law may either be produced or citations made available. |
| 24-29 | AC03959-AC03988 | These documents are not privileged or protected and must be provided to the Plaintiff. |
| 30 | AC03989-AC03993 | Drafts need not be produced. |
| 31-33 | AC033994-AC03996 | These documents are protected and/or privileged. |
| 34-38 | AC03997-AC04021 | These documents are not privileged or protected and must be provided to Plaintiff. |

| | | |
|---|---|---|
| 39 | AC04022-AC04027 | Privileged and/or protected. |
| 40-43 | AC04028-AC04053 | These documents must be produced to Plaintiff. AC04031-AC04052 have already been produced. |
| 44-45 | AC04054-AC04055 | Work Product. |
| 46-49 | AC4056-AC4344 | AC04057-AC04197 and AC04200-AC04340 already produced; remaining portions of these documents need to be produced. |
| 50 | AC04345-AC04462 | AC04347-AC04462 already produced; need to produce AC04345-04346 |
| 51-55 | AC04463- AC4470 | Not privileged or protected; need to be produced. |
| 56 | AC04471-AC04540 | AC04472-AC04540 already produced; AC04471is work product. |
| 57-58 | AC04541-AC04542 | Not privileged or protected; need to be produced. |
| 59-64 | AC04543-AC04573 | These documents are privileged and/or protected and need not be produced. |
| 65 | AC04574 | This document needs to be produced. |
| 66 | AC04575-AC94583 | Draft need not be produced. |
| 67-75 | AC04584- AC04673 | AC04586-AC04604, AC04607-AC04625, and AC04628-AC04646 have already been produced; the remaining portions of these documents need to be produced. |
| 76-77 | AC04674-AC04675 | Privileged and/or protected. |
| 78-79 | AC04676-AC04679 | Drafts need not be produced. |
| 80 | AC04680 | Privileged and/or protected. |
| 81 | AC04681 | Not privileged or protected; needs to be produced. |

| | | |
|---|---|---|
| 82 | AC04682 | Privileged and/or protected. |
| 83-84 | AC04683-AC04684 | These documents need to be produced. |
| 85 | AC04585-AC04690 | Work Product |
| 86 | AC04691-AC04694 | Drafts need not be produced. |
| 87 | AC04695-AC04698 | Work Product |
| 88-91 | AC04699-AC04808 | Drafts need not be produced. |
| 92-94 | AC04809-AC4811 | Privileged and/or protected. |
| 95-96 | AC04812-AC04867 | Drafts need not be produced. |
| 97-100 | AC04868-AC04874 | Privileged and/or protected. |
| 101 | AC04875 | Needs to be produced. |
| 102-103 | AC04876-AC04904 | Drafts need not be produced. |
| 104 | AC04905 | Not privileged or protected. |
| 105-106 | AC04906-AC04907 | Privileged and/or protected. |
| 107 | AC04908-AC04935 | Draft need not be produced. |
| 108 | AC04936 | Privileged and/or protected. |
| 109 | AC04937-AC04952 | Draft need not be produced. |
| 110-125 | AC04953-AC05054 | These documents are privileged and/or protected, except for AC04962-AC04977 and AC04980-AC04995, which have already been produced. |
| 126-128 | AC05055-AC05057 | These documents need to be produced. |
| 129-131 | AC05058-AC05060 | Not privileged or protected. |
| 132 | AC05061-AC05062 | Drafts need not be produced. |
| 133 | AC05063 | Privileged and/or protected. |
| 134 | AC05064 | Not privileged or protected. |
| 135-142 | AC05065-AC05093 | These documents are privileged and/or protected and need not be produced. |
| 143-147 | AC05094-AC05098 | These documents need to be produced. |

| | | |
|---|---|---|
| 148-158 | AC05099-AC05174 | These documents are privileged and/or protected, with the exception of AC05157-AC05161, AC05163-AC05167, and AC05169-AC05173, which have already been produced. |
| 159-162 | AC5175-AC05178 | These documents need to be produced. |
| 163-172 | AC05179-AC05236 | These documents are privileged and/or protected, with the exception of AC05181-AC05185 and AC05187-AC05191, which have already been produced. |
| 173-174 | AC05296-05318 | Not privileged or protected, document no. 174 is not noted to be a draft. |
| 175 | AC5319-AC05321 | Draft need not be produced. |
| 176 | AC05322-AC05323 | Needs to be produced, not noted to be a draft. |
| 177 | AC05324 | Privileged and/or protected. |
| 178 | AC05325 | Not privileged or protected. |
| 179-180 | AC05326-AC05361 | These documents may be withheld. |
| 181-186 | AC05362-AC05513 | Drafts need not be produced. |
| 187 | AC05514-AC05528 | This document is not noted to be a draft and should be produced. |
| 188-191 | AC05529-AC05589 | Drafts need not be produced. |
| 192 | AC05590-AC05604 | Not privileged or protected; not noted to be a draft. |
| 193-195 | AC05605-AC 05685 | Drafts need not be produced. |
| 196 | AC05686-AC-5695 | Not privileged or protected. |
| 197-200 | AC05736-AC05748 | Privileged and/or protected. |
| 201-202 | SAH Legal Research Notes Volumes 1 and 2 | Work Product |